**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**IN ADMIRALTY**

| | |
|---|---|
| CLEAR SPRING PROPERTY AND CASUALTY COMPANY ) ) ) Plaintiff, ) ) v. ) ) WELLO AND MOM, LLC ) ) Defendant. ) ) | Case. No. |

**PLAINTIFF CLEAR SPRING PROPERTY AND CASUALTY COMPANY'S COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW the Plaintiff, CLEAR SPRING PROPERTY AND CASUALTY COMPANY, by and through its undersigned counsel, pursuant to 28 U.S.C. §2201, Rule 9(h) of the Federal Rules of Civil Procedure, and Rule A(4) of the Admiralty and Maritime Rules of the United States District Court for the Southern District of Florida, and for its Amended Complaint for Declaratory Judgment would respectfully state as follows:

**PARTIES, JURISDICTION, and VENUE**

1. This is an action for declaratory relief pursuant to Title 28 of the United States Code, sec. 2201 et seq, in that a present controversy exists between the parties hereto in which the Plaintiff asks this Court to adjudicate and determine the rights of the parties to a contract of marine insurance which is in dispute.

2. Venue lies within the Southern District of Florida as this cause arises out of a policy of marine insurance delivered by Plaintiff to the Assured named therein, the Defendant, WELLO AND MOM, LLC, alleged to be located at 4748 NW 167th Ave, Miami, FL 33014.

1

3. This is an admiralty and maritime cause within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and this Court has subject-matter jurisdiction pursuant to Title 28 of the United States Code, §1333.

4. Plaintiff, CLEAR SPRING PROPERTY AND CASUALTY COMPANY, (hereinafter "CLEAR SPRING") is a corporation organized and existing under the laws of the State of Texas, with its office and principal place of business located in the State of Illinois.

5. Upon information and belief, the Defendant WELLO AND MOM, LLC (hereinafter "WELLO AND MOM" or "the Insured") is a limited liability company incorporated in the State of Florida and with its office, principal place of business, and registered agent for service of process in the State of Florida.

## FACTUAL ALLEGATIONS

6. On or about July 27, 2021, WELLO AND MOM submitted to CLEAR SPRING, via Defendant's agent, a renewal questionnaire for a policy of marine insurance. Such a submission was a routine aspect of the Plaintiff's procedure for considering whether to agree to provide insurance coverage.

7. A true and correct copy of the said renewal questionnaire, submitted to Plaintiff by and on behalf of the Defendant by its agent is attached hereto as Exhibit 2.[1]

8. Plaintiff agreed to issue its Policy No. CSRYP/204845, affording two hundred thirty thousand eight hundred seventy-one dollars ($230,871.00) in first-party property damage coverage for the vessel named "Lolotte" (hereinafter "the Vessel") against the risks detailed therein, based upon the representations set forth in, and the material information

---

[1] The Civil Cover Sheet is attached hereto as Exhibit 1.

disclosed in, the renewal questionnaire. A true and correct copy of Policy No. CSRYP/204845 (hereinafter "the Policy") is attached hereto as Exhibit 3.

9. On or about September 27, 2021, during the period of coverage afforded under the Policy, the Vessel suffered a partial sinking.

10. Upon receipt of the first notice of the September 27, 2021 incident described herein, CLEAR SPRING caused an investigation to be made into the facts and circumstances surrounding the said incident.

11. The said investigation established that the partial sinking of the Vessel was not caused by a fortuitous event and was not an event for which Plaintiff's policy of marine insurance would afford any coverage.

12. The said investigation established that the partial sinking of the Vessel was caused by wear and tear, gradual deterioration, and/or lack of maintenance.

13. The said investigation established that the partial sinking of the Vessel was not caused by an accidental external event.

14. The said investigation established that the Vessel was unseaworthy prior to the inception of the Policy and at the time of the partial sinking.

15. The said investigation established that, when the Renewal Questionnaire was submitted, and prior to the inception of the Policy, WELLO AND MOM failed to disclose facts which would have been material to the judgment of the underwriter who made the decision to issue the Policy.

16. Notwithstanding the facts established by CLEAR SPRING's said investigation, WELLO AND MOM has made a claim against the Plaintiff under the terms of the Policy demanding payment for the damage suffered when the Vessel suffered a partial sinking.

