UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
IN ADMIRALTY

CLEAR SPRING PROPERTY AND
CASUALTY COMPANY,

    Plaintiff,

vs.

                                                                                    Case No. 1:21-cv-24234-RKA

WELLO AND MOM, LLC,

    Defendant.

_____/

**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**

    COMES NOW the Plaintiff, CLEAR SPRING PROPERTY AND CASUALTY COMPANY, by and through its undersigned counsel, pursuant to Federal Rules of Civil Procedure 12, as well Local Rule 7.1 of the United States District Court for the Southern District of Florida, and for its Memorandum of Law in Opposition to Defendant WELLO AND MOM, LLC's Motion to Dismiss, respectfully states as follows:

**Introduction**

    The first absolutely dispositive point to note is a fact which has been deliberately omitted from the motion to dismiss filed by Defendant WELLO AND MOM, LLC (hereinafter, "WELLO AND MOM"): the disputed policy of marine insurance (hereinafter "the Policy") contains a valid and enforceable forum selection clause which absolutely requires that any dispute over coverage must be litigated in the "Federal District court within which you the Assured resides or the Federal District court within which [the Assured's] insurance agent resides." ECF no. 1-3, p. 16. No matter what other action may be pending, and no matter how much WELLO AND MOM may

1

prefer to litigate in the Florida state court, the valid and enforceable choice of law clause requires that the coverage dispute between the parties must remain in this Court.

Second, WELLO AND MOM is attempting to mislead this Court as to what constitutes an "underlying action" under federal law. None of the cases cited by WELLO AND MOM involved a forum selection clause or a dispute between the parties as to where to litigate coverage under a policy of marine insurance. Rather, in every single case cited by WELLO AND MOM, the "underlying action" was a totally separate tort liability dispute between the insured and a tort liability claimant alleging that the insured was liable for injuring the claimant. In those totally irrelevant and inapplicable circumstances, in which no forum selection clause was ever involved, some federal courts have held that a declaratory judgment action might sometimes be dismissed or stayed pending the outcome of the separate tort liability dispute between the insured and the third-party tort liability claimant. Not one, single case has ever held that a party may annul a forum selection clause in a maritime contract just because that party would prefer to ignore the clause and litigate in a different forum.

### **Enforcement of a Forum Selection Clause Under Federal Admiralty Law**

No matter what else this Court considers, regardless of whatever suit WELLO AND MOM has filed in another court, the absolutely dispositive fact is that the present policy of marine insurance contains a valid and enforceable forum selection clause which absolutely requires that any dispute between CLEAR SPRING and WELLO AND MOM must be litigated in this Court, which is the federal district in which WELLO AND MOM is located and in which WELLO AND MOM's agent is located.[1] It makes no difference whatsoever that WELLO AND MOM may want

---

[1] The Policy states that WELLO AND MOM is located in Miami, FL (Miami-Dade County) and that WELLO AND

2

to litigate in a Florida state court. It makes no difference whatsoever that WELLO AND MOM may have filed a different action in the Florida state court which seeks to resolve the same issue; the coverage afforded under the disputed policy of marine insurance. The only relevant issue is that WELLO AND MOM is absolutely bound by the forum selection clause.

Since the present matter concerns a dispute over a policy of marine insurance, determining which law applies to the enforcement of the Policy's forum selection clause requires starting with the analysis created by the Supreme Court's decision in *Wilburn Boat Co. v. Fireman's Fund Ins. Co.*, 348 U.S. 310; 1955 A.M.C. 467 (1955):

- First, this Court must determine whether the issue in dispute is governed by an entrenched rule of federal admiralty law. If the answer is "yes," then this Court must proceed to apply that entrenched rule of federal admiralty law. "States can no more override such judicial rules validly fashioned than they can override Acts of Congress." *Id*, at 314.

- Second, if the answer is "no," then this Court must consider whether the fashion a new rule of federal admiralty law.

- Third, if this Court declines to fashion a new rule of federal admiralty law, then this Court must proceed to apply state law.

*Wilburn Boat*, at 314.

In 1972, the United States Supreme Court held that, as a matter of federal admiralty law, forum selection clauses in maritime contracts are presumptively valid and enforceable. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10; 1972 A.M.C. 1407 (1972).[2] Therefore, the

---

MOM's agent, Casey Insurance Group, Inc., is located in Planation, FL (Broward County). ECF no. 1-3, p. 1.

