IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:21-cv-24234-RKA-ALTMAN

CLEAR SPRING PROPERTY AND
CASUALTY COMPANY,

    Plaintiff,

v.

WELLO AND MOM, LLC,

    Defendant.
_____/

## DEFENDANT WELLO AND MOM LLC'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS

Defendant, WELLO AND MOM, LLC, (**"Wello"**), files its Reply to Plaintiff, CLEAR SPRING PROPERTY AND CASUALTY COMPANY's (**"Clear Spring"**), *Opposition to Motion to Dismiss* filed on April 14th, 2022, (D.E. #20), (**"Response"**), by and in support, states as follows:

### PROCEDURAL HISTORY

1. Clear Spring initiated this action with the filing of its *Complaint* (**"Complaint"**) (D.E. #1) on December 21st, 2021. On February 18th, 2022, Clear Spring filed its A*mended Complaint* (D.E. #8), (**"Amended Complaint"**).

2. On March 22nd, 2022, Wello filed its *Motion to Dismiss Amended Complaint* (D.E. #14), (**"Motion to Dismiss"**).

3. On April 14th, 2022, Clear Spring filed its *Opposition to Motion to Dismiss* (D.E. #20), (**"Opposition to Motion to Dismiss"**), which improperly urges the Court to deny Wello's Motion to Dismiss. Wello now replies in support of its Motion to Dismiss.

1

Clear Spring v. Wello and Mom, LLC<br>
Case No.: 1:21-cv-24234-RKA-ALTMAN<br>
Reply to Opposition to Motion to Dismiss

## BACKGROUND FACTS

4. At all times material hereto, Wello was the owner of a 2003 LoLette, 40' Sunseeker with Identification No. XSK02857F304, Suzuki triple 300 HP, and all its accessories (the **"Boat"**).

5. On or about July 31st, 2021, Wello and Clear Spring entered into a vessel insurance contract, bearing policy number CSRYP/204845 (the **"Policy"**), affording Hull & Machinery coverage to the Boat. Please see a copy of the Policy attached hereto as **Exhibit "A."**

6. On or about September 27th, 2021, the Boat partially sank.

7. A claim was made to Clear Spring, under the Policy, in connection with the loss of the Boat. Clear Spring declined coverage, for a variety of reasons, including:

   a. The losses were not accidental physical losses of or damage to the Boat, which is covered under the Policy;

   b. The damage was due to wear and tear, gradual deterioration, lack of maintenance, etc., for which coverage is excluded under the Policy; and

   c. The Boat was unseaworthy at the inception of the Policy period and at the time of the sinking.

8. Clear Spring refused to provide coverage under the Policy to Wello; instead, Clear Spring initiated this action with the filing of its *Complaint for Declaratory Judgment* (D.E. #1) on December 21st, 2021, which Clear Spring later amended by filing its A*mended Complaint for Declaratory Judgment* (D.E. #8), on February 18th, 2022 (**"Amended Complaint"**).

9. Clear Spring's Amended Complaint seeks a declaration that the Policy was void *ab initio* and that Wello has no rights to collect under the Policy, following the sinking of the Boat.

## THE NOW-UNDERLYING ACTION

10. On March 4th, 2022, Wello filed a lawsuit in the Circuit Court of the Eleventh

Case 1:21-cv-24234-RKA   Document 23   Entered on FLSD Docket 04/28/2022   Page 3 of 11

Clear Spring v. Wello and Mom, LLC
Case No.: 1:21-cv-24234-RKA-ALTMAN
Reply to Opposition to Motion to Dismiss

Judicial Circuit in and for Miami-Dade County, Florida, assigned Case No. 2022-004145-CA-01 (**"Underlying Action"**) against Clear Spring for breach of a valid and enforceable insurance policy—the Policy.

11. The Policy between Wello and Clear Spring for coverage of the Boat created rights and obligations between the parties, which Clear Spring breached when it denied coverage for Wello's claim for damages.

12. Wello filed an *Amended Complaint* on March 22nd, 2022, to cure a clerical error. A copy of the *Amended Complaint* in the now-Underlying Action, containing all of the above-referenced facts, is attached hereto as **Exhibit "B."**

13. As a result of Clear Spring's denial of Wello's claim, despite the fact that the Policy insured the Boat, Wello has been unable to recover the damages it incurred in connection with the loss of the Boat.

