**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

CASE NO. 1:21-cv-24234-RKA-ALTMAN

CLEAR SPRING PROPERTY AND
CASUALTY COMPANY,

      Plaintiff,

v.

WELLO AND MOM, LLC,

      Defendant.

_____/

**DEFENDANT WELLO AND MOM LLC'S AMENDED RESPONSE TO PLAINTIFF'S
MOTION FOR ATTORNEY'S FEES [D.E. #36]
(Amended Only to Include Request for Hearing Per Local Rule 7.1(b)(2))**

Defendant, WELLO AND MOM, LLC, (**"Wello"**), files its Response to Plaintiff, CLEAR

SPRING PROPERTY AND CASUALTY COMPANY's (**"Clear Spring"**), *Motion for Attorney's*

*Fees* filed on July 12th, 2022, [D.E. #36], (**"Motion"**), and by and in support, states as follows:

**BACKGROUND & PROCEDURAL HISTORY**

1.     At all times material hereto, Wello was the owner of a 2003 LoLette, 40' Sunseeker

with Identification No. XSK02857F304, Suzuki triple 300 HP, and all its accessories (the **"Boat"**).

2.     On or about July 31st, 2021, Wello and Clear Spring entered into a vessel insurance

contract, bearing policy number CSRYP/204845 (the **"Policy"**), affording Hull & Machinery

coverage to the Boat. A copy of the Policy is filed with the Court as D.E. # 8-3.

3.     On or about September 27th, 2021, the Boat partially sank. A claim was made to

Clear Spring, under the Policy, but Clear Spring declined coverage.

4.     Clear Spring refused to provide coverage under the Policy to Wello; instead, Clear

Spring initiated this action with the filing of its *Complaint for Declaratory Judgment* (D.E. #1) on

1

Clear Spring v. Wello and Mom, LLC
Case No.: 1:21-cv-24234-RKA-ALTMAN
Response to Clear Spring Motion for Attorney Fees

December 21st, 2021, which Clear Spring later amended by filing its *Amended Complaint for Declaratory Judgment* (D.E. #8), on February 18th, 2022 (**"Amended Complaint"**).

5.        Clear Spring's Amended Complaint seeks a declaration that the Policy was void *ab initio* and that Wello has no rights to collect under the Policy, following the sinking of the Boat.

6.        As Clear Spring breached the Policy when denying coverage for the loss, on March 4th, 2022, Wello filed a lawsuit in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Case No. 2022-004145-CA-01 (**"State Action"**), against Clear Spring for breach of the Policy. Wello filed an *Amended Complaint* in the State Action on March 22nd, 2022, to cure a clerical error. A copy is attached hereto as **Exhibit "A."**

7.        On March 22nd, 2022, in the instant action, Wello filed its *Motion to Dismiss Amended Complaint* [D.E. #14], (**"Motion to Dismiss"**), requesting that the Court dismiss or stay the instant action in favor of the pending underlying State Action.

8.        On April 8th, 2022, in the State Action, Clear Spring filed a motion to dismiss the State Action. Clear Spring claimed that a forum selection clause in the Policy mandated that the claims raised by Clear Spring in the State Action be brought in a federal forum and not a state forum.  A copy of the motion to dismiss the State Action is attached hereto as **Exhibit "B."**

9.        On April 14th, 2022, in this action, Clear Spring filed its *Opposition to Motion to Dismiss* [D.E. #20], urging the Court to deny Wello's Motion to Dismiss on the basis of the forum selection clause present in the Policy.

10.       On June 28th, 2022, Wello filed its response to Clear Spring's motion to dismiss the State Action [D.E. #36-2], explaining that the forum selection clause is unenforcable because it stripped Wello of its fundamental right to a jury trial.  In admiralty, there is no right to a jury trial. However, in state court, Wello would have the right to a jury trial.

Clear Spring v. Wello and Mom, LLC
Case No.: 1:21-cv-24234-RKA-ALTMAN
Response to Clear Spring Motion for Attorney Fees

11.     Ultimately, the underlying State Action was dismissed by the state court on June 30th, 2022.  As there was no longer a pending underlying action, this Court denied Wello's Motion to Dismiss as **moot** on July 5th, 2022 [D.E. #35].

12.     Despite the fact that Wello's Motion to Dismiss was denied as **_moot_** and **_not_** on the merits, on July 12th, 2022, Clear Spring filed its *Motion for Attorney's Fees* [D.E. #36] ("**Motion**").

## LEGAL ARGUMENT AND INCORPORATED MEMORANDUM OF LAW
### I.     SUMMARY OF THE ARGUMENT

Clear Spring's Motion for attorney's fees must be denied because (i) it violates Local Rule 7.3 (ii) and Rule 11; (iii) the Motion is untimely under Rule 11; (iv) Clear Spring is not entitled to an award of fees in connection with the State Action; (iv) the forum selection clause was immaterial to resolution of Wello's Motion to Dismiss; (v) the State Action could have been considered a type of "underlying action" rendering the instant action premature; and ultimately, (vi), Wello's conduct does not rise to the high standard required to impose sanctions.

### II.     STANDARD ON A MOTION FOR ATTORNEY'S FEES

Clear Spring appears to rely on four potential sources of authority to impose attorney's fees against Wello: 1) general admiralty law; 2) Federal Rule of Civil Procedure 11; 3) 28 U.S.C. § 1927, and 4) the Court's inherent authority to sanction attorneys and parties.

#### *1.   Attorney's Fees in Admiralty Cases*

Maritime/admiralty disputes are governed by the "American Rule":

"The prevailing party in an admiralty case is not entitled to recover its attorneys' fees as a matter of course.  There are exceptions . . . Attorneys' fees will be awarded to the prevailing party in maritime cases if: "(1) they are provided by the statute governing the claim, (2) the nonprevailing party acted in bad faith in the course of the litigation, or (3) there is a contract providing for the indemnification of attorneys' fees.

