**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**IN ADMIRALTY**

**CLEAR SPRING PROPERTY AND**
**CASUALTY COMPANY**,

    Plaintiff,

vs.                                      Case No. 1:21-cv-24234-RKA

**WELLO AND MOM, LLC**,

    Defendant.
_____/

**PLAINTIFF'S MOTION FOR A BENCH TRIAL**

COMES NOW the Plaintiff CLEAR SPRING PROPERTY AND CASUALTY COMPANY (hereinafter "CLEAR SPRING"), by and through its undersigned attorneys, pursuant to Local Rule 7.1 of the United States District Court for the Southern District of Florida and this Court's Order Setting Trial and Pre-Trial Schedule, Requiring Mediation, and Referring Certain Matters to Magistrate Judge [ECF No. 49] (hereinafter "the Scheduling Order"), and files this its Motion For A Bench Trial. Further thereto, Plaintiff would respectfully state as follows:

**RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

CLEAR SPRING, a foreign corporation incorporated in Texas, is a marine insurance company which issued a policy affording Hull & Machinery coverage on a vessel which for insurance purposes was described as a Lolotte, 2003 40' Sunseeker with Suzuki triple 300hp gas engine, XSK02857F304 vessel (hereinafter "the Vessel"). *See* Policy No. CSRYP/204845 (hereinafter "the Policy), a true and correct copy of which was previously filed as ECF No. 8-3, at

1. The Vessel was alleged to have been owned by the Defendant, WELLO AND MOM, LLC (hereinafter "WELLO"). WELLO is incorporated in Florida.[1]

On December 2, 2021, CLEAR SPRING filed its original Complaint for Declaratory Judgment (hereinafter "the Complaint"), invoking the admiralty jurisdiction of this Court per Rule 9(h), seeking a declaration that the Policy affords no coverage for the alleged damage sustained by the Vessel as a result of a partial sinking on or about September 27, 2021, due to lack of fortuity, exclusions for wear and damage to the Vessel's engines, mechanical and electrical parts unless caused by an accidental external event, unseaworthiness, material misrepresentation of fact in the application, and breach of the fire extinguishing equipment warranty. *See* ECF No. 1, at 4-13. CLEAR SPRING filed a corrected Complaint on February 18, 2022. *See* ECF No. 8.

WELLO, or its counsel, then set upon a scheme of forum shopping in an attempt to have this instant action dismissed, in favor of a mirror-image breach of contract action in Florida state court which it filed three months after the instant action.[2] The Defendant has admitted that its reason for attempting to get this matter dismissed so that it could proceed in state court instead is because of CLEAR SPRING's election for admiralty procedure: WELLO has admitted that "[i]n admiralty, there is no right to a jury trial."[3]

---

[1] *See Defendant's Answer, Affirmative Defenses, and Counterclaim* on July 26, 2022 (hereinafter "the Defendant's Answer") [ECF No. 43], at ¶5 (admitting CLEAR SPRING's allegation that WELLO is incorporated in Florida).

[2] *See Defendant's Motion to Dismiss Amended Complaint*, dated March 22, 2022 [ECF No. 14], Plaintiff's *Notice of Dismissal of Defendant's Mirror-Image State Court Action*, dated June 30, 2022 [ECF No. 32], and the Court's Paperless Order denying ECF No. 14 as moot, dated July 5, 2022 [ECF No. 35].

[3] *Defendant Wello and Mom LLC's Response to Plaintiff's Motion for Attorney's Fees*, dated July 26, 2022, ECF No. 44, at 2.

After those machinations failed and WELLO's Motion to Dismiss was denied, WELLO finally filed its *Answer, Affirmative Defenses, and Counterclaim* on July 26, 2022 (hereinafter "the Defendant's Answer") [ECF No. 43]. In obvious recognition of the fact that they have no such right, the Defendant's Answer does not contain a jury demand.

Although CLEAR SPRING elected to proceed in admiralty and the Defendant did not make a jury demand, the Court's Scheduling Order states that "[t]he parties shall file […] motions for a bench trial" on or before January 18, 2023. ECF No. 49, at 2.

