UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
IN ADMIRALTY

**CLEAR SPRING PROPERTY AND CASUALTY COMPANY**,

    Plaintiff,

vs.

Case No. 1:21-cv-24234-RKA

**WELLO AND MOM, LLC**,

    Defendant.

_____/

**PLAINTIFF'S MOTION FOR LEAVE TO FILE
SECOND AMENDED COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW the Plaintiff CLEAR SPRING PROPERTY AND CASUALTY COMPANY (hereinafter "CLEAR SPRING"), by and through its undersigned attorneys, pursuant to Rules 15 and 16 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of Florida, and files this its Motion for Leave to File Second Amended Complaint for Declaratory Judgment, and further thereto would respectfully states as follows:

1. The instant action is one for declaratory relief in which the Plaintiff asks this Court to adjudicate and determine the rights of the parties to a contract of marine insurance. Jurisdiction for the declaratory judgment is founded upon Rule 9(h) of the Federal Rules of Civil Procedure and 28 U.S.C. sec. 1333, granting admiralty jurisdiction to the courts of the United States.

2. This litigation arises out of an incident for which Defendant submitted a claim asserting that a vessel (hereinafter "the Vessel") owned by the Defendant and insured by the Plaintiff under Policy No. Policy No. CSRYP/204845 (hereinafter "the Policy," a true and correct

1

copy of which was previously filed as ECF No. 8-3) suffered a partial sinking on September 27, 2021 (hereinafter "the incident").

3. Following an investigation into the facts and circumstances of the incident, CLEAR SPRING denied coverage for the incident due to lack of fortuity, policy exclusions for wear and tear and damage to the Vessel's engines, mechanical and electrical parts unless caused by an accidental external event, breaches of the Policy's implied and explicit warranties of seaworthiness, material misrepresentation of facts at the time of underwriting, and breach of the Policy's express warranty concerning annual certification and tagging of the Vessel's fire extinguishing equipment. *See Amended Complaint for Declaratory Judgment,* ECF No. 8, at ¶¶'s 17-63.

4. CLEAR SPRING filed its original Complaint for Declaratory Judgment on December 2, 2021 [ECF No. 1], and filed its corrected Amended Complaint on February 18, 2022 [ECF No. 8].

5. The Fifth Cause of Action – material misrepresentation of fact per the federal admiralty doctrine of *uberrimae fidei*, or utmost good faith – concerns the Defendant's alleged failure to disclose a prior loss from 2016 (hereinafter "the 2016 loss"). ECF No. 8, at ¶50.

6. On August 9, 2022, the Court issued its Order Setting Trial and Pre-Trial Schedule, Requiring Mediation, and Referring Certain Matters to Magistrate Judge (hereinafter "the Scheduling Order" [ECF No. 49], setting September 29, 2022 as the file all motions to amend pleadings. *Id.*, at 2.

7. Since then, the parties have been diligently engaging in discovery.

8. The 30(b)(6) Corporate Representative of the Assured was deposed yesterday, Wednesday, November 30, 2022. A true and correct copy of the aforesaid Deposition Notice is attached hereto as Exhibit 1.

9. During the deposition of the Defendant's 30(b)(6) Corporate Representative, it came to light that the Defendant had suffered an additional loss to the same Vessel in May 2018[1] (hereinafter "the 2018 loss") which was also not disclosed to Underwriters.

10. Promptly upon learning of the 2018 loss, the undersigned thereafter immediately recommended to its client that the undersigned be authorized to seek leave to amend to include the additional material misrepresentation as a basis for denial of coverage.

11. Despite both the 2016 loss and the 2018 loss, the Defendant answered "none" to the question on the Renewal Questionnaire submitted to Underwriters in July 2021 (a true and correct copy of which was previously filed as ECF No. 8-2) requesting information on "[a]ll losses in the past 10 years (whether insured or not), including payment amount and current status" [*see* ECF No. 8-2, at 3]. Indeed, at no time during the renewal process for the Policy (or any prior policy) did the Defendant disclose either the 2016 or the 2018 loss.

12. Had the Defendant properly disclosed the 2016 loss and/or the 2018 loss, Underwriters would have charged a higher premium, required different policy terms, and/or declined to issue a policy under any circumstances.