## **FIRST CAUSE OF ACTION**
## **(Lack of Fortuity, Policy No. CSRYP/204845)**

17. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 6 through 16 as if set forth fully herein.

18. Plaintiff's Policy No. CSRYP/204845 states, in pertinent part:

<u>3. Coverage A, Hull, Machinery, Equipment and Dinghy</u>

If a sum insured is shown for Section "A" of the insuring agreement declarations page, we provide coverage for accidental physical loss of, or damage to the Scheduled Vessel which occurs during the period of this insuring agreement and within the limits set out in the insuring agreement declarations page, subject to the insuring agreement provisions, conditions, warranties, deductibles and exclusions.

19. Plaintiff's Policy No. CSRYP/204845 states, in pertinent part:

11. Service Of Suit, Choice Of Law And Forum

It is hereby agreed that any dispute arising hereunder shall be adjudicated according to well established, entrenched principles and precedents of substantive United States Federal Admiralty law and practice but where no such well established, entrenched precedent exists, this insuring agreement is subject to the substantive laws of the State of New York.

20. The incident in which the Vessel suffered a partial sinking September 27, 2021 does not constitute an accidental physical loss for which coverage would be afforded under the express terms and provisions of the Policy.

21. Notwithstanding the lack of any coverage under the Policy, WELLO AND MOM has made demand upon CLEAR SPRING for payment of an amount equal to the full insured value of the vessel insured under the said terms of the said policy of marine insurance.

22. As a result of the aforesaid lack of coverage under the terms of the terms of the policy attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. CSRYP/204845. Until such time as the Plaintiff is able to have its rights and responsibilities under the marine

insurance policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

23. As a result of the Defendant's demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policies of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

## SECOND CAUSE OF ACTION
### (Exclusion for Wear and Tear, etc., Policy No. CSRYP/204845)

24. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 6 through 16 as if set forth fully herein.

25. Plaintiff's Policy No. CSRYP/204845 states, in pertinent part:

Exclusions to Coverage A

Unless specifically agreed by us in writing and additional premium charged the following losses and/or damages (whether incurred directly or indirectly) are not covered by this insuring agreement:

******

b) Losses due to wear and tear, gradual deterioration, lack of maintenance, inherent vice, weathering, insects, mould, animal and marine life.

26. Plaintiff's Policy No. CSRYP/204845 states, in pertinent part:

11. Service Of Suit, Choice Of Law And Forum

It is hereby agreed that any dispute arising hereunder shall be adjudicated according to well established, entrenched principles and precedents of substantive United States Federal Admiralty law and practice but where no such well established, entrenched precedent exists, this insuring agreement is subject to the substantive laws of the State of New York.

27. The incident in which the Defendant's vessel sustained damage on September 27, 2021 was due to wear and tear, gradual deterioration, lack of maintenance, etc., for which coverage is excluded under the express terms and provisions of Plaintiff's policy of marine insurance.

28. Notwithstanding the lack of any coverage under Plaintiff's policy of marine insurance, Defendant has made demand upon Plaintiff for payment of an amount equal to the full insured value of the vessel insured under the said terms of the said policy of marine insurance.

29. As a result of the aforesaid lack of coverage under the terms of the terms of the policy attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. CSRYP/204845. Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

30. As a result of the Defendant's demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policy of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

**THIRD CAUSE OF ACTION**
**(Exclusion for Damage to Engines, Etc., Policy No. CSRYP/204845)**

31. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 6 through 16 as if set forth fully herein.

32. Plaintiff's Policy No. CSRYP/204845 states, in pertinent part:

Exclusions to Coverage A

Unless specifically agreed by us in writing and additional premium charged the following losses and/or damages (whether incurred directly or indirectly) are not covered by this insuring agreement:

******

r) Damage to the Scheduled Vessel's engines, mechanical and electrical parts, unless caused by an accidental external event such as a collision, impact with a fixed or floating object, grounding, stranding, ingestion of a foreign object, lightning strike or fire.