[2] The Policy also contains a valid and enforceable choice of law clause that states: "It is hereby agreed that any dispute arising hereunder shall be adjudicated according to well established, entrenched principles and precedents of substantive United States Federal Admiralty law and practice but where no such well established, entrenched precedent exists, this insuring agreement is subject to the substantive laws of the State of New York." ECF no. 1-3, p. 16. This exact choice of law clause has been held valid and enforceable for the past sixteen years by federal district and appellate courts throughout this country. *Great Lakes Reinsurance (UK) PLC v. Durham Auctions Inc.*, 585 F.3d 236, 242; 2010 A.M.C. 185 (5th Cir.2009), *Great Lakes Reinsurance (UK) PLC v. Vasquez*, 341 Fed.Appx. 515 (11th Cir.2009), *AGF Marine Aviation & Transport v. Cassin*, 544 F.3d 255; 2008 A.M.C. 2300 (3d Cir.2008), *Clear Spring Property and Casualty Company v. Matador Sportfishing, LLC*, 2022 WL 884267 (M.D.Pa.2022), *Great Lakes*

3

enforcement of CLEAR SPRING's forum selection clause, and WELLO AND MOM's absurd and bad faith demand that this Court should ignore CLEAR SPRING's forum selection clause, must be governed by federal admiralty law. *Id*.

Under federal admiralty law, a forum selection clause will only be set aside where the challenging party can show that the clause is "unreasonable" under the circumstances. *Fireman's Fund American Ins. Companies v. Puerto Rican Forwarding Co., Inc.*, 492 F.2d 1294, 1296 (2d Cir.1974). This means that WELLO AND MOM must carry the burden of presenting evidence that the forum selection clause that it agreed to was the result of fraud, undue influence, or overweening bargaining power, or that election of the federal forum will cause such inconvenience that WELLO AND MOM is effectively deprived of a day in court. *Id*, at 1297.

WELLO AND MOM's motion has not even bothered to allege such facts. ECF no. 14. There is not a single reference anywhere in WELLO AND MOM's motion to any allegation that CLEAR SPRING is using the Policy's forum selection clause to further some fraud. *Id*. There is not a single reference anywhere in WELLO AND MOM's motion to any allegation that CLEAR SPRING exercised any undue influence over WELLO AND MOM. *Id*. There is not a single reference anywhere in WELLO AND MOM's motion to any allegation that CLEAR SPRING is asserting any overweening bargaining power. There is not a single reference anywhere in WELLO AND MOM's motion to any allegation that disputing coverage in this Court will deprive WELLO

---

*Insurance SE v. Andersson*, 544 F.Supp.3d 196, 202 (D.Mass.2021), *Great Lakes Insurance SE v. Raiders Retreat Realty Co.*, LLC, 521 F.Supp.3d 580, 588 (E.D.Pa.2021), *Joseph v. Great Lakes Reinsurance (UK) PLC*, 2011 WL 1230841 (N.D.Oh.2011), *Great Lakes Reinsurance (UK) v. Rosin*, 757 F.Supp.2d 1244, 1251, 2011 A.M.C. 223 (S.D.Fla.2010), *Great Lakes Reinsurance (UK), PLC v. Sea Cat I, LLC*, 653 F.Supp.2d 1193, 2010 A.M.C. 703 (W.D.Ok.2009), *Great Lakes Reinsurance (UK) PLC v. Dion*, 2010 A.M.C. 338 (S.D.Cal.2009), *Great Lakes Reinsurance (UK) PLC v. S. Marine Concepts, Inc.*, 2009 A.M.C. 1093 (S.D.Tex.2008), *Chiariello v. ING Groep NV*, 2006 AMC 2148 (N.D.Cal.2006).

AND MOM of its day in Court.³

The fact that WELLO AND MOM has not even bothered to allege such facts means that WELLO AND MOM's motion must be denied, and that the Policy's forum selection clause must be enforced under federal admiralty law.

Moreover, when faced with a forum selection clause in a maritime contract which elects the federal forum, even state courts, rightly jealous of their jurisdiction, have recognized that they must apply federal admiralty law to enforce forum selection clauses. _Lejano v. Bandak_, 705 So.2d 158; 1998 A.M.C. 692 (La.1997), _Schlessinger v. Holland America, N.V._, 16 Cal.Rptr.3d 5; 2004 A.M.C. 1877 (Cal.App.4th 2004), _Thomas v. Costa Cruise Lines N.V._, 892 S.W.2d 837 (Tenn.Ct.App.1994).