## LEGAL ARGUMENT AND INCORPORATED MEMORANDUM OF LAW

### I. SUMMARY OF THE ARGUMENT

Clear Spring's arguments in opposition to the Motion to Dismiss are meritless, for the following reasons: (i) the forum selection clause has no impact on this case; (ii) the Underlying Action is ongoing and this case is not ripe (iii) the *Ameritas* factors justify dismissal; and (iv) even if this Honorable Court agrees with Clear Spring's arguments, denial of the Motion to Dismiss is not required.

### II. STANDARD ON A MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

Defendant Wello filed its Motion to Dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure, seeking involuntary dismissal of this action because it is not yet ripe, and thus this Honorable Court lacks subject matter jurisdiction. "[A] challenge to the ripeness of a claim"

Case 1:21-cv-24234-RKA   Document 23   Entered on FLSD Docket 04/28/2022   Page 4 of 11

Clear Spring v. Wello and Mom, LLC
Case No.: 1:21-cv-24234-RKA-ALTMAN
Reply to Opposition to Motion to Dismiss

is also "a facial challenge to subject matter jurisdiction." *Evanston Ins. Co. v. Layne Thomas Builders, Inc.*, 635 F. Supp. 2d 348, 352 (D. Del. 2009) (citing *Thompson v. Borough of Munhall*, 44 Fed.Appx. 582, 583 (3d Cir.2002). Moreover, WELLO sought dismissal or a stay of this case under the discretion accorded to federal courts under 28 USC § 2201 to decline jurisdiction over declaratory actions.

The law is clear that a court "is powerless to hear a matter where subject matter jurisdiction is lacking." *Irwin v. Miami-Dade Cty. Pub. Sch.*, No. 06-23029-CIV, 2008 WL 2944894, at *1 (S.D. Fla. July 24, 2008), aff'd, 398 F. App'x 503 (11th Cir. 2010) (citing *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974–75 (11th Cir.2005). Moreover, a "plaintiff bears the burden of establishing subject matter jurisdiction." *Id*. (citing *Sweet Pea Marine, Ltd., v. APJ Marine, Inc.*, 411 F.3d 1242, 1248 n. 2 (11th Cir.2005). When a defendant asserts a facial attack to jurisdiction, such as Wello does here, "the court must consider the allegations of the complaint to be true." *Id*. Furthermore, the "Court's inquiry under Rule 12(b)(1) is limited to the allegations in the complaint, the documents referenced in or attached to the complaint, and matters of the public record." *Evanston Ins. Co. v. Layne Thomas Builders, Inc.*, 635 F. Supp. 2d 348, 352 (D. Del. 2009) (citing *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir.2000)).

### III.     THE FORUM SELECTION CLAUSE IS NOT DISPOSITIVE AND IS, IN FACT, IRRELEVANT

Clear Spring's entire response to the Motion to Dismiss is hinged on the existence of a forum selection clause in the Policy. However, whether there is a forum selection clause in the Policy, and whether that clause is valid, is ***completely irrelevant*** to the analysis of whether ***this case*** is premature, or whether the Court should decline to exercise jurisdiction over ***this case***. Regardless of whether or not there is a valid forum selection clause which deems this Court to be the proper forum and venue for disputes between the parties arising out of the Policy, the fact of

Case 1:21-cv-24234-RKA   Document 23   Entered on FLSD Docket 04/28/2022   Page 5 of 11

Clear Spring v. Wello and Mom, LLC
Case No.: 1:21-cv-24234-RKA-ALTMAN
<u>Reply to Opposition to Motion to Dismiss</u>

the matter is that ***<u>there is a currently-pending Underlying Action in the state court</u>***.