*Misener Marine Const., Inc. v. Norfolk Dredging Co.*, 594 F.3d 832, 838 (11th Cir. 2010) (citations and quotations omitted). Accordingly, "[a]bsent one of these exceptions, this Court will **_not_** award

Clear Spring v. Wello and Mom, LLC
Case No.: 1:21-cv-24234-RKA-ALTMAN
Response to Clear Spring Motion for Attorney Fees

the prevailing party attorneys' fees." *Id.*There is no statute or contract shifting fees in this action. [1]

### 2. *Rule 11 Sanctions*

"Rule 11 is "aimed at curbing abuses of the judicial system. To this end, it sets up a means by which litigants certify to the court, by signature, that any papers filed are well founded." *Bus. Guides, Inc. v. Chromatic Commc'ns Enterprises, Inc.*, 498 U.S. 533, 542 (1991) (citations omitted). "A signature certifies to the court that the signer has read the document, has conducted a reasonable inquiry into the facts and the law and is satisfied that the document is well grounded in both, and is acting without any improper motive." *Id.* at 929. Rule 11 "requires that sanctions be imposed where a signature is present but fails to satisfy the certification standard." *Id.*; Fed. R. Civ. P. 11. "The standard is one of reasonableness *under the circumstances*." *Bus. Guides, Inc. v. Chromatic Commc'ns Enterprises, Inc.*, 498 U.S. 533, 551 (1991) (emphasis in original).

### 3. *28 U.S.C. § 1927 Sanctions*

Per 28 U.S.C. § 1927, "[a]ny attorney or other person …who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." "The plain language of section 1927 sets forth three requirements to justify an imposition of sanctions:

> (1) an attorney must engage in "unreasonable and vexatious" conduct;
> (2) such …"conduct must "multipl[y] the proceedings;" and
> (3) the amount of the sanction cannot exceed the costs occasioned by the objectionable conduct.

---

[1] *Vaughan v. Atkinson*, cited by Clear Spring to support the proposition that an admiralty court can assess attorney's fees in equity, actually involves the bad faith exception to the American Rule. *Galveston Cnty. Nav. Dist. No. 1 v. Hopson Towing Co.,* 92 F.3d 353, 357 (5th Cir. 1996) ("The evolution of this bad faith exception to the American Rule in the context of admiralty law began with *Vaughan.*.the punitive aspect of the *Vaughan* award *is* the bad-faith exception to the American Rule, and that exception is limited to a recovery of attorney's fees."). *Vaughan* does not support fee-shifting in admiralty cases generally, only within this limited exception.

MM | MARTINEZ MORALES
Attorneys at Law

*2600 S. Douglas Road, Suite 305, Coral Gables, FL 33134, T: 305-501-5011, F: 786-272-7997*

Case 1:21-cv-24234-RKA   Document 45   Entered on FLSD Docket 07/26/2022   Page 5 of 22

Clear Spring v. Wello and Mom, LLC
Case No.: 1:21-cv-24234-RKA-ALTMAN
Response to Clear Spring Motion for Attorney Fees

*McMahan v. Toto*, 256 F.3d 1120, 1128 (11th Cir. 2001), *amended on reh'g*, 311 F.3d 1077 (11th Cir. 2002). "Something more than a lack of merit is required for §1927 sanctions or they would be due in every case."*Id*. at 1129. "§1927 is not a "catch-all" provision for sanctioning objectionable conduct by counsel." *Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir. 1997).

Rather, "Congress intended to impose a sanction on conduct more culpable than mere unintentional discourtesy to a court when it conjoined the word 'vexatiously' with 'unreasonably.'" *United States v. Ross*, 535 F.2d 346, 349 (6th Cir. 1976). "Vexatious" has been defined as 'lacking justification and intended to harass.'" *Id.*; VEXATIOUS, Black's Law Dictionary (11th ed. 2019) ("without reasonable or probable cause or excuse; harassing; annoying."); *Smartt v. First Union Nat'l Bank*, 245 F. Supp. 2d 1229, 1234 (M.D. Fla. 2003). "Accordingly, it seems appropriate ***not*** to impose this sanction for an unintended inconvenience to the court no matter how annoying it might be. Personal responsibility should, in this instance, flow only from an intentional departure from proper conduct, or, at a minimum, from a reckless disregard of the duty owed by counsel to the court." *Ross*, 535 F.2d at 349 (emphasis added).

Thus, 28 U.S.C. § 1927 "is a power which the courts should exercise only in instances of a ***serious and studied disregard*** for the orderly processes of justice." *Kiefel v. Las Vegas Hacienda, Inc.,* 404 F.2d 1163, 1167 (7th Cir. 1968); *Smartt,* 245 F. Supp. 2d at 1235. Moreover, "[t]he imposition of such sanctions . . . is highly unusual and requires a clear showing of bad faith." *State of W. Va. v. Chas. Pfizer & Co.*, 440 F.2d 1079, 1092 (2d Cir. 1971); *Avirgan v. Hull*, 932 F.2d 1572, 1582 (11th Cir. 1991) ("A court may assess attorney's fees against litigants, counsel, and law firms who willfully abuse judicial process by conduct tantamount to bad faith."). Finally, under 28 U.S.C. § 1927, "the dollar amount of the sanction must bear a financial nexus to the excess proceedings, *i.e.,* the sanction may not exceed the "costs, expenses, and attorneys' fees reasonably

Clear Spring v. Wello and Mom, LLC
Case No.: 1:21-cv-24234-RKA-ALTMAN
Response to Clear Spring Motion for Attorney Fees

incurred because of such conduct." *Peterson*, 124 F.3d at 1396.