## ARGUMENT

As counsel for the Defendant well knows, CLEAR SPRING is entitled to have this matter heard at a bench trial because the Plaintiff elected to proceed in admiralty per Rule 9(h) and this court has admiralty jurisdiction pursuant to 28 U.S.C. § 1333. *See* ECF No.'s 1 and 14, at ¶3. When CLEAR SPRING elected to proceed in admiralty, it "claimed the special benefits of admiralty procedures, including a non-jury trial." *St. Paul Fire & Marine Ins. Co. v. Lago Canyon, Inc.*, 561 F.3d 1181, 1188 (11th Cir. 2009). The Defendant did not make a jury demand in its Answer. *See* ECF No. 43. But even if it had or does at some later time, the benefits of CLEAR SPRING's election for admiralty procedure cannot be undone by a defendants' demand for a jury trial on their counterclaims, even where there may exist a separate jurisdictional basis for those claims. *St. Paul*, 561 F.3d at 1188.

1. **There Is No Right to a Jury Trial In Admiralty**

Under Federal Rule of Civil Procedure 9(h), "[i]f a claim for relief is within the admiralty or maritime jurisdiction and also within the court's subject-matter jurisdiction on some other ground, the pleading may designate the claim as an admiralty or maritime claim[.]" Fed. R. Civ.

3

P. 9(h)(1). The Federal Rules of Civil Procedure "do not create a right to a jury trial on issues in a claim that is an admiralty or maritime claim under Rule 9(h)." Fed. R. Civ. P. 38(e). In short, "there is no right to a jury trial" in admiralty cases. *Beiswenger Enters. Corp. v. Carletta*, 86 F.3d 1032, 1037 (11th Cir. 1996). CLEAR SPRING elected to proceed in admiralty per Rule 9(h) and this court has admiralty jurisdiction pursuant to 28 U.S.C. § 1333. *See* ECF No.'s 1 and 14, at ¶3.

"It is well settled that cases involving marine contracts give rise to admiralty jurisdiction." *St. Paul*, 561 F.3d at 1184; *see also All Underwriters v. Weisberg*, 222 F.3d 1309, 1312 (11th Cir. 2000) ("Federal courts have long considered actions involving marine insurance policies to be within the admiralty jurisdiction of the federal courts[.]"). "Marine insurance contracts," like the Policy at issue in this case, "qualify as maritime contracts, which fall within the admiralty jurisdiction of the federal courts and are governed by maritime law." *GEICO Marine Ins. Co. v. Shackleford*, 945 F.3d 1135, 1139 (11th Cir. 2019). There is a "longstanding tradition in admiralty proceedings that the pleader has the right to determine procedural consequences (including the right to a jury trial) by a simple statement in his pleading that the claim is an admiralty claim." *St. Paul*, 561 F.3d at 1188 (citing Fed. R. Civ. P. 9(h), Advisory Committee Note, 39 F.R.D. 69, 75–76 (1966)).

    **2.** **The Defendant Cannot Undo CLEAR SPRING's Election for Admiralty Procedure By Seeking A Jury Trial**

Under federal admiralty law, the rule in the Eleventh Circuit is that when a plaintiff marine insurer files a declaratory judgment action premised on admiralty jurisdiction and demands a bench trial, the election for a bench trial cannot be undone by the defendant's assertion of a counterclaim, even when that counterclaim is based on a different jurisdictional basis. 561 F.3d at 1188. This rule has been consistently followed by the district courts in the Eleventh Circuit. *Adams v. Paradise*

4

*Cruise Line Operator, Ltd.*, 2020 WL 2513100, p. 1 (S.D. Fla. 2020), *National Union Fire Ins. Co. of Pittsburgh, P.A. v. Vinardell Power Systems, Inc.*, 2019 WL 1440383, p. 4 (S.D.Fla.2019), *Great Lakes Reinsurance (UK) PLC v. Soriano*, 2015 WL 12778783, p. 2 (S.D.Fla.2015), *Travelers Prop. Cas. Co. of America v. Ivy Marine Consultants, L.L.C.*, 2015 WL 2128935, p. 2 (S.D. Ala. 2015), *Great Lakes Reinsurance (UK) PLC v. Kan-Do, Inc.*, 2013 WL 2249291, p. 2 (S.D. Fla. 2013), *New Hampshire Ins. Co. v. Wiregrass Construction Co.*, 2010 WL 3339019 (S.D. Ala. 2010). Where the defendant in such an action files a counterclaim based on diversity jurisdiction and demands a jury, the proper response is the for the district court to strike the jury demand. *Id*.