13. The Renewal Questionnaire states, in relevant part:

[…]

Misrepresentations: Any misrepresentation in this renewal questionnaire will render insurance coverage null and void from inception. Please therefore check to

---

[1] The undersigned counsel for the Plaintiff is unable to provide a transcript of the testimony of the Defendant's 30(b)(6) Corporate Representative at this time, but will provide the Court with a copy of the same as soon as possible, should the Court require it.

>    make sure that all questions have been fully answered and that all facts material to your insurance have been disclosed, if necessary by a supplement to this questionnaire.

ECF No. 8-2, at 5.

14. The Policy states, in relevant part:

>    **General Conditions and Warranties**
>
>    [….]
>
>    m. This contract is null and void in the event of non-disclosure or misrepresentation of a fact or circumstances material to our acceptance or continuance of this insurance. No action or inaction by us shall be deemed a waiver of this provision.
>    .

ECF No. 8-3, at 13.

15. As can be seen from the timeline provided above, the undersigned diligently sought discovery from the Defendant, and only just learned of the Defendant's additional prior loss in 2018.

16. The Defendant would not be prejudiced by the inclusion of these additional material misrepresentations and opposing counsel is free to reconvene the deposition of the Plaintiff's 30(b)(6) Representative (which was held on October 19, 2022) concerning the proposed new allegations.

17. This Motion is made in good faith and not for the purposes of delay, nor will it prejudice any party.

18. Defendant opposes the relief sought herein.

## **ARGUMENT**

Federal Rules of Civil Procedure 15(a)(2) states, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Good cause per the Fed.R.Civ.P. 16(b) exists for the amendment as the facts

which form the basis of the amendment were recently learned in the course of discovery. The Defendant cannot credibly claim that it would be prejudiced by the inclusion of the allegations concerning the 2018 loss because such information was always known to the Defendant, and is merely an additional instance of a claim already alleged, i.e., material misrepresentation of fact.

1. **Legal Standard**

Rule 15(a) of the Federal Rules of Civil Procedure provides that "a party may amend the party's pleadings… by leave of court… and leave shall be freely given when justice so requires." "A liberal, pro-amendment ethos dominates the intent and judicial construction of Rule 15(a)." 3 Moore's Federal Practice, sec. 15.14[1], p. 15-26 (3d ed. 1999). It is well established that Rule 15(a) reflects a policy of "liberally permitting amendments" and absent a "substantial reason to deny leave to amend" a plaintiff's request should be granted. *Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984). Where amendment is sought after the deadline to amend pleadings in the scheduling order has passed, the party seeking to amend may seek modification of the scheduling order only "upon a showing of good cause." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting Fed.R.Civ.P. 16(b)). This good cause standard precludes modification unless the schedule cannot "be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's note.

Whether or not to allow an amendment is within the sound discretion of the Court. *Best Canvas Products & Supplies, Inc. v. Ploof Truck Lines, Inc.*, 713 F.2d 618, CITE (11th Cir. 1983). Amendments even as late as the summary judgment stage are permitted where "there is no showing of bad faith or undue prejudice." *Anthony v. City of New York*, 339 F.3d 129, 138, fn. 5 (2d Cir. 2003).

5

## 2. Leave To Amend Should Be Granted Because CLEAR SPRING Diligently Sought Discovery from the Defendant and Quickly Sought Leave to Amend

The allowance of amendments under Fed.R.Civ.P. 15 is so liberal that, where new evidence is found during discovery, amendment should be allowed even after the court's own deadline for filing amended pleadings has passed. *Callaway Golf Co. v. Dunlop Slazenger Group Americas, Inc.*, 295 F.Supp.2d 430 (D. Del. 2003). *See also Perez Ramones v. AR Res., Inc.*, No. 19-62949CIV, 2021 WL 247999, at *3 (S.D. Fla. Jan. 7, 2021), *aff'd sub nom. Perez Ramones v. Experian Info. Sols., LLC*, No. 19-62949-CIV, 2021 WL 244975 (S.D. Fla. Jan. 25, 2021) (granting plaintiff's motion to amend where neither party disputed that the discovery had not been obtained until after the deadline to amend had passed); *Southpoint Condo. Ass'n, Inc. v. Lexington Ins. Co.*, No. 19-cv-61365, 2020 WL 639400, at *4 (S.D. Fla. Feb. 11, 2020) (good cause is satisfied where the motion to amend was brought within weeks of a party discovering the documents and records at issue); *Allegheny Cas. Co. v. Archer-W./Demaria Joint Venture III*, No. 8:13-CV-128-T-24TGW, 2014 WL 10915507, at *3 (M.D. Fla. June 16, 2014) (finding good cause for delay in seeking leave to amend affirmative defenses where the information was revealed in discovery after the answer and affirmative defenses had initially been filed and the motion was made within four weeks of learning the new information).