33. Plaintiff's Policy No. CSRYP/204845 states, in pertinent part:

    11. Service Of Suit, Choice Of Law And Forum

    It is hereby agreed that any dispute arising hereunder shall be adjudicated according to well established, entrenched principles and precedents of substantive United States Federal Admiralty law and practice but where no such well established, entrenched precedent exists, this insuring agreement is subject to the substantive laws of the State of New York.

34. The damage to the Vessel's engines, mechanical parts, and electrical parts suffered on September 27, 2021 was not caused by an accidental external event such as a collision, impact with a fixed or floating object, grounding, stranding, ingestion of a foreign object, lightning strike or fire.

35. Notwithstanding the lack of any coverage under Plaintiff's policy of marine insurance, Defendant has made demand upon Plaintiff for payment of an amount equal to the full insured value of the vessel insured under the said terms of the said policy of marine insurance.

36. As a result of the aforesaid lack of coverage under the terms of the terms of the policy attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. CSRYP/204845. Until such time as the Plaintiff is able to have its rights and responsibilities under the marine

insurance policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

37. As a result of the Defendant's demand for payment under the terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policy of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

## FOURTH CAUSE OF ACTION
### (Unseaworthiness, Policy No. CSRYP/204845)

38. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 6 through 16 as if set forth fully herein.

39. Plaintiff's Policy No. CSRYP/204845 states, in pertinent part:

    9. General Conditions & Warranties
    …

    b. It is warranted that the Scheduled Vessel is seaworthy at all times during the duration of this insuring agreement. Breach of this warranty will void this insuring agreement from its inception.

40. Plaintiff's Policy No. CSRYP/204845 states, in pertinent part:

    11. Service Of Suit, Choice Of Law And Forum

    It is hereby agreed that any dispute arising hereunder shall be adjudicated according to well established, entrenched principles and precedents of substantive United States Federal Admiralty law and practice but where no such well established, entrenched precedent exists, this insuring agreement is subject to the substantive laws of the State of New York.

41. The Vessel was unseaworthy at the inception of the Policy.

42. The Vessel was unseaworthy at the time of the partial sinking on September 27, 2021.

8

43. Notwithstanding the lack of any coverage under Plaintiff's policy of marine insurance, Defendant has made demand upon Plaintiff for payment of an amount equal to the full insured value of the vessel insured under the said terms of the said policy of marine insurance.

44. As a result of the aforesaid lack of coverage under the terms of the terms of the policy attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. CSRYP/204845. Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

45. As a result of the Defendant's demand for payment under the terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policy of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

## FIFTH CAUSE OF ACTION
### (*Uberrimae Fidei*, Policy No. CSRYP/204845)

46. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 6 through 16 as if set forth fully herein.

47. Plaintiff's Policy No. CSRYP/204845 states, in pertinent part:

    9. General Conditions & Warranties
    …

    m. This contract is null and void in the event of non-disclosure or misrepresentation of a fact or circumstances material to our acceptance or continuance of this insurance.  No action or inaction by us shall be deemed a waiver of this provision.

48. Plaintiff's Policy No. CSRYP/204845 states, in pertinent part:

    11. Service Of Suit, Choice Of Law And Forum

    It is hereby agreed that any dispute arising hereunder shall be adjudicated according to well established, entrenched principles and precedents of substantive United States Federal Admiralty law and practice but where no such well established, entrenched precedent exists, this insuring agreement is subject to the substantive laws of the State of New York.

49. WELLO AND MOM misrepresented and/or failed to disclose material facts at the time that it submitted the Renewal Questionnaire and prior to the issuance of the Policy.

50. WELLO AND MOM failed to disclose the 2016 loss in which the Vessel suffered approximately $20,000.00 in damage.

51. WELLO AND MOM's misrepresentation of and/or failure to disclose material facts constitutes a breach of the federal admiralty law duty of *uberrimae fidei* ("utmost good faith") and renders the Policy void *ab initio*.

52. Notwithstanding the lack of any coverage under Plaintiff's policy of marine insurance, Defendant has made demand upon Plaintiff for payment of an amount equal to the full insured value of the vessel insured under the said terms of the said policy of marine insurance.