Naturally, the courts in Florida enforce forum selection clauses, including forum selection clauses in maritime contracts. _Illinois Union Ins. Co. v. Co-Free, Inc._, 128 So.3d 820 (Fla. 1st DCA 2013) (applying Florida law to enforce a forum selection clause in a policy of insurance requiring that suit must be brought in New York), _Leslie v. Carnival Corp._, 22 So.3d 567 (Mem); 2010 A.M.C. 263 (Fla. 3d DCA 2009) (applying _Bremen_, and federal admiralty law, to enforce a forum selection clause in a maritime contract requiring that suit must be brought in the United States District Court for the Southern District of Florida), _Land O'Sun Management Corp. v. Commerce and Industry Ins. Co._, 961 So.2d 1078 (Fla. 1st DCA 2003) (applying Florida law to enforce a forum selection clause in a policy of insurance requiring that suit must be brought in

---

³ In fact, under federal admiralty law and the Policy's choice of law clause, WELLO AND MOM's preference for the Florida state court makes no difference whatsoever to the applicable law. The Florida state court will be equally bound under federal admiralty law to apply the Policy's choice of law clause and the apply substantive federal admiralty law. _Great Lakes Reinsurance (U.K.) PLC v. Branam_, 126 So.3d 297 (Fla. 3d DCA 2013), _Florida Marine Towing, Inc. v. United Nat. Ins. Co._, 686 So.2d 711 (Fla. 3d DCA 1997), _Aetna Ins. Co. v. Dudney_, 595 So.2d 238 (Fla. 4th DCA 1992).

New York), *Norwegian Cruise Line, Ltd. v. Clark*, 841 So.2d 547; 2003 A.M.C. 825 (Fla. 2d DCA 2003) (applying *Bremen*, and federal admiralty law, to enforce a forum selection clause in a maritime contract requiring that suit must be brought in the United States District Court for the Southern District of Florida).

It makes no difference whatsoever that WELLO AND MOM would rather litigate the coverage dispute in Florida state court. The Policy's valid and enforceable forum selection clause requires that this coverage dispute be resolved in this federal court. Instead of attempting to defeat CLEAR SPRING's forum selection clause, the motion filed by WELLO AND MOM is obsessed with convincing this Court that there is an "underlying action" to which this Court should defer. In fact, WELLO AND MOM has not even found a case where a court declined to enforce a forum selection clause in a maritime contract. Instead, WELLO AND MOM has deliberately misled this Court by not mentioning the Policy's forum selection clause. This deficiency in WELLO AND MOM's motion is so glaring that the failure to reference the forum selection clause and the failure to reference *Bremen* can only be deliberate bad faith. On this basis alone, even without considering WELLO AND MOM's other irrelevant arguments, the forum selection clause must be enforced and WELLO AND MOM's motion must be denied.

### This Action is Ripe Because There Is No "Underlying Action"

WELLO AND MOM is misleading this Court in its analysis of what constitutes an "underlying action" in the context of declaratory judgment and an insurance coverage dispute. This issue has absolutely nothing to do with the present situation, in which there is a forum selection clause and the only dispute between the parties is a dispute over which court should adjudicate the exact same coverage dispute. In the present case, there is no "underlying action"

which is different from the present declaratory judgment action. Rather, there are two identical suits, brought in different courts (one of which violates the Policy's forum selection clause), which both seek to determine whether the disputed policy of marine insurance covers the physical damage suffered by WELLO AND MOM's vessel. In CLEAR SPRING's declaratory judgment action, CLEAR SPRING is asking this Court to rule that the disputed policy of marine insurance affords no coverage for the damage suffered by WELLO AND MOM's vessel. ECF no. 1, pp. 12-13. In WELLO AND MOM's state court action, WELLO AND MOM is asking that court to rule that the disputed policy of marine insurance affords coverage for the damage suffered by WELLO AND MOM's vessel. ECF no. 14, p. 18. In the present declaratory judgment, CLEAR SPRING is asking this Court to rule that the disputed policy of marine insurance does not afford coverage for the damage suffered by WELLO AND MOM's vessel. ECF no. 1, p. 12. The caselaw wrongly relied upon by WELLO AND MOM makes clear that WELLO AND MOM's state court action is not an "underlying action." Rather, WELLO AND MOM's state court action is an identical action which seeks to resolve the exact same issue; the coverage afforded by the Policy. The caselaw cited by WELLO AND MOM makes clear that the issue of an "underlying action" is only relevant where there is no forum selection clause and where there is a separate suit being brought by an injured liability claimant against the insured.