The Underlying Action will continue to exist and continue to be pending in ***<u>the state court</u>*** unless and until the ***<u>state court</u>*** decides that the Underlying Action is improperly before it. It is up to the ***<u>state court</u>*** to dispose of the state court case, not this Honorable Court. As explained in the Motion to Dismiss, this Honorable Court lacks subject matter jurisdiction over this action because a request for a declaration of Clear Spring's duty to afford coverage in connection with the loss of the Boat is premature prior to conclusion of the Underlying Action. That fact does not change simply because there is a forum/venue selection provision in the Policy – the Underlying Action is still ongoing, and will be ongoing until the state court determines otherwise. Regardless of whether this Honorable Court agrees with Wello that the state court action belongs in federal court, this Honorable Court has no power over the state court and the Underlying Action. This Court has no jurisdiction to make any rulings or decisions for the state court. The existence of the forum selection clause is simply a red herring.

In its Opposition to Motion to Dismiss, Clear Spring hangs its hat on the proposition that the policy's forum selection clause grants this court unequivocal jurisdiction over this case. Clear Spring argues that because there is a forum selection clause, the only dispute between the parties is a dispute over which court should adjudicate coverage. Resp. p. 6. However, none of Clear Spring's analysis of the validity of forum selection clauses or choice of law regarding same is relevant to the issues raised in the Motion to Dismiss. Wello is ***<u>not</u>*** arguing at this time that this Honorable Court is the ***<u>improper forum</u>*** for Clear Spring's claims; Wello is arguing that this Court ***<u>lacks subject matter jurisdiction over this case due to the pendency of the Underlying Action, and that principles of federalism support an exercise of discretion to decline jurisdiction.</u>*** As long as the Underlying Action is currently pending, this Court is only required to make one

Case 1:21-cv-24234-RKA   Document 23   Entered on FLSD Docket 04/28/2022   Page 6 of 11

Clear Spring v. Wello and Mom, LLC
Case No.: 1:21-cv-24234-RKA-ALTMAN
Reply to Opposition to Motion to Dismiss

determination: whether to dismiss and/or stay this action until the Underlying Action is resolved, ***not*** whether this case is currently in the correct forum, and ***not*** whether the Underlying Action is in the correct forum. As pointed out in the Motion to Dismiss, this case must be either dismissed or stayed pending the conclusion of the Underlying Action.

   **IV.**  **THERE IS, IN FACT, AN UNDERLYING ACTION**

  Next, Clear Spring's Response improperly represents to the Court that there is no underlying action, which is simply not true. The Amended Complaint in the Underlying Action is attached to Wello's Motion to Dismiss, and is clear evidence of the existence of the Underlying Action. Clear Spring's Response is filled with incendiary comments, such as accusations that Wello is misleading the Court in its analysis in the Motion to Dismiss, aimed at distracting the Court from the fact that the forum selection clause is irrelevant. Resp. p. 6. As explained in Wello's Motion to Dismiss, this Court has no subject matter jurisdiction to hear this case because this action is unripe pending adjudication of underlying action.

  Again, the crux of Clear Spring's argument is the existence of a forum selection clause, claiming that "the 'issue' of an underlying action' is only relevant where there is no forum selection clause." Resp. p. 7. During its lengthy discussion of the cases cited by Wello in the Motion to Dismiss, Clear Spring distinguishes each case on the basis that they "did not involve a forum selection clause governed by federal admiralty law." Resp. 8-10. As explained above, the assertions regarding forum selection are not relevant at this time—the Underlying Action is currently before the state court and will stay there until the state court decides to move it. The state court Underlying Action will not stop even if this Honorable Court is inclined to agree with Clear Spring that the Underlying Action belongs in federal court. It is not within this Court's purview to dispose of the Underlying Action

Case 1:21-cv-24234-RKA Document 23 Entered on FLSD Docket 04/28/2022 Page 7 of 11

Clear Spring v. Wello and Mom, LLC
Case No.: 1:21-cv-24234-RKA-ALTMAN
Reply to Opposition to Motion to Dismiss

Also on this topic, Clear Spring argues in its Response that there is no underlying liability and that needs to be determined in the state court before this Court can declare the rights of the parties. That is simply not true. The state court must determine the facts – for example, the cause of the Boat's sinking, the circumstances surrounding the loss, and the value of the loss – before this Honorable Court can determine if one of the exclusions cited by Clear Spring applies. For example, what if the state court determines that *Wello* is responsible for the Boat's loss? Accordingly, regardless of whether this case and the Underlying Action involve first-party claims or third-party claims, the same considerations of ripeness and of federalism should apply. Moreover, in the event that this Honorable Court agrees that no exclusions apply, and that the Policy is not void, the value of the loss and the amount of the indemnification to be provided by Clear Spring to Wello will be determined in the state court Underlying Action, the *only* action in which a claim for damages is pending.