### 4. *Inherent Authority*

"[A]n assessment of attorney's fees is undoubtedly within a court's inherent power." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991). However, "inherent powers must be exercised with restraint and discretion." *Id.* at 44. In fact, there are three "narrowly defined circumstances" where "federal courts have inherent power to assess attorney's fees against counsel." *Id.* at 45; *Peterson v. BMI Refractories*, 124 F.3d 1386, 1395 fn. 5 (11th Cir. 1997).

> "The first, known as the "common fund exception," . . . allows a court to award attorney's fees to a party whose litigation efforts directly benefit others. Second, a court may assess attorney's fees as a sanction for the 'willful disobedience of a court order.' Thus, a court's discretion to determine [t]he degree of punishment for contempt" permits the court to impose as part of the fine attorney's fees representing the entire cost of the litigation.
> Third . . . a court may assess attorney's fees when a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'…The imposition of sanctions in this instance…serv[es] the dual purpose of vindicat[ing] judicial authority without resort to the more drastic sanctions available for contempt of court and mak[ing] the prevailing party whole for expenses caused by his opponent's obstinacy."

*Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46, (1991) (citations and quotations omitted). "[T]he inherent-powers standard is a subjective bad-faith standard. *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1225 (11th Cir. 2017). *Id.* at 1223. Accordingly, "[t]he key to invoking a court's inherent power to sanction is a finding of bad faith. Bad faith exists where an attorney knowingly or recklessly pursues a frivolous claim or needlessly obstructs the litigation of a non-frivolous claim." *JTR Enterprises, LLC v. Columbian Emeralds*, 697 F. App'x 976, 986 (11th Cir. 2017) (citations and quotations omitted). "In assessing whether a party should be sanctioned, a court examines the wrongdoing in the context of the case, including the culpability of other parties." *Purchasing Power, LLC.*, 851 at 1225.

Importantly, there must be "clear and convincing evidence of bad faith" in order for a Court

Clear Spring v. Wello and Mom, LLC
Case No.: 1:21-cv-24234-RKA-ALTMAN
Response to Clear Spring Motion for Attorney Fees

to use its inherent power to sanction. *JTR Enterprises, LLC*, 697 F. App'x at 986. "[I]n the absence of direct evidence of subjective bad faith, this standard can be met if an attorney's conduct is so egregious that it could only be committed in bad faith." *Purchasing Power, LLC*, 851 F.3d at 1224–25 (11th Cir. 2017). "This is not the same as simple recklessness, which can be a starting point but requires something more to constitute bad faith." *Id.*at 1225.  All in all, the Court's "inherent power must be exercised with restraint and discretion. This power is not a remedy for protracted litigation; it is for rectifying disobedience…Courts considering whether to impose sanctions under their inherent power should look for disobedience and be guided by the purpose of vindicating judicial authority." *Id*.

## III.    THE MOTION TO DISMISS WAS DENIED AS MOOT

As an initial matter, the Motion should be denied simply because Wello's Motion to Dismiss, which at the end of the day is the source of Clear Spring's complaints, was denied as ***moot.*** Critically, this Honorable Court ***never ruled on Wello's Motion to Dismiss on the merits. Clear Spring cannot insist that Wello's arguments in the Motion to Dismiss and the reply in support thereof would not have been meritorious if the State Action had not been dismissed***. There has been ***no*** determination that Wello's Motion to Dismiss was not meritorious, was filed in bad faith, or was otherwise frivolous. Clear Spring cannot be suffered to seek sanctions on a completely moot issue on which it did ***not*** prevail.

## IV.    FAILURE TO COMPLY WITH LOCAL RULE 7.3

Clear Spring's Motion should be denied outright for failure to comply with Local Rule 7.3. Local Rule 7.3 governs motions for attorney's fees, and "provides a mechanism to assist parties in resolving attorneys fee and costs disputes by agreement."  The Eleventh Circuit has confirmed that failure "to comply with Local Rule 7.3" constitutes "an ***independently sufficient basis to deny***"

Clear Spring v. Wello and Mom, LLC
Case No.: 1:21-cv-24234-RKA-ALTMAN
Response to Clear Spring Motion for Attorney Fees

motions for attorney's fees, expenses, and costs. *J.B. Hunt Transp., Inc. v. S & D Transp., Inc.*, 589 F. App'x 930, 933 (11th Cir. 2014) ("In light of the foregoing, we hold that the district court's denial of [the] motions for attorney's fees, expenses, and costs for failure to comply with Local Rule 7.3 was not an abuse of discretion. Because we affirm the district court's denial of the motion for failure to comply with Local Rule 7.3, we need not address. . .other arguments.").

Clear Spring's Motion, first of all, fails to "identify the judgment or other order which gives rise to the motion," the requirement imposed by Rule 7.3(a)(2).  Also in violation 7.3(a)(2), Clear Spring has failed to identify any "statute, rule, or other grounds entitling" entitling it to an award of attorney's fees it incurred in ***the State Action*** in ***this separate federal action.*** This is a critical omission which will be discussed in more detaillater in this Response. Next, Clear Spring's Motion fails to "disclose the terms of any applicable fee agreement," as required by 7.3(a)(4).

Next, 7.3(a)(5) requires that the party seeking an award of fees include the following details in the Motion, to facilitate the parties' ability to amicably resolve a request for attorneys fees:

A.  "the identity, experience, and qualifications for each timekeeper…
B.  the number of hours reasonably expended by each such timekeeper;
C.  a description of the tasks done during those hours;
D.  the hourly rate(s) claimed for each timekeeper;"

Attached to the Motion as attachment 5 [D.E. # 36-5] is an *Affidavit of Jacqueline L. Goldman, Esq.* (**"Affidavit"**), one of the attorneys from Goldman & Hellman assisting in this matter, which states that her hourly rate is $250.00 per hour. However, this is not the only timekeeper for whom Clear Spring seeks fees.  Clear Spring seeks fees for ***all*** of ***Goldman & Hellman's*** time (not limited to Jacqueline Goldman) spent on this matter **and** the State Action, related to Wello's Motion to Dismiss– a total of 65 hours across ***all*** timekeepers. However, there have been at least ***two*** attorneys representing Clear Spring since that date – Jacqueline L. Goldman and Steven E. Goldman.