The binding decision of the Eleventh Circuit Court of Appeals in the *St. Paul* matter concerned a case that was effectively identical to the present one. *St. Paul*, *supra*. Exactly like the present matter, *St. Paul* arose out of a policy of marine insurance affording first-party property damage coverage for a vessel. *Id.*, at 1183. Following a loss caused by a corroded hose barb, the marine insurer brought a declaratory judgment action seeking a ruling that coverage for the loss was barred by the policy's exclusion for losses caused by corrosion. *Id*. In response, the insured filed a mirror-image counterclaim alleging breach of contract and requesting a jury trial. *Id.*, at 1185. Had WELLO made a jury demand, CLEAR SPRING would have moved to strike, just as the insurer did in *St. Paul*. *Id*. The district court granted the insurer's motion and the Eleventh Circuit affirmed. *Id*. The Eleventh Circuit held that, "[B]y electing to proceed under Rule 9(h), rather than by invoking diversity jurisdiction, the plaintiff may preclude the defendant from invoking the right to trial by jury which may otherwise exist." *Id.*, at 1188 (internal quotations and citations omitted).

5

Of course, this is the precise rule followed by the vast majority of courts throughout this country. *Harrison v. Flota Mercante Grancolombiana, S.A.*, 577 F.2d 968; 1979 A.M.C. 824 (5th Cir. 1978), *Great Lakes Reinsurance (UK) SE v. Herzig*, 413 F.Supp.3d 177, 185-86; 2019 A.M.C.2683 (S.D.N.Y. 2019), *Great Lakes Ins. SE v. Crabtree*, No. 20-81544-CIV, 2022 WL 110686, at *4 (S.D. Fla. Jan. 12, 2022); *Starnet Ins. Co. v. LA Marine Services LLC*, 2017 WL 3116468, p. 2 (E.D. La. 2017), *St. Paul Fire & Marine Ins. Co. v. Abhe & Svoboda, Inc.*, 2017 WL 2274956, p. 6 (D. Minn. 2017), *Markel American Ins. Co. v. Linhart*, 2012 WL 2930207, p. 4 (E.D.N.Y. 2012), *American Steamship Owners Mut. Protection and Indemnity Assoc. Inc. v. Lafarge North American, Inc.*, 2008 WL 2980919, p. 2 (S.D.N.Y. 2008), *Great Lakes Reinsurance (UK) PLC v. Durham Auctions, Inc.*, 2008 WL 11435692, p. 2 (S.D. Miss. 2008), *ING Groep, NV v. Stegall*, 2004 A.M.C. 2992 (D. Colo. 2004), *Windsor Mount Joy Ins. Co. v. Johnson*, 264 F.Supp.2d 158, 163; 2003 A.M.C. 2174 (D.N.J. 2003), *Jefferson Ins. Co. of New York v. Maine Offshore Boats, Inc.*, 2001 A.M.C. 2171 (D. Me. 2001), *Clarendon American Ins. Co. v. Rodriguez*, 1999 A.M.C. 2885 (D.P.R. 1999).

The present matter is identical in many ways to the Eleventh Circuit's binding decision in the *St. Paul* case. *Supra*. The present matter is a marine insurance coverage action arising out of a policy of marine insurance on a vessel. ECF No,'s 1 and 8, at ¶1. CLEAR SPRING initiated this declaratory judgment action, invoked the court's admiralty jurisdiction and designated this action as an admiralty action under Fed.R.Civ.P. 9(h). *Id.*, at ¶3. CLEAR SPRING requested that any action in this matter be a bench trial. *Id.*, at ¶1. However, unlike the Defendant in *St. Paul*, the WELLO did not demand a jury trial (though that may change in the future, given Defendant's

opposition to the instant motion). *See* ECF No. 43. Under the Eleventh Circuit's binding decision in *St. Paul*, the Defendant has no right to a jury and this matter should be set for a bench trial.

This Court has just recently ruled on this exact issue in another case. In the matter of *Great Lakes Ins. SE v. Crabtree*, No. 20-81544-CIV, 2022 WL 110686 (S.D. Fla. Jan. 12, 2022), the insurer, Great Lakes Insurance SE (hereinafter "Great Lakes") filed a declaratory judgment action in the Southern District of Florida and specifically invoked the court's maritime jurisdiction under 28 U.S.C. § 1333 and Federal Rule of Civil Procedure 9(h), just like CLEAR SPRING in the present matter. *Id.*, at *2. The Defendant insureds made a jury demand in their answer. *Id*. Great Lakes moved to strike the insureds' jury demand, which this Court granted, stating:

> Indeed, in cases where "the marine insurance policy that [the defendant-insured] seeks to enforce in its breach of contract counterclaim is the very contract" under which the plaintiff-insurer "seeks to have the Court interpret its declaratory judgment action"—and where the plaintiff "has also properly invoked the District Court's admiralty jurisdiction under Rule 9(h)"—a bench trial is appropriate. *Great Lakes Reinsurance (UK) PLC v. Soriano*, 2015 WL 12778783, at *2 (S.D. Fla. June 24, 2015) (Goodman, Mag. J.).