Just like the present case, the *Calloway* case concerned new evidence which the moving party only became aware of during discovery. *Id.*, at 433. Notwithstanding the plaintiff's objections that the deadline for amending pleadings had passed, the court in *Calloway* granted the defendant's motion because discovery was far from complete and Rule 15 embodies a very liberal policy of amendment. *Id*. As stated above, the undersigned only just learned of the 2018 loss yesterday in deposition.

On the other hand, leave to amend can be denied where a party failed to act diligently. In the case of *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998), the district court denied the plaintiff's motion to amend where she brought a complaint under the ADEA and the FCRA, but failed to seek discovery as to the numerosity requirement of both statutes until months after the deadline to amend; in addition, the amendment sought to include information which the plaintiff had been aware of previously, even prior to litigation. *Id.* The exact opposite situation is presented here where the Plaintiff only just learned of the 2018 loss in deposition.

The *Virciglio* case is instructive. *Virciglio v. Work Train Staffing LLC*, 674 F. App'x 879 (11th Cir. 2016). There, the Eleventh Circuit affirmed the district court's decision to grant leave to amend. *See id.*, 674 F. App'x at 885. The defendant employer terminated the plaintiff employee and notified him that he would still receive health insurance for the month of January 2012. *See id.* at 883. The plaintiff, however, did not receive any health insurance in January 2012 and assumed the defendant failed to register for the insurance despite a deduction in his paycheck for "[h]ealth." *Id.* (alteration added). After the deadline to amend pleadings passed, the plaintiff learned during a deposition that the defendant had purchased and retroactively cancelled the plaintiff's health insurance for January 2012. *Id.*, at 884. The defendant's conduct triggered coverage under the Comprehensive Omnibus Budget Reconciliation Act ("COBRA"), so the plaintiff sought leave to amend his complaint to add a COBRA notice claim. *Id.*, at 885. Despite the plaintiff receiving a verbal notice from the defendant and a "health" deduction in his paycheck, the lower court still found the plaintiff did not have knowledge of the coverage until his deposition. *Id.* The Eleventh Circuit agreed, holding that "in spite of his diligence, [the] [p]laintiff did not have the information necessary to assert a viable COBRA notice claim until after the amendment

7

deadline expired." *Id.* (alterations added; citation omitted). Like the plaintiff in *Virciglio*, CLEAR SPRING did not become aware of the 2018 loss until after the deadline to amend had passed.

3. **Leave to Amend Should Not Be Denied Where CLEAR SPRING Merely Seeks to Add New Instances Of A Claim That Has Already Been Alleged**

Leave to amend should not be denied here where CLEAR SPRING is seeking to add additional instances of material misrepresentation, which is the fifth cause of action already alleged in the Complaint. *See Chrysler Corp. v. Fedders Corp.*, 540 F. Supp. 706, 715–16 (S.D.N.Y. 1982): (discussing "many factors […] which would justify permitting a belated amendment of claims," including "if a party merely seeks to add new instances of prior statutory violations […], then a trial court would be unwarranted in denying leave to amend.") *See also Peterson v. California*, No. 1:10-CV-01132-SMS, 2011 WL 3875622, at *3 (E.D. Cal. Sept. 1, 2011) ("Certain factors may justify permitting late amendment of pleadings: […] new instances of previously alleged statutory violations…") (citing *Chrysler*); *Wechsler v. Hunt Health Sys., Ltd.*, 186 F. Supp. 2d 402, 417 (S.D.N.Y. 2002) (quoting *Chrysler* and discussing "factors that *would* justify granting leave for a belated amendment") (emphasis in original).