53. As a result of the aforesaid lack of coverage under the terms of the terms of the policy attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. CSRYP/204845. Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

54. As a result of the Defendant's demand for payment under the terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policy of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

## SIXTH CAUSE OF ACTION
### (Breach of Fire Extinguisher Warranty, Policy No. CSRYP/204845)

55. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 6 through 16 as if set forth fully herein.

56. Plaintiff's Policy No. CSRYP/204845 states, in pertinent part:

    9. General Conditions & Warranties
    …

    k. If the Scheduled Vessel is fitted with fire extinguishing equipment, then it is warranted that such equipment is properly installed and is maintained in good working order. This includes the weighing of tanks once a year, certification/tagging and recharging as necessary.

57. Plaintiff's Policy No. CSRYP/204845 states, in pertinent part:

    11. Service Of Suit, Choice Of Law And Forum

    It is hereby agreed that any dispute arising hereunder shall be adjudicated according to well established, entrenched principles and precedents of substantive United States Federal Admiralty law and practice but where no such well established, entrenched precedent exists, this insuring agreement is subject to the substantive laws of the State of New York.

58. At the time of the partial sinking on September 27, 2021, the Vessel's fire extinguishers and fire suppression system had last been inspected and certified in March 2019.

59. At the time of the partial sinking on September 27, 2021, the inspection and certification tags on the Vessel's fire extinguishers and fire suppression system had been expired since March 2020.

11

60. WELLO AND MOM's breach of the Policy's Fire Extinguisher Warranty renders the Policy void from its inception under federal admiralty law and the express terms of the Policy.

61. Notwithstanding the lack of any coverage under Plaintiff's policy of marine insurance, Defendant has made demand upon Plaintiff for payment of an amount equal to the full insured value of the vessel insured under the said terms of the said policy of marine insurance.

62. As a result of the aforesaid lack of coverage under the terms of the terms of the policy attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. CSRYP/204845. Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

63. As a result of the Defendant's demand for payment under the terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policy of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

WHEREFORE, Plaintiff demands judgment from the Court:

(A) Declaring that Plaintiff's Policy No. CSRYP/204845 does not afford coverage to the Defendant for the partial sinking of September 27, 2021;

(B) Declaring that neither the incident of nor the damage resulting from the incident of September 27, 2021 constitute an accidental physical loss;

(C) Declaring that the incident of September 27, 2021 was not caused by an accidental external event;

(D) Declaring that the incident of September 27, 2021 was caused by wear and tear, gradual deterioration, and/or lack of maintenance;

(E) Declaring that coverage for the incident of September 27, 2021 is excluded under the terms of clear and unambiguous exclusions set forth in Plaintiff's Policy No. CSRYP/204845;

(F) Declaring that the Vessel was unseaworthy at the inception of Policy No. CSRYP/204845, unseaworthy at the time of the partial sinking on September 27, 2021, and that the Vessel's unseaworthy condition caused the partial sinking on September 27, 2021.

(G) Declaring that Policy No. CSRYP/204845 is void from its inception due to the Insured's misrepresentation of material facts in the Renewal Questionnaire;

(E) Any and all such other and further relief as the Court may deem proper and appropriate in the premises.

Dated: December 2, 2021

    Fort Lauderdale, Florida
    GOLDMAN & HELLMAN
    Attorneys for Defendant
    8751 W. Broward Boulevard
    Suite 404
    Fort Lauderdale, Florida 33324
    Tel (954) 356-0460
    Fax (954) 832-0878

    By: /s/ Steven E. Goldman
    STEVEN E. GOLDMAN, ESQ.
    FLA. BAR NO. 345210

<u>CERTIFICATE OF SERVICE</u>

  I HEREBY CERTIFY that on December 2, 2021 a true and correct copy of the foregoing, along with a summons and request for waiver of service of process, is being served on the following Defendants by United States First Class Mail:

WELLO AND MOM, LLC
4748 NW 167th Ave.
Miami, FL 33014

Respectfully submitted December 2, 2021.

                GOLDMAN & HELLMAN
                Attorneys for Defendant
                8751 W. Broward Boulevard
                Suite 404
                Fort Lauderdale, Florida 33324
                Tel (954) 356-0460
                Fax (954) 832-0878

                By: /s/ Steven E. Goldman
                STEVEN E. GOLDMAN, ESQ.
                FLA. BAR NO. 345210