In making its motion, WELLO AND MOM is deliberately trying to obfuscate the difference between first-party property damage coverage, such as the coverage which is at stake in the present suit, and third-party liability coverage, which is the type of coverage dealt with in every single case cited or quoted by WELLO AND MOM. In cases involving third-party liability coverage, an insured is sued by a third-party tort claimant who alleges that the insured is

responsible for some harm, such as when there is a collision that harms a passenger. *See cases analyzed infra*. This is the "underlying action." The insured then turns to the insurer for defense and indemnification against the "underlying action," which is tort claimant's lawsuit asserting liability claims. If there is a dispute as to whether the insurer must afford defense and indemnification to the insured in the "underlying action," then the insurer will sometimes file a declaratory judgment action in order to quickly determine its obligations under the policy. In that situation, the "underlying action" is the lawsuit brought by the injured third-party against the insured. In some of those cases, "the [insured's] duty to indemnify [the tort claimant] is dependent upon a final judgment, settlement, or a resolution of the underlying [tort] claims." *Northland Cas. Co. v. HBE Corp.*, 160 F.Supp.2d 1348, 1360 (M.D.Fla.2001). The "underlying action" is never an identical coverage dispute in a different court.

Therefore, in every case where a federal court elected to dismiss or stay a declaratory judgment action in favor of an "underlying action," the federal court was allowing the underlying tort liability dispute to be resolved first, before resolving whether the insurer was obligated to afford coverage for the indemnity owned by the insured to the tort claimant:

- The *Evanston* case arose out of a policy of liability insurance covering a construction company. *Evanston Ins. Co. v. Layne Thomas Builders, Inc.*, 635 F.Supp.2d 348 (D.Del.2009), ECF no. 14, p. 5. When an employee was injured and sued the construction company (the "underlying action"), the construction company sought defense and indemnification from the insurer against the employee's tort action. When the insurer filed a declaratory judgment action to determine its duty to defend and indemnify the insured against the liability claims, the federal court elected to stay any consideration of the insurer's duty to indemnify until after resolution of the "underlying action," which was the dispute as to whether the construction company was liable to the injured employee. Unlike WELLO AND MOM's state court action, the "underlying action" in *Evanston* was not an identical insurance coverage dispute. *Evanston* is totally irrelevant to the present proceedings because it did not involve a marine insurance contract, it did not involve a forum selection clause governed by federal admiralty law, and it did not concern an insured who preferred to ignore the forum selection clause and litigate the coverage dispute in a

different court.  Rather, *Evanston* concerned only an insured who wanted to delay the declaratory judgment action until after the other court determined whether it was liable to the injured employee.  WELLO AND MOM's citation to this case is nothing but a diversion and a bad faith waste of this Court's time.

- The *Northland* case arose out of a policy of liability insurance covering an insured who was accused of employment discrimination.  *Northland*, at 1354.  The tort claimants sued the insured, and the insured sought defense and indemnification from the insurer against the employees' tort action (the "underlying action").  When the insurer filed a declaratory judgment action to determine its duty to defend and indemnify the insured against the liability claims, the federal court held that it could not yet determine whether the dispute policy of insurance afforded coverage for the insured's tort liability to the employees until the "underlying action" found that the insured was liable to the employees.  *Id*, at 1363. Unlike WELLO AND MOM's state court action, the "underlying action" in *Northland* was not an identical insurance coverage dispute.  *Northland* is totally irrelevant to the present proceedings because it did not involve a marine insurance contract, it did not involve a forum selection clause governed by federal admiralty law, and it did not concern an insured who preferred to ignore the forum selection clause and litigate the coverage dispute in a different court.  Rather, *Northland* concerned only an insured who wanted to delay the declaratory judgment action until after the other court determined whether it was liable to the tort claimant.  WELLO AND MOM's citation to this case is nothing but a diversion and a bad faith waste of this Court's time.