Thus, Clear Spring's assertion that this case and the Underlying Litigation are "two identical suits, brought in different courts . . . which both seek to determine whether the disputed policy of maritime insurance covers the physical damage suffered" is simply incorrect. Resp. p. 7. It is disingenuous to state that this case and the Underlying Action are one and the same, when the two actions request completely different relief. While both cases revolve around the same Policy and the same vessel, they do not ask the courts to "resolve the exact same issue." Resp. p. 7. A judgment declaring whether Clear Spring must indemnify Wello ***cannot*** be determined until a decision is reached in the Underlying Action as to the ***circumstances*** and cause of the Boat's sinking.

    **V.**    **THE *AMERITAS* FACTORS SUPPORT DISMISSAL OR A STAY**

Next, Clear Spring responds to Wello's "six useless pages" about application of the

Case 1:21-cv-24234-RKA Document 23 Entered on FLSD Docket 04/28/2022 Page 8 of 11

Clear Spring v. Wello and Mom, LLC
Case No.: 1:21-cv-24234-RKA-ALTMAN
Reply to Opposition to Motion to Dismiss

*Ameritas* factors to this case (for some unknown reason, Clear Spring refers to these factors as the "*Wilton*" factors, even though the factors were laid down by the Eleventh Circuit in *Ameritas*[1] and not by the Supreme Court in *Wilton*[2]). Resp. 12. First, (first *Ameritas* factor), Clear Spring states that Florida has no interest in this case, because admiralty law, supplemented by New York law, governs the Policy. This short-sighted analysis completely ignores the fact that the Policy was entered into in Florida, the Boat sank in Florida, Wello is a Florida LLC, and the cause of action accrued in Florida. Moreover, although the Policy mentions in Section 11 that the Policy is subject to the substantive laws of the State of New York **_where no admiralty law exists_** (it is unclear where in the United States no admiralty law exists), other portions of the Policy, such as Section 9(s)[3], specifically state they are governed by the law of the State where the Policy was **_issued_** - Florida. Further, as an insurer in the state of Florida, Clear Spring is subject to Florida's insurance laws.

Second (second *Ameritas* factor), Clear Spring claims that a declaration from this Court will settle the entire controversy. That is incorrect, because as pointed out below, Wello's claim for damages is pending in the Underlying Action, not in this action. If this Court declares that the Policy is valid and the exclusions do not apply, such declaration will not resolve Wello's claim for damages. There is no pending claim for damages in this action.

Next (fifth *Ameritas* factor), Clear Spring states that this declaratory action will not cause friction between the federal and state courts. As explained regarding the first *Ameritas* factor, Florida has a significant interest in this dispute. More importantly, however, Clear Spring's

---

[1] *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1331 (11th Cir. 2005).
[2] *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288, (1995)
[3] "No suit or action on" the Policy shall be sustainable "unless commenced within one (1) year from the date of the happening or occurrence out of which the claim arose, provided that where such limitation of time is prohibited by the laws of the state wherein this [Policy] is issued, then, and in that event, no suit or action under this [Policy] shall be sustainable unless commenced within the shortest limitations permitted under the laws of such State."

Case 1:21-cv-24234-RKA   Document 23   Entered on FLSD Docket 04/28/2022   Page 9 of 11

Clear Spring v. Wello and Mom, LLC
Case No.: 1:21-cv-24234-RKA-ALTMAN
Reply to Opposition to Motion to Dismiss

argument is once again grounded in its contention that the state court "will have to dismiss" the Underlying Action based on the Policy's forum selection clause. Such a statement is premature.

As for its next argument (seventh *Ameritas* factor), Clear Spring once again claims that there are "no underlying issues" in the state court case that need to be determined. As already addressed above, such a statement cannot be further from the truth. The factual issues to be decided by the state court are critical to an informed resolution of this case. The who, how, what, where, and why of the incident – the circumstances and causes surrounding the sinking of the Boat, and the condition of the Boat – are underlying factual issues to be determined in the Underlying Action and absolutely necessary for this court to make any declaration of rights.