The Motion and attached Affidavit are purposefully vague in that they purport to seek "all"

Clear Spring v. Wello and Mom, LLC
Case No.: 1:21-cv-24234-RKA-ALTMAN
Response to Clear Spring Motion for Attorney Fees

relevant fees and costs "billed to Clear Spring" by "Goldman & Hellman," without specifically stating that either 1) all such time was incurred by Jacqueline L. Goldman alone (which cannot be true, as Steven E. Goldman attended the status conferences in this matter) or 2) they are ***not*** seeking time billed by Steven E. Goldman. *See* Aff. ¶4; Mot. Atty Fees P. 12. Neither the Motion nor the attached Affidavit state that the 65 hours incurred was ***billed by Jacqueline L. Goldman – neither the Motion nor the Affidavit state directly who, exactly, spent the time billed.*** This is critical missing information, because it is unclear if the attorney's fees and costs sought were even billed by an attorney. This information is essential to Wello's ability to analyze the reasonableness of the rates charged and time spent, and whether the fees can be recovered at all.

More egregiously, neither the Motion nor the attached Affidavit explain how much time was spent on each task for which Clear Spring seeks to recover attorney's fees, and there is no exhaustive list of the tasks done during the hours expended by Goldman & Hellman's timekeeper(s). Local Rule 7.3 requires that this information be disclosed in enough detail so that the responding party can "describe with reasonable particularity each time entry or nontaxable expense to which it objects . . . and provide supporting legal authority." Local Rule 7.3(a). Due to the total lack of detail present in the Motion and Affidavit, Wello cannot properly respond with the detail required by 7.3(a). Wello cannot determine if it objects to each time entry, because it has not been provided a list of time entries – it has only been provided a ***non-exhaustive narrative*** containing the barest descriptions of activities Goldman & Hellman have conducted during its

Clear Spring v. Wello and Mom, LLC
Case No.: 1:21-cv-24234-RKA-ALTMAN
Response to Clear Spring Motion for Attorney Fees

alleged 65 hours of time sought.[2]  Wello cannot advise as to whether it objects to the amount of

time or amount of money charged for each task, because it does not know how much time was

spent on each task.  Wello cannot advise whether there are specific legal reasons that Clear Spring

is not entitled to an award of fees for specific tasks due to the nature of the task, because it does

not have a list of the tasks, a sufficient description of the tasks, or the identity of the timekeeper

who undertook the task.  Moreover, without further detail, neither Wello nor the Court will be able

to determine the maximum fees authorized as a sanction under 28 U.S.C. 1927.

Further, although the Motion and Affidavit are clear that Clear Spring is seeking "costs,"

there is no description of what those costs are, or whether they are taxable under 28 U.S. § 1920.

Wello cannot respond to Clear Spring's claims for costs if it does not know what those costs are

or how much they total.  Moreover, if any of the costs are not taxable under 28 U.S. § 1920, Clear

Spring was required to provide invoices and backup for those expenses per Local Rule 7.3(a)(6).

If the costs *are* taxable under 28 U.S. § 1920, then Clear Spring was required to file and serve a

bill of costs and supporting memorandum.  Local Rule 7.3(a).  Clear Spring did neither.

In addition, the Motion is **_not_** verified and falsely certifies that Clear Spring's counsel made

---

[2] In an abundance of caution, Wello hereby objects to Clear Spring's claims for attorney's fees for any task which is clerical or secretarial in nature, including but not limited "communicating with opposing counsel to set a Zoom hearing . . . notifying this Court of the hearing . . . notifying this court of the dismissal of the state court action." Mot. P.12. work that is clerical or secretarial in nature is not separately recoverable." *CityPlace Retail, L.L.C. v. Wells Fargo Bank, N.A.*, No. 18-CV-81689, 2021 WL 3361172, at *12 (S.D. Fla. Jan. 12, 2021); *W. Sur. Co. v. Bradford Elec. Co*., 483 F. Supp. 2d 1114, 1121 (N.D. Ala. 2007) ("hours spent on purely clerical work or secretarial tasks are unrecoverable overhead expenses").  Moreover, Wello hereby objects to Clear Spring's claims for 65 hours of attorney's fees, as such amount is excessive in connection with the limited issues which have been explored in this case, and do not demonstrate good billing judgment. *Am. C.L. Union of Georgia v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) ("Fee applicants must exercise what the Supreme Court has termed "billing judgment." That means they must exclude from their fee applications "excessive, redundant, or otherwise unnecessary [hours]," *id.,* which are hours "that would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill, reputation or experience of counsel.*")

Clear Spring v. Wello and Mom, LLC
Case No.: 1:21-cv-24234-RKA-ALTMAN
Response to Clear Spring Motion for Attorney Fees

a good faith effort to resolve the issues by agreement prior to filing.  Rule 7.3(a)(7) expressly requires that any motion for attorney's fees or costs be **_verified_**.  The Motion is probably **not** verified because it falsely represents that Clear Spring's counsel made a good faith effort to resolve the motion prior to filing.  Although it is true that Clear Spring's counsel, Jacqueline L. Goldman, spoke to Wello's counsel on July 6th, 2022, the conversation lasted less than 6 minutes.  Ms. Goldman's responses to Wello's counsel's inquiries as to 1) the basis for assessing fees in a federal action for time spent in a separate state action and 2) the statutory or other legal basis for assessing fees at this juncture in the federal proceedings were that "it should be obvious," "this conferral is over," and that it was clear there would be "no agreement."  Ms. Goldman terminated the phone call without further discussion of either Clear Spring's alleged entitlement to or the amount of fees.