*Id.*, at *4. Although grounds existed for diversity jurisdiction in the *Crabtree* case, this Court explicitly recognized that the existence of alternative grounds for jurisdiction does nothing to change the rule :

> "[I]f there are two grounds for jurisdiction in the same case—such as admiralty and diversity jurisdiction—Rule 9(h) provides that the plaintiff may elect to proceed in admiralty." *St. Paul Fire & Marine Ins. Co. v. Lago Canyon, Inc.*, 561 F.3d 1181, 1184 (11th Cir. 2009). "[I]n such dual jurisdiction cases, the plaintiff may elect to proceed in admiralty under Rule 9(h), rather than under diversity jurisdiction, and thereby preclude a defendant from exercising his right to trial by jury." *Id.* at 1184.

*Id.*, at *2.

The undersigned does not deny that the potential for diversity jurisdiction exists in the present case: CLEAR SPRING is a foreign corporation incorporated in Texas and WELLO is a

7

Florida corporation. But that does not entitle the Defendant to a jury trial on their counterclaims, as they have already admitted on the record. The only difference between the recent *Crabtree* case and the instant matter and is that the insureds in *Crabtree* made an erroneous jury demand which the insurer moved to strike; here, the Defendant, or its counsel, is clearly aware that no such right exists and therefore made no such demand. As such, any opposition to the present motion by WELLO should be disregarded.

## CONCLUSION

For the foregoing reasons, it is clear that CLEAR SPRING's motion should be granted because it elected to proceed in admiralty, the Defendant did not make a jury demand, and they would have no right to a jury trial on their counterclaims even if they had. The Defendant's current opposition to the present motion, despite their clear acknowledgement previously stated on the record that there is no right to a jury trial in admiralty, is further evidence of its and/or its counsel's bad faith in this litigation, for which CLEAR SPRING intends to seek sanctions.[4]

WHEREFORE, the Plaintiff CLEAR SPRING PROPERTY AND CASUALTY COMPANY respectfully urges this Court to grant its Unopposed Motion For A Bench Trial, and to award all such further relief as it may be deemed appropriate in the premises.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3), the undersigned counsel certifies that they attempted to confer with Cristina Salem, Esq., counsel for Defendant, via email on August 30, 2022, and she advised that Defendant opposes the motion for a bench trial.

---

[4] *See* Court's Paperless Order, dated August 2, 2022 [ECF No. 48], denying without prejudice [36] the Plaintiff's Motion for Attorney's Fees, permitting the Plaintiff to "refile its motion for Attorney's Fees, and any subsequent motion for fees or sanctions, at the end of the litigation."

Dated:	September 1, 2022
	Fort Lauderdale, Florida

        Respectfully submitted,

        GOLDMAN & HELLMAN
        *Attorneys for Plaintiff*
        8751 W. Broward Boulevard
        Suite 404
        Fort Lauderdale, FL 33324
        Tel (954) 356-0460
        Fax (954) 832-0878

        By: /s/ Steven E. Goldman
        STEVEN E. GOLDMAN
        FLA. BAR. NO. 345210

        By: /s/ Jacqueline L. Goldman
        JACQUELINE L. GOLDMAN
        FLA. BAR. NO. 1005573

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 1, 2022 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send an electronic Notice of Filing to all counsel of record.

Raul Morales, Esq.
Cristina Salem, Esq.
MARTINEZ MORALES
2600 S. Douglas Road, Suite 305
Coral Gables, FL 33134
T: 305-501-5011
F: 786-272-7997
rmorales@mmlawfl.com
csalem@mmlawfl.com

          GOLDMAN & HELLMAN
          *Attorneys for Plaintiff*
          8751 W. Broward Boulevard
          Suite 404
          Fort Lauderdale, FL 33324
          Tel (954) 356-0460
          Fax (954) 832-0878

          By: /s/ Steven E. Goldman
          STEVEN E. GOLDMAN
          FLA. BAR. NO. 345210

          By: /s/ Jacqueline L. Goldman
          JACQUELINE L. GOLDMAN
          FLA. BAR. NO. 1005573