4. **Defendant Would Not Be Prejudiced By The Amendment**

Prejudice sufficient to support a denial of leave to amend must be "unfair prejudice," which is not present here. *See Burton v. Ghosh*, 961 F.3d 960, 966 (7th Cir. 2020) (stating that "unfair prejudice, mean[s] that the late assertion of the defense causes some unfairness independent of the potential merits of the defense.") For example, in the case of *Reed v. Columbia St. Mary's Hosp.*, 915 F.3d 473, 482 (7th Cir. 2019), the court denied the defendant leave to amend where doing so would have prejudiced the plaintiff "because the timing deprived her of notice and the opportunity to prepare to meet the defense through discovery." *See also Fresno Unified Sch. Dist. v. K.U. ex rel. A.D.U.*, 980 F. Supp. 2d 1160, 1176–77 (E.D. Cal. 2013) ("Undue delay is delay that prejudices

the nonmoving party or imposes unwarranted burdens upon the court.") (quoting *Mayeaux v. Louisiana Health Service and Indem. Co.,* 376 F.3d 420, 427 (5th Cir.2004)). Discovery is still ongoing, and the Plaintiff would agree to reconvene the deposition of its Corporate Representative should the Defendant wish to question him regarding the effect of these new allegations.

5. **Delay Alone Is Not Sufficient to Deny a Motion to Amend Where the Defendant Would Not Be Prejudiced**

In the alternative, should the Court find that CLEAR SPRING delayed in seeking leave to amend, then the undersigned can only beg that the Court recognize that even "unjustified delay in bringing a motion to amend is generally not a sufficient reason on its own to deny such a motion". *Chem. Bank v. Affiliated FM Ins. Co.*, No. 87 CIV. 0150 (VLB), 1993 WL 526230, at *4 (S.D.N.Y. Dec. 14, 1993). As shown above, there was no delay because the undersigned just learned of the 2018 loss in deposition yesterday. Even if there had been delay, "unexcused delay… is not enough to bar it if the other party is not prejudiced." *In re Riley*, 202 B.R. 169, 177 (Bankr. M.D. Fla. 1996).

As discussed above, the Defendant would not be prejudiced by the inclusion of allegations concerning the failure to disclose an additional prior loss (which had already been alleged), particularly where such information was already known to the Defendant.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully begs the Court that leave to amend not be denied where the basis for the amendment was only just learned of during the deposition of the Defendant, there was no delay whatsoever (although even if there had been, delay alone is not sufficient to deny leave to amend), CLEAR SPRING is merely seeking to add another instance of material misrepresentation, and, most significantly, the Defendant would not be prejudiced by the amendment because they always knew of such information.

WHEREFORE, the Plaintiff CLEAR SPRING PROPERTY AND CASUALTY COMPANY respectfully requests that the Court grant it leave to file the attached proposed Second Amended Complaint for Declaratory Judgment, and to award any and all such further relief as it may deem just and proper in the premises.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3), the undersigned counsel certifies that they conferred with Cristina Salem, Esq., counsel for Defendant, via Zoom on November 30, 2022, and the Defendant opposes the motion for leave to file a Second Amended Complaint.

Dated:      December 1, 2022
            Fort Lauderdale, Florida

                                            Respectfully submitted,

                                            THE GOLDMAN MARITIME LAW GROUP
                                            *Attorneys for Plaintiff*
                                            401 East Las Olas Boulevard
                                            Suite 1400
                                            Fort Lauderdale, FL 33301
                                            Tel (954)356-0460
                                            Fax (954)832-0878
                                            Cel (617)784-1100

                                            By: /s/ Steven E. Goldman
                                            STEVEN E. GOLDMAN
                                            FLA. BAR. NO. 345210

                                            By: /s/ Jacqueline L. Goldman
                                            JACQUELINE L. GOLDMAN
                                            FLA. BAR. NO. 1005573

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 1, 2022 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send an electronic Notice of Filing to all counsel of record.

Raul Morales, Esq.
Cristina Salem, Esq.
MARTINEZ MORALES
2600 S. Douglas Road, Suite 305
Coral Gables, FL 33134
T: 305-501-5011
F: 786-272-7997
rmorales@mmlawfl.com
csalem@mmlawfl.com

THE GOLDMAN MARITIME LAW GROUP
*Attorneys for Plaintiff*
401 East Las Olas Boulevard
Suite 1400
Fort Lauderdale, FL 33301
Tel (954)356-0460
Fax (954)832-0878
Cel (617)784-1100

By: /s/ Steven E. Goldman
STEVEN E. GOLDMAN
FLA. BAR. NO. 345210

By: /s/ Jacqueline L. Goldman
JACQUELINE L. GOLDMAN
FLA. BAR. NO. 1005573