- The *IDC Const.* case arose out of a policy of liability insurance covering an insured who was accused of making faulty repairs to a building.  *IDC Const., LLC. v. Admiral Ins. Co.*, 339 F.Supp.2d 1342 (S.D.Fla.2004).  The tort claimants sued the insured, and the insured sought defense and indemnification from the insurer against the tort action brought by the owner of the building (the "underlying action").  When the insurer filed a declaratory judgment action to determine its duty to defend and indemnify the insured against the liability claims, the federal court held that it could not yet determine whether the dispute policy of insurance afforded coverage for the insured's tort liability to the building owner until the "underlying action" found that the insured was liable to the building owner.  *Id*, at 1349.  Unlike WELLO AND MOM's state court action, the "underlying action" in *IDC Const.* was not an identical insurance coverage dispute.  *IDC Const.* is totally irrelevant to the present proceedings because it did not involve a marine insurance contract, it did not involve a forum selection clause governed by federal admiralty law, and it did not concern an insured who preferred to ignore the forum selection clause and litigate the coverage dispute in a different court.  Rather, *IDC Const.* concerned only an insured who wanted to delay the declaratory judgment action until after the other court determined whether it was liable to the tort claimant.  WELLO AND MOM's citation to this case is nothing but a diversion and a bad faith waste of this Court's time.

- The *Bankwest* case arose out of a policy of liability insurance covering a bank who was accused of breaching an agreement to extend a line of credit.  *Bankwest v. Fidelity &*

*Deposit Co. of Maryland*, 63 F.3d 974 (10th Cir.1995). The tort claimants sued the insured, and the insured sought defense and indemnification from the insurer against the tort action brought by the borrowers. When the insurer filed a declaratory judgment action to determine its duty to defend and indemnify the insured against the liability claims, the federal court held that it could not yet determine whether the dispute policy of insurance afforded coverage for the insured's tort liability to the claimant until the "underlying action" found that the insured was liable to the claimant. *Id*, at 982. Unlike WELLO AND MOM's state court action, the "underlying action" in *Bankwest* was not an identical insurance coverage dispute. *Bankwest* is totally irrelevant to the present proceedings because it did not involve a marine insurance contract, it did not involve a forum selection clause governed by federal admiralty law, and it did not concern an insured who preferred to ignore the forum selection clause and litigate the coverage dispute in a different court. Rather, *Bankwest* concerned only an insured who wanted to delay the declaratory judgment action until after the other court determined whether it was liable to the tort claimant. WELLO AND MOM's citation to this case is nothing but a diversion and a bad faith waste of this Court's time.[4]

The faulty reliance of WELLO AND MOM on these cases is perfectly illustrated by *Marr Investments, Inc. v. Greco*, 621 So.2d 447 (Fla. 4th DCA 1993). ECF no. 14, p. 5. *Marr* began with a club patron who was injured when she was struck by a drinking glass held by second patron. *Id*, at 448. The tort claimant sued the club and the club sought defense and indemnity from the insurer. *Id*. The insurer denied coverage and the insured brought a third-party declaratory judgment action against the insurer seeking a ruling that the insurer had to defend and indemnify the club. *Id*, at 448. Based on exclusions in the policy of insurance, the trial court awarded summary judgment to the insurer and found that the policy afforded no coverage for defense and indemnity of the club. *Id*. However, the appellate court reversed. *Id*, 450. The appellate court held that the question of coverage for the club's tort liability could not be resolved until it was

---

[4] The other cases cited by WELLO AND MOM are utterly irrelevant because none of them involved a court that stayed or dismissed a declaratory judgment action in favor of another action and none of them declined to enforce a forum selection clause. *Travelers Ins. Co. v. Waltham Indus. Laboratories Corp.*, 883 F.2d 1092 (1st Cir.1989), *Pennsylvania Lumbermens Mut. Ins. Co. v. Indiana Lumbermens Mut. Ins. Co.*, 43 So.3d 182 (Fla. 4th DCA 2010), *U.S. Fire Ins. Co. v. Hayden Bonded Storage Co.*, 930 So.2d 686 (Fla. 4th DCA 2006). Rather, all of these cases involved third-party tort liability claims brought against the insured. *Id*.

determined whether the club or the second patron was liable for the tort claimant's injury. *Id*, at 449. Coverage could not be determined until the "underlying action" had determined whether the insured was liable to the third-party tort claimant. *Id*.