Finally, in regards to the eighth *Ameritas* factor, Clear Spring again redirects attention to completely irrelevant forum selection clause, and ignores the fact that this entire cause of action accrued in the state of Florida, that the Policy was entered into the state of Florida, and that state courts generally have concurrent jurisdiction with federal courts over maritime causes of action and are perfectly capable of applying admiralty law. *Hawkins Sandblasting, Inc. v. Jacksonville Shipyards, Inc.,* 668 So. 2d 1042, 1044 (Fla. 1st DCA 1996) ("[S]tate courts have concurrent jurisdiction over most maritime claims. The circuit court had jurisdiction to decide the contractual indemnity claim at issue here.").

## VI.   EVEN IF CLEAR SPRING IS CORRECT, THIS COURT MAY STILL DECLINE JURISDICTION OVER THIS CASE

Finally, even if this Honorable Court agrees with all of Clear Spring's arguments in the Response, this Honorable Court is ***not*** required to deny the Motion to Dismiss. As explained in the Motion to Dismiss, 28 USC § 2201 provides that a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss this action seeking declaratory judgment before trial or after all arguments have drawn to a close. *See* 28 U.S.C. § 2201(a). The United States Supreme Court

Case 1:21-cv-24234-RKA   Document 23   Entered on FLSD Docket 04/28/2022   Page 10 of 11

Clear Spring v. Wello and Mom, LLC
Case No.: 1:21-cv-24234-RKA-ALTMAN
Reply to Opposition to Motion to Dismiss

itself noted that, "where the basis for declining to proceed is the pendency of a state proceeding, a stay will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the matter in controversy." *Wilton v. Seven Falls Co.,* 515 U.S. 277, 288, (1995). Here, a stay will allow this Honorable Court to avoid the possibility of inconsistent verdicts and findings of fact, and will avoid the expenditure of court and litigant resources in the event that the underlying action is resolved amicably among the parties (which would then obviate the need for this action). A stay will also allow the state court the opportunity to evaluate Clear Spring's forum selection clause claims, on which it is so very confident it will prevail. This Honorable Court should follow the *Wilton* and *Ameritas* guidance and stay this action pending the resolution of the Underlying Litigation, to minimize the risk of duplicative litigation and contrary verdicts, to promote the interests of federalism and efficiency, and to balance state and federal interests.

## VII.    CONCLUSION

Clear Spring's arguments in the Response are meritless, for the following reasons: (i) the forum selection clause has no impact on this case; (ii) the Underlying Action is ongoing and this case is not ripe (iii) the *Ameritas* factors justify dismissal; and (iv) even if this Honorable Court agrees with Clear Spring's arguments, denial of the Motion to Dismiss is not required.

**WHEREFORE**, Wello respectfully requests that this Court enter an Order: (i) GRANTING its Motion to Dismiss; (ii) DISMISSING the Amended Complaint and this action in their entirety; (iii) or, in the alternative, STAYING this litigation pending resolution of the underlying action; (iii) AWARDING Wello the attorney's fees and costs it has incurred in connection with this action; and (iv) awarding such other and further relief as this Court deems equitable and just.

Clear Spring v. Wello and Mom, LLC<br>
Case No.: 1:21-cv-24234-RKA-ALTMAN<br>
Reply to Opposition to Motion to Dismiss

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3), a certificate of good faith conference is not required for motions to "involuntarily dismiss an action."

DATED: April 28th, 2022

Respectfully submitted,
MARTINEZ MORALES
2600 S. Douglas Road, Suite 305
Coral Gables, FL 33134
T: 305-501-5011
F: 786-272-7997
rmorales@mmlawfl.com
csalem@mmlawfl.com

By: /s/ Raul Morales
**RAUL MORALES**
**FBN: 065307**
**CRISTINA SALEM**
**FBN: 1011103**
**ANGELA BOUSALIS**
**FBN: 111379**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on all counsel of record on **April 28th, 2022,** via the CM/ECF system.

By: /s/ Raul Morales
**RAUL MORALES**
**CRISTINA SALEM**
**ANGELA BOUSALIS**