However, Clear Spring's most egregious violation of Local Rule 7.3 is its violation of subsection (b).  Per Local Rule 7.3(b), "a draft motion compliant with Local Rule 7.3(a)(1)-(8) must be **_served but not filed_** at least thirty (30) days prior to the deadline . . . Within twenty-one (21) days of service of the draft motion, the parties shall confer and attempt in good faith to agree on entitlement to and the amount of fees and expenses." Local Rule 7.3(b).  As part of this process, the responding party is required to explain in writing each specific time entry to which it objects and provide supporting legal authority.  Local Rule 7.3(b).  Clear Spring completely failed to serve the Motion on Wello prior to filing it, failed to confer after serving and filing the Motion, and failed to give Wello its twenty-one day opportunity to respond to Clear Spring's Motion.

Further, Rule 7.3(a) mandates that the conferral process delineated by 7.3(b) take place and be completed **_before_** filing of a motion for attorney's fees, when the motion is based on a final judgment or order.  Local Rule 7.3(a) ("A motion for an award of attorneys' fees and/or non-taxable expenses and costs arising from the entry of a final judgment or order shall not be filed

Clear Spring v. Wello and Mom, LLC
Case No.: 1:21-cv-24234-RKA-ALTMAN
Response to Clear Spring Motion for Attorney Fees

until a good faith effort to resolve the motion, as described in paragraph (b) below, has been completed."). Here, although Clear Spring is not exactly clear on what order its Motion is founded, it appears to seek fees based on the State Court's order dismissing the State Action (a final order) and this Court's order denying the Motion to Dismiss as moot. Accordingly, it was required to comply with and complete Local Rule 7.3(b)'s conferral and attorney fee dispute resolution process ***before*** filing the Motion. Clear Spring completely violated this provision, and its Motion must be denied on that basis alone.

## V.  <u>FAILURE TO COMPLY WITH RULE 11</u>

Clear Spring's Motion must also be denied outright for failure to comply with FRCP 11. The very first sentence of the Motion states that it is brought "pursuant to Rule 11(b) of the Federal Rules of Civil Procedure." Mot. P. 1. However, a motion seeking fees pursuant to Rule 11 "must be ***served*** . . . but ***it must not be filed or be presented*** to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service." Fed. R. Civ. P. 11(c)(2). Clear Spring indisputably did ***not*** serve a copy of the Motion, or any other notice, upon Wello prior to filing the Motion. "The safe-harbor provision" of Rule 11 is "commonly deemed a strict procedural requirement. Nearly every federal appellate court in the country has held that a Rule 11 motion can be granted only where the movant demonstrates strict compliance with the safe harbor provision." *Herederos de Roberto Gomez Cabrera, LLC v. Teck Res. Ltd.*, No. 20-21630-CIV, 2022 WL 1203562, at *5 (S.D. Fla. Mar. 29, 2022), *report and recommendation adopted in part*, No. 20-21630-CIV, 2022 WL 1793573 (S.D. Fla. June 2, 2022) (citations and quotations omitted). Accordingly, as the Motion violates Rule 11, it must be denied.

## VI.  <u>THE MOTION IS UNTIMELY UNDER RULE 11</u>

In a similar vein to the argument above, Clear Spring's Motion must be denied because the

Clear Spring v. Wello and Mom, LLC
Case No.: 1:21-cv-24234-RKA-ALTMAN
Response to Clear Spring Motion for Attorney Fees

"offending motion" – Wello's Motion to Dismiss this action – was denied ***before*** Clear Spring even filed its Motion for attorney's fees. "[T]he service and filing of a motion for sanctions 'must occur prior to final judgment or judicial rejection of the offending' motion.  Any argument to the contrary renders the safe harbor provision a mere formality. The provision cannot have any effect if the court has already denied the motion; it is too late for the offending party to withdraw the challenged contention." *In re Walker*, 532 F.3d 1304, 1309 (11th Cir. 2008).  Accordingly, Clear Spring's Rule 11 motion comes too late, and must be denied.

### VII.  CLEAR SPRING IS FORUM SHOPPING FOR FEES: THERE IS NO ENTITLEMENT TO FEES UNDER FLORIDA LAW

Clear Spring's Motion must also be denied because it seeks an award of attorney's fees and costs incurred in the separate State Action. In one breath, Clear Spring claims Wello must be sanctioned for so-called "forum shopping," and in the next seeks to bring its **state court claims** for fees incurred in a ***state court action*** before ***a federal forum***.  Rather than file a motion for attorney's fees in the State Court, Clear Spring filed its Motion here, where a selection of federal rules or law might potentially justify an award of fees.  The reason for Clear Spring's blatant forum shopping is obvious: it is ***not*** entitled to attorney's fees in the state court for the State Action.

As mentioned above, the "bedrock principle known as the American Rule" governs attorney fee awards in civil actions: "Each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Baker Botts L.L.P. v. ASARCO LLC*, 576 U.S. 121, 126, (2015).  This principal applies equally in federal courts and Florida state courts.  *See Bell v. U.S.B. Acquisition Co.*, 734 So. 2d 403, 406 (Fla. 1999).  Accordingly, in Florida, "[a]ttorney's fees cannot be awarded in the absence of a statutory or contractual basis specifically entitling a party to such fees." *RV-7 Prop., Inc. v. Stefani De La O, Inc.*, 187 So. 3d 915, 917 (Fla. Dist. Ct. App. 2016).

The Policy at issue here does ***not*** have a prevailing party provision.  Clear Spring did ***not***

Clear Spring v. Wello and Mom, LLC
Case No.: 1:21-cv-24234-RKA-ALTMAN
Response to Clear Spring Motion for Attorney Fees

take advantage of Fla. Stat. 57.105, a proposal for settlement, or any other statutory fee-shifting mechanic available under Florida law in the State Action. This means that there is **_no_** basis for the Florida state court to shift fees and award Clear Spring the attorney's fees it incurred in connection with the State Action.[3]   Accordingly, Clear Spring has decided to shop around and try its luck in a federal forum, by filing the Motion asking for an award of fees that would otherwise be unavailable to it under state law in a state forum.