In the present case, there is no "underlying action" in which a third-party tort claimant is seeking to recover from WELLO AND MOM. Essentially, WELLO AND MOM's reliance on these cases proves that WELLO AND MOM is trying to mislead this Court as to the dispositive difference between an insurer's duty to indemnity an insured against liability to a tort claimant and an insurer's duty to afford coverage to an insured for a first-party claim. In the first situation, it is necessary to resolve the "underlying action" in order to know whether, and on what factual basis, the insured is liable to the tort claimant. *See cases analyzed supra*. Only after that can a separate court determine whether the insurer must indemnify the insured for the liability owed to the tort claimant. *Id*.

The cases cited show that WELLO AND MOM is misleading this Court by citing and quoting utterly irrelevant caselaw. The dispositive point on which WELLO AND MOM is trying to deceive this Court is that there is no "underlying action" in which WELLO AND MOM's third-party liability is at stake. There is no "underlying action" in which WELLO AND MOM is being sued by an injured claimant. There is no "underlying action" against which WELLO AND MOM is seeking defense and indemnification from CLEAR SPRING. There is no "underlying action" which might give rise to an obligation by CLEAR SPRING to defend and indemnify WELLO AND MOM against third-party liability claims.

There is absolutely nothing "underlying" about WELLO AND MOM's identical state law claim, which has asked that court to rule that CLEAR SPRING must afford first-party coverage

for the physical damage to WELLO AND MOM's vessel. This is exactly the same as CLEAR SPRING's declaratory judgment action, which has properly invoked the Policy's forum selection clause and which has asked this Court to rule that CLEAR SPRING does not have to afford first-party coverage for the physical damage to WELLO AND MOM's vessel.

### *Wilton* Abstention

Finally, WELLO AND MOM's motion goes on for six useless pages misleading this Court as to the application of the facts relevant to considering an abstention request. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995).

Turning to the first of the *Wilton* factors, Florida cannot possibly have any interest in this matter because Florida law does not apply. As it did with the forum selection clause, WELLO AND MOM is misleading this Court by not informing this Court that the Policy contains a valid and enforceable choice of law clause which requires that application of either federal admiralty law or New York law. *See footnote 2*, *supra*. Therefore, Florida's interest is utterly irrelevant. None of the issues in this case will be governed by Florida law. All of CLEAR SPRING's causes of action are governed either by federal admiralty law or by New York law. *Great Lakes Reinsurance (UK) PLC v. Kan-Do, Inc.*, 639 Fed.Appx. 599; 2016 A.M.C. 716 (11th Cir.2016), *Vasquez*, *supra*, *Lexington Ins. Co. v. Cooke's Seafood*, 835 F.2d 1364; 1988 A.M.C. 1238 (11th Cir.1988), *Aguirre v. Citizens Cas. Co. of New York*, 441 F.2d 141; 1971 A.M.C. 1134 (5th Cir.1971). The single breach of contract cause of action asserted by WELLO AND MOM against CLEAR SPRING in its state court action is governed by New York law. *Great Lakes Insurance SE v. Sunset Watersports, Inc.*, --- F.Supp.3d ----; 2021 WL 5933708 (S.D.Fla.2021), ECF no. 14, p. 17. WELLO AND MOM's claim for attorney's fees under Fl.Stat. §627.428 is barred by the

Policy's choice of law clause.  *Chiarello*, *supra*.  Therefore, this Court is the only court with any possible interest in the application of its own law.

Second Factor: A decision from this Court will settle the controversy because both actions ((1) CLEAR SPRING's declaratory judgment action and (2) WELLO AND MOM's state court action) ask for a resolution of the exact same dispute.  In this Court, CLEAR SPRING has asked for a ruling that the Policy affords no coverage for the physical damage to WELLO AND MOM's vessel.  In the Florida state court, WELLO AND MOM has asserted that exact same issue and has asked that court to rule that the Policy does afford coverage for the for the physical damage to WELLO AND MOM's vessel.  WELLO AND MOM is misleading this Court when it asserts that the different actions require resolution of different issues.

Fifth Factor: There can be no cognizable friction between this Court and the Florida state court because this Court has admiralty jurisdiction over policies of marine insurance under 28 U.S.C. §1333, federal admiralty law and New York law govern the enforcement of the terms of the Policy (including the forum selection clause), New York law governs WELLO AND MOM's breach of contract allegation, and the Policy's choice of law clause forbids the application of Fl.Stat. §627.428.  As already noted above, the Florida state court will have to apply federal admiralty law to enforce the choice of law clause and will have to dismiss the action based on the forum selection clause.  *See cases analyzed supra*.  There can be no conceivable friction where Florida has no interest whatsoever.