However, Clear Spring does not cite to a single case, statute, or other authority entitling it to an award in **_this action_** of the fees it incurred in the **_State Action._**   Nor does it cite to any law authorizing this Court to award fees for a lawsuit **_not_** before it or giving this Court jurisdiction to award attorney's fees in a **_separate_** state court action.   Nor is there any authority for overriding the American rule which would apply to the award of fees in connection with the State Action. There are no circumstances which exist in this case which could possibly justify the award of attorney's fees for time spent in a separate action.  Accordingly, the Motion must be denied.

## VIII.    THE FORUM SELECTION CLAUSE WAS IMMATERIAL TO WELLO'S MOTION TO DISMISS

Clear Spring claims in the Motion that Wello omitted the existence of the Policy's forum selection clause in its Motion to Dismiss [D.E. #14] this action, justifying sanctions.  First of all, Wello concealed nothing.  The forum selection clause is found in the Policy, a copy of which **_is attached to Clear Spring's Amended Complaint as attachment No. 3_** [D.E. # 8-3]. Moreover, Clear Spring expressly drew the Court's attention to the paragraph containing a forum selection clause in Paragraphs 26, 33, 40, 48, and 57 of the Amended Complaint.

More importantly, the forum selection clause argument is a complete red herring raised by

---

[3] It is important to note that, in the event Clear Spring prevails in this federal action, it **_still_** will not be entitled to an award of attorney's fees as the prevailing party.

Clear Spring v. Wello and Mom, LLC
Case No.: 1:21-cv-24234-RKA-ALTMAN
Response to Clear Spring Motion for Attorney Fees

Clear Spring.  Wello was not required to note or mention the existence of the forum selection clause in its Motion to Dismiss because it was ***immaterial to the motion and to this Court's decision to abstain from accepting jurisdiction over this declaratory action***.  Whether there is a forum selection clause in the Policy, and whether that clause is valid, was ***completely irrelevant*** to the analysis of whether ***this case*** was premature, or whether the Court should decline to exercise jurisdiction over ***this case***.  The fact of the matter is that at the time of filing the Motion to Dismiss, ***there was a then-pending underlying State Action.***

That State Action would exist and continue to be pending in ***the state court*** unless and until the ***state court*** decided that the Underlying Action was improperly before it.  It was up to the ***state court, not*** this Honorable Court to dispose of the state court case.  The Motion to Dismiss argued that this Honorable Court lacked subject matter jurisdiction over this action because a request for a declaration of Clear Spring's duty to afford coverage in connection with the loss of the Boat was premature prior to conclusion of the underlying State Action. That fact did not change simply because there is a forum selection provision in the Policy – the State Action was still ongoing, and would be ongoing until the state court determined otherwise.  Ultimately, the state court did dismiss the State Action, but ***long after*** the parties had fully briefed the Motion to Dismiss.

Moreover, Wello was ***not*** arguing in the Motion to Dismiss that this Honorable Court was the ***improper forum*** for Clear Spring's claims; Wello argued that this Court ***lacked subject matter jurisdiction over this case due to the pendency of the State Action, and that principles of federalism support an exercise of discretion to decline jurisdiction.***  As long as the State Action was pending, this Court was only required to determine whether to dismiss and/or stay *this* action until the State Action was resolved, ***not*** whether this case was brought in the correct forum, and ***not*** whether the State Action was in the correct forum.

Clear Spring v. Wello and Mom, LLC
Case No.: 1:21-cv-24234-RKA-ALTMAN
Response to Clear Spring Motion for Attorney Fees

Equally importantly, Wello had good grounds to challenge the enforceability of the Policy's forum selection clause in the State Action. As explained in Wello's response [D.E. #36-2] to Clear Spring's motion to dismiss the State Action, validity and enforceability of a forum selection clause is a "procedural" matter determined in accordance with the law of the *forum*, rather than the law governing the contract. *Fendi S.r.l. v. Condotti Shops, Inc.*, 754 So. 2d 755, 757 (Fla. 3d DCA 2000). Thus, in Florida, even if the contract contains a choice of law provision designating the law of a different state, the law of the forum state is still used to determine whether the forum selection clause is valid and enforceable. *Golden Palm Hosp., Inc. v. Stearns Bank Nat. Ass'n,* 874 So. 2d 1231, 1234 (Fla. 5th DCA 2004).  As a result, in the State Action, the validity and enforceability of the forum selection clause in the Policy was required to be determined in accordance with ***Florida*** law, without regard to the choice of law provision contained in the Policy (which designates federal admiralty law, supplemented by the laws of the state of New York). Accordingly, the enforcement and viability of forum selection clauses under maritime contracts ***as evaluated by Federal Courts or under federal law or maritime law*** has no bearing on whether a ***Florida court, guided by Florida law,*** would find the exact same clause to be enforceable.