Seventh Factor: As already analyzed in depth above, there are no "underlying" issues in the Florida state court action which have to be resolved before resolving the federal declaratory judgment action.  On the contrary, the issue raised by WELLO AND MOM in the Florida state

court is identical to the issue raised by CLEAR SPRING in the federal declaratory judgment action; whether the Policy affords coverage for the physical damage to the vessel. WELLO AND MOM is misleading this Court when it asserts that these are different issues.

Eighth Factor: It is bad faith pedantry to suggest that, just because the suit is primarily situated in Florida, a Florida state court is better positioned than a Florida federal court to resolve exactly the same marine insurance contract dispute. Certainly, no other federal court has ever had any problem asserting admiralty jurisdiction, enforcing CLEAR SPRING's choice of law clause and forum selection clause, and applying federal admiralty law to a policy of marine insurance covering a vessel in Florida. *Great Lakes Reinsurance (UK) PLC v. Kan-Do, Inc.*, 639 Fed.Appx. 599; 2016 A.M.C. 716 (11th Cir.2016), *Great Lakes Reinsurance (UK) PLC v. Vasquez*, 341 Fed.Appx. 515, *Great Lakes Insurance SE v. SEA 21-21 LLC*, --- F.Supp.3d ----; 2021 WL 6135127 (S.D.Fla.2021), *Great Lakes Insurance SE v. Wave Cruiser LLC*, 499 F.Supp.3d 1191 (S.D.Fla.2021), *Great Lakes Insurance SE v. Aarvik*, 2019 WL 201258 (S.D.Fla.2019), *Great Lakes Reinsurance (UK) PLC v. Gonzales*, 2012 A.M.C. 2639 (S.D.Fla.2012), *Great Lakes Reinsurance (UK) PLC v. Morales*, 760 F.Supp.2d 1315 (S.D.Fla.2010), *Great Lakes Reinsurance (UK), PLC v. Rosin*, 757 F.Supp.2d 1244; 2011 A.M.C. 223, *Great Lakes Reinsurance (UK) PLC v. Atlantic Yacht & Marine Services, Inc.*, 2008 A.M.C. 1041 (S.D.Fla.2008).[5] Every single one of the cases just cited involved a policy of marine insurance which contained the exact same choice of law clause as the present policy and the exact same forum selection clause as the present policy. *Id*.

---

[5] Moreover, if geography really matters, it should be noted that the Florida state court in which WELLO AND MOM filed its complaint is located across the street from this Court. It is facially absurd to argue that this should defeat the enforcement of CLEAR SPRING's forum selection clause.

## **CONCLUSION**

WELLO AND MOM is misleading this Court by not informing this Court that the Policy contains a valid and enforceable forum selection clause. WELLO AND MOM is misleading this Court by not informing this Court that the Policy contains a valid and enforceable choice of law clause. WELLO AND MOM is misleading this Court by claiming that there is an "underlying action" which must be resolved before this action is resolved. WELLO AND MOM is misleading this Court as the application of the *Wilton* abstention doctrine.

WHEREFORE, CLEAR SPRING asks that this Court deny WELLO AND MOM's motion to dismiss and award all such further relief as may be appropriate in the premises.

Dated:	April 15, 2022
	Fort Lauderdale, Florida

	Respectfully submitted,

	GOLDMAN & HELLMAN
	*Attorneys for Plaintiff*
	8751 W. Broward Boulevard
	Suite 404
	Fort Lauderdale, FL 33324
	Tel (954) 356-0460
	Fax (954) 832-0878

	By: /s/ Jacqueline L. Goldman
	JACQUELINE L. GOLDMAN
	FLA. BAR. NO. 1005573

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 15, 2022 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send an electronic Notice of Filing to all counsel of record.

Raul Morales, Esq.
Cristina Salem, Esq.
MARTINEZ MORALES
2600 S. Douglas Road, Suite 305
Coral Gables, FL 33134
T: 305-501-5011
F: 786-272-7997
rmorales@mmlawfl.com
csalem@mmlawfl.com

GOLDMAN & HELLMAN
*Attorneys for Plaintiff*
8751 W. Broward Boulevard
Suite 404
Fort Lauderdale, FL 33324
Tel (954) 356-0460
Fax (954) 832-0878

By: /s/ Jacqueline L. Goldman
JACQUELINE L. GOLDMAN
FLA. BAR. NO. 1005573