In ***Florida***, a Florida court may decline to enforce a forum selection clause if it is shown to be unreasonable or unjust. *Land O'Sun Mgmt. Corp. v. Commerce and Indus. Ins. Co.*, 961 So.2d 1078, 1080 (Fla. 1st DCA 2007). Florida courts use the *Manrique* test[4] for evaluating whether or not to enforce forum selection clause. *Haws & Garrett Gen. Contractors, Inc. of Ft. Worth v.*

---

[4] The test has three factors: "(1) that the chosen forum not be the result of unequal bargaining power by one of the parties; (2) that enforcement of the agreement does not contravene strong public policy enunciated by statute or judicial fiat in the forum where the litigation is required to be pursued or in the excluded forum; and (3) that the clause does not transfer an essentially local dispute into a foreign forum." *Land O'Sun*, 961 So.2d at 1080. A clause that ***violates any one*** of these three enumerated factors should not be enforced. *Id.*

Clear Spring v. Wello and Mom, LLC
Case No.: 1:21-cv-24234-RKA-ALTMAN
Response to Clear Spring Motion for Attorney Fees

*Panhandle Custom Decorators & Supply, Inc,* 500 So.2d 204, 205 (Fla. 1st DCA 1986); *Land O'Sun*, 961 So.2d at 1080; *Manrique*, 493 So.2d at 440. In the State Action, Wello argued that the forum selection clause failed the *Manrique* test because Wello had ***no bargaining power*** when negotiating the Policy – which is a contract of adhesion ("'a standardized contract, which, imposed and drafted by the party of superior bargaining strength [insurer], relegates to the subscribing party [insured] only the opportunity to adhere to the contract or reject it") – and the forum selection clause resulted in Wello involuntarily and unknowingly waiving its right to a jury trial. *Pasteur Health Plan, Inc. v. Salazar*, 658 So. 2d 543, 545 (Fla. 3d DCA 1995). And, separately from the above test, Florida requires that form contracts with non-negotiated forum selection clauses – in particular, form ***admiralty/maritime contracts such as cruise tickets*** – reasonably communicate to the consumer the importance of the clause and its impact on legal rights. *See, e.g., Early Auction Co. v. Koelzer*, 114 So. 3d 1038, 1040 (Fla. 4th DCA 2013); *Hirsch v. Klosters Rederi A/S*, 521 So.2d 316, 317 (Fla. 3rd DCA 1988); *AquaChile, Inc. v. Williams*, 332 So. 3d 532, 536 (Fla. 4th DCA 2021). Wello also argued in the State Action that the forum selection clause violated these reasonable communication requirements, and was thus unenforceable. Accordingly, Wello had a good faith basis for challenging the enforceability of the forum selection clause in the State Action.

## IX.   NO MISREPRESENTATION OF THE STATE COURT ACTION

Clear Spring next claims in the Motion that Wello misrepresented to this Court that the State Action was an "underlying action" for purposes of subject matter jurisdiction and federal abstention, which "misrepresentation" justifies the imposition of sanctions. Clear Spring's Motion claims that an "underlying action, by definition, does not refer to a mirror-image breach of contract claim between an insured and the insurer, but rather, it can only refer to tort litigation between the insured and a third-party claimant." Mot. P. 11. Clear Spring repeatedly claims that the State

Clear Spring v. Wello and Mom, LLC
Case No.: 1:21-cv-24234-RKA-ALTMAN
Response to Clear Spring Motion for Attorney Fees

Action was a "mirror-image state court action."  This is a complete misrepresentation.  The State Court action ***contained Wello's affirmative claims for damages for loss of the Boat***.  This action, on the other hand, contained ***no claims for damages whatsoever at the time the Motion to Dismiss was briefed.***  Thus, it cannot be said that the State Action was a "mirror image" of this action.  The only way that could be an accurate statement is if Clear Spring brought claims for declaratory relief in the State Action.  It chose not to do so, and brought no affirmative claims in the state court.

Further, even though there was no issue of third-party tort liability in the State Action, that does not mean there was no **underlying liability** that needed to be determined in the state court before this Court could declare the rights of the parties.  Had the state court not dismissed the State Action, it would have needed to determine the facts –the cause of the Boat's sinking, who was liable for the loss, the circumstances surrounding the loss, and the value of the loss.  Once the facts were established, then this Honorable Court could determine if the Policy exclusions cited by Clear Spring applied.  Accordingly, regardless of whether this case and the State Action involved first-party claims or third-party tort claims, the same considerations of ripeness and of federalism should have applied. And, at the end of the day, the State Action was the only action where Wello's claims for damages were pending at the time and could have been adjudged.

Further, even *if* Clear Spring is correct that a first-party breach of contract claim between an insured and an insurer could ***never*** be an "underlying action" whose pendency renders a declaratory action premature (Clear Spring cites to no authority establishing such a bright-line rule[5]), this Court could *still* have declined to exercise jurisdiction over this case.  A federal court may decline jurisdiction ***over any declaratory action.***  28 USC § 2201 permits a district court, in

---

[5] Clear Spring cites to the case of *Marr Invs., Inc. v. Greco*, 621 So. 2d 447 (Fla. Dist. Ct. App. 1993), as amended on reh'g (May 19, 1993) in support of its "definition" of underlying action. However, *Marr* was a state court action with no second lawsuit involved.

Clear Spring v. Wello and Mom, LLC
Case No.: 1:21-cv-24234-RKA-ALTMAN
Response to Clear Spring Motion for Attorney Fees

the sound exercise of its discretion, to stay or to dismiss this action seeking declaratory judgment before trial or after all arguments have drawn to a close. *See* 28 U.S.C. § 2201(a); *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995).  Accordingly, Wello raised a viable alternative basis for dismissal or stay in its Motion to Dismiss.

## X.   <u>WELLO'S CONDUCT DOES NOT MERIT SANCTIONS</u>

It is clear from the above overview of the arguments made by Wello and Clear Spring in this action that Wello's conduct in this action does not constitute misconduct, and certainly does not rise to the level of misconduct which meets the high standards required to sanction an attorney under Rule 11, 28 U.S.C. 1927, or the Court's inherent authority.

<u>**Rule 11**</u>:  Here, Wello's signing of (1) the Motion to Dismiss this action; (2) its reply in support of the Motion to dismiss; and its (3) response in opposition to Clear Spring's motion to dismiss the State Action were all in compliance with Rule 11.  The signer(s) of these documents read the documents, conducted a reasonable inquiry in the facts and the law, determined the documents were well-founded, and had no improper motive in filing same.  In light of the above survey of the law regarding dismissal of declaratory actions and Florida state court's policies on enforcing forum selection clauses, it is clear that, **<u>under the circumstances and the status of this case and the State Action at the time,</u>** the attorneys who signed those pleadings reasonably satisfied Rule 11's certification standard.

<u>**28 U.S.C. § 1927 and Inherent Authority**</u>:  Sanctions under 28 U.S.C. § 1927 and the Court's inherent authority have similar standards, as explained above. "[B]oth require, in addition to objective frivolity, a finding that counsel engaged in conduct that was at least 'tantamount to bad faith.'" *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1180 (11th Cir. 2005).  Both powers must only be wielded in instances of serious misconduct and with restraint and great discretion.  There

Clear Spring v. Wello and Mom, LLC
Case No.: 1:21-cv-24234-RKA-ALTMAN
Response to Clear Spring Motion for Attorney Fees

can be no question that the relevant conduct fails to meet the exacting standards of both powers.

Firstly, there was no unreasonable or vexatious multiplication of proceedings caused by Wello's filing of the Motion to Dismiss this action or pursuit of the State Action.  Wello filed but a single motion to dismiss – motions to dismiss are filed routinely in almost every court action – for which Clear Spring had to file but one response.  And, even if Wello chose to forego its underlying action arguments, its argument concerning the Court's discretion to decline any declaratory action would have remained (meaning the Motion to Dismiss still would have required a ruling).  Oral argument was not even necessary on the Motion to Dismiss due to the ultimate mooting of the issue and dismissal of the motion as moot.  There has been minimal delay in this action due to the pendency of the Motion to Dismiss, and in the meantime, the parties agreed to a joint scheduling order for this case which sets critical deadlines for key tasks.  The Motion to Dismiss is done, and now Clear Spring must file an answer to the Amended Complaint.

Secondly, there was no bad faith on the part of Wello, and Clear Spring certainly has not presented the Court with clear and convincing evidence of same.  Wello had good reason and a solid basis for each motion, response, and reply it filed throughout this action and the State Action, as explained in the filings and in this Response.  There was no knowing or reckless pursuit of frivolous claims by Wello, and no obstruction of any other claim in this action.  Wello's filings and arguments in this case are, on their face, not frivolous.  Clear Spring is simply grasping at straws in an attempt to evade its ultimate liability, deplete Wello's resources, and to obtain an award of fees for time spent in a state action that are not awardable.

### E.  <u>CONCLUSION</u>

For the reasons stated above, Clear Spring's Motion for attorney's fees must be denied.

**WHEREFORE**, Wello respectfully requests that this Court DENY Clear Spring's Motion.

Clear Spring v. Wello and Mom, LLC
Case No.: 1:21-cv-24234-RKA-ALTMAN
Response to Clear Spring Motion for Attorney Fees

## **REQUEST FOR HEARING**

In the event that this Court does not summarily deny Clear Spring's Motion for Attorney's Fees due to Clear Spring's violation of Local Rule 7.3 and Federal Rule of Civil Procedure 11, Wello hereby requests a hearing on the Motion. Wello estimates a one- to two- hour hearing will be required, depending on whether this Court hears the issue of entitlement separately from the issue of the amount of fees to potentially be awarded. A hearing will be helpful to the Court due to the fact that the Court must examine the facts and circumstances surrounding the filing of the Motion to Dismiss and other documents complained of by Clear Spring in the Motion. Wello must also be permitted to explain why it made certain arguments, and how those arguments have merit. Argument from Wello will assist the Court in understanding that there was no unreasonable or vexatious conduct here, or any multiplication of proceedings. And, argument from the parties will help to clarify for the Court and explain the connected procedural history of the two cases involved – this action and the State action – and assist the Court in understanding what exactly Clear Spring seeks here (an award of fees incurred in the state court) and why such a request must be denied.

Moreover, the Court will need to hear testimony as to the inquiry conducted by the undersigned into the facts and law surrounding Wello's Motion to Dismiss, to evaluate sanctions under Rule 11. The Court will need to hear testimony to determine if Wello or the undersigned acted in bad faith, which is required for the Court to impose sanctions under its inherent authority or 28 U.S.C. § 1927 (and Clear Spring must present at such hearing clear and convincing evidence of bad faith). The analysis of whether Wello's conduct is sanctionable requires analysis of the facts to determine if the standards for Rule 11, 28 U.S.C. § 1927, and inherent authority sanctions are met, and oral argument and receipt of evidence and testimony on these matters will greatly assist the court in making such determinations.

Clear Spring v. Wello and Mom, LLC
Case No.: 1:21-cv-24234-RKA-ALTMAN
Response to Clear Spring Motion for Attorney Fees

Finally, if the Court does determine that Clear Spring is *entitled* to an award of attorney's fees, Wello requests the opportunity to present expert testimony on the reasonableness of the time spent by Clear Spring on these matters, and the fees sought by Clear Spring.  It will be helpful to the Court to receive evidence as to the amount of fees charged, description of tasks billed, and amount of hours billed for each task, as well as to the reasonableness of all of the above.

DATED: July 26th, 2022

Respectfully submitted,
MARTINEZ MORALES
2600 S. Douglas Road, Suite 305
Coral Gables, FL 33134
T: 305-501-5011
F: 786-272-7997
rmorales@mmlawfl.com
csalem@mmlawfl.com


By: */s/ Raul Morales*_____
      **RAUL MORALES**
      **FBN: 065307**
      **ANGELA BOUSALIS**
      **FBN: 111379**


**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on all counsel of record on **July 26th, 2022,** via the CM/ECF system.

By: */s/ Raul Morales*_____
      **RAUL MORALES**
      **ANGELA BOUSALIS**

MM | MARTINEZ MORALES
     Attorneys at Law

*2600 S. Douglas Road, Suite 305, Coral Gables, FL 33134, T: 305-501-5011, F: 786-272-7997*