UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
IN ADMIRALTY

**CLEAR SPRING PROPERTY AND
CASUALTY COMPANY**,

    Plaintiff,

vs.
                                              Case No. 1:21-cv-24234

**WELLO AND MOM, LLC**,

    Defendant.

_____/

**PLAINTIFF'S RESPONSE TO THE DEFENDANT'S OBJECTIONS
TO REPORT AND RECOMMENDATION ON SUMMARY JUDGMENT**

COMES NOW the Plaintiff, CLEAR SPRING PROPERTY AND CASUALTY COMPANY (hereinafter "CLEAR SPRING"), by and through its undersigned counsel, pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, and hereby files its Response to the Defendant's Objections the Report and Recommendation on Summary Judgment [ECF No. 102], and further thereto would respectfully state as follows:

**INTRODUCTION**

In the well-reasoned Report and Recommendation on Cross Motions for Summary Judgment [ECF No. 101] (hereinafter "the Report and Recommendation"), Magistrate Judge Bruce Reinhart concluded that the undisputed evidence established that the actions of the Defendant, WELLO AND MOM, LLC (hereinafter "WELLO") had voided CLEAR SPRING Policy No. CSRYP/204845 (hereinafter "the Policy") on two separate grounds: 1) material misrepresentation of fact and 2) breach of the Policy's fire extinguisher warranty. In its Objections to the Report and Recommendation, WELLO presents all the same arguments it already made in opposition to CLEAR SPRING's motion for summary judgment; indeed, there is practically no portion of the

1

Report and Recommendation to which WELLO does not proffer an objection. *See* ECF No. 102, at 4 ("Any other fact or conclusion not specifically listed above, that is challenged in the memorandum below.") Magistrate Judge Reinhart properly rejected these same arguments in the Report and Recommendation, and CLEAR SPRING respectfully urges this Court do so as well.

1. **Legal Standard**

"In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (cleaned up). The objections must also present "supporting legal authority." S.D. Fla. L. Mag. J.R. 4(b). Once a district court receives "objections meeting the specificity requirement set out above," it must "make a *de novo* determination of those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." *Macort*, 208 F. App'x at 783–84 (cleaned up). To the extent a party fails to object to parts of the magistrate judge's report, those portions are reviewed for clear error. *Id.*, at 784 (cleaned up).

2. **The Policy Is Void *Ab Initio* Because WELLO Failed to Disclose Two Prior Losses on Multiple Applications**

The Report and Recommendation recognized that there was no genuine dispute between the parties that the Vessel, Hull Identification number XSK02857F304, had two prior losses, one in 2016 and another 2018. ECF No. 101, at 3. There was no genuine dispute that the application forms WELLO out in 2019, 2020, 2021 asked WELLO to disclose "all losses within the last 10 years" and that WELLO answered "none." *Id.*, at 3-4. The Report and Recommendation found that Beric Anthony Usher, Senior Underwriter with Concept Special Risks Ltd. (hereinafter

2

"Concept"), relied on the facts disclosed in the 2018 through 2021 applications in issuing successive policies to WELLO to cover the Vessel, including the Policy at issue. *Id*., at 5.

In the face of all of these facts, WELLO claims meekly that prior loss history is not material "as a matter of law," and that a more "fact specific inquiry" was required. ECF No. 102, at 8. WELLO completely disregards the undisputed declaration provided by Mr. Usher in support of CLEAR SPRING's motion for summary judgment, where he describes in detail why the misrepresentations were material and how proper disclosure of the prior losses would have caused Concept to decline to issue a policy. *See* ECF No. 80-11, at ¶¶18-26.

CLEAR SPRING offered other evidence supporting the materiality of loss history—*viz.*, Concept's Underwriting Manual ("Manual") [ECF No. 80-5]. The Manual states that Concept's underwriters "*must* consider" the "owner and operators['] . . . past loss records on boats as well as on the land," and that, "[i]f an owner has had previous losses, these *must* be taken into consideration when deciding whether or not to offer terms and these will impact the price charged." *Id.* at 6 (emphasis added). However, the Report and Recommendation did not refer to the Manual, perhaps because the unrebutted testimony of Mr. Usher was considered sufficient on its own to establish materiality. Although Mag. Judge Reinhart did not refer to the Manual, WELLO nonetheless challenges the Report and Recommendations' possible reliance on the Manual. ECF No. 102, at 16. Even assuming the Report and Recommendation did rely upon the Manual, WELLO's challenge to its authenticity should be disregarded as a blatant attempt to keep relevant evidence away from this Court. In any event, the Court may take judicial notice of the Manual where it has been entered as evidence on the record in previous cases. *See Great Lakes Ins. SE v. SEA 21-21 LLC*, 568 F. Supp. 3d 1318, 1324 (S.D. Fla. 2021) (accepting this same Manual as "specific, undisputed evidence supporting the conclusion that [the insurer] might have considered

[the defendant's] loss history before offering [the defendant] marine insurance coverage," leading the court to find the defendant's "loss history material as a matter of law.")

WELLO also continues in its futile argument that it was not obligated to disclose the prior losses because the replacement of the engines had transformed it into a different vessel. *See* ECF No. 102, at 5. This fabricated issue does not present a genuine dispute of fact sufficient to withhold summary judgment to CLEAR SPRING when it is acknowledged that the breadth of the question "what is material?" is not strictly limited to what is asked on an application. Rather, the well-established federal admiralty doctrine of *uberrimae fidei* requires that an insured fully and voluntarily disclose to the insurer all facts material to a calculation of the insurance risk. *HIH Marine Servs., Inc. v. Fraser*, 211 F.3d 1359, 1362–63 (11th Cir. 2000) (citing *Steelmet, Inc. v. Caribe Towing Corp.*, 747 F.2d 689, 695 (11th Cir.1984)). It is black letter law in the Eleventh Circuit that "the duty to disclose extends to those material facts not directly inquired into by the insurer." *HIH Marine*, at 1363 (citing *Jackson v. Leads Diamond Corp.,* 767 F.Supp. 268, 271 (S.D. Fla. 1991) and *Cigna Property & Cas. Ins., Co. v. Polaris Pictures Corp.,* 159 F.3d 412, 420 (9th Cir. 1998) ("Whether or not asked, an applicant for marine insurance is bound to reveal every fact within his knowledge that is material to the risk.")) Thus, even under the strictures of WELLO's interesting thought experiment, this did not relieve them of their duty to disclose the prior losses under *uberrimae fidei*.

Furthermore Mr. Usher's testimony is entirely unrebutted. WELLO's subjective opinion as to whether the replacement of the Vessel's engines affected materiality does not provide the Court with sufficient information as to what would influence a prudent and intelligent insurer in determining whether to accept the risk of issuing a marine insurance policy, what premiums to charge, or what terms to set. *See Kilpatrick Marine Piling v. Fireman's Fund Ins. Co.*, 795 F.2d

4

940, 942–43 (11th Cir.1986) (materiality is "that which could possibly influence the mind of a prudent and intelligent insurer in determining whether he would accept the risk"). Defendant has not provided any testimony regarding the factors bearing on the risk to be assumed by an insurer, such as that of an underwriter. *Cf. Great Lakes Ins. SE v. Sunset Watersports, Inc*., 570 F. Supp. 3d 1252, 1265–66 (S.D. Fla. 2021) (finding that an issue of material fact existed as to whether omitted information in an insurance application was material based on expert testimony offered by the insured to rebut the insurance underwriter's affidavit, where the insured's expert was a former underwriter with over 40 years of experience as a marine broker and underwriter), appeal dismissed, No. 21-14270, 2022 WL 758020 (11th Cir. Feb. 17, 2022).

Multiple courts in this district have found that an unrebutted affidavit from this very same underwriter, Beric Usher, suffices to establish the materiality of a misrepresented fact. *See, e.g., Great Lakes Ins. SE v. Chartered Yachts Miami LLC*, 676 F. Supp. 3d 1251, 1262 (S.D. Fla. 2023); *Great Lakes Reinsurance (UK) PLC v. Morales*, 760 F. Supp. 2d 1315 (S.D. Fla. 2010); *Great Lakes Reinsurance PLC v. Barrios*, No. 08-20281-CV, 2008 WL 6032919 (S.D. Fla. Dec. 10, 2008).

3. **The Policy's Choice of Law Clause Calling for Federal Admiralty Law or New York Law is Valid and Enforceable**

Although it is true that the Supreme Court had not yet issued its decision in the matter of *Great Lakes Ins. SE v. Raiders Retreat Realty Co., LLC,* 601 U.S. 65 (2024) when the parties filed their respective motions for summary judgment, it is now the law of the land and WELLO must contend with it. Incredibly, WELLO insists that *Raiders* is not controlling regarding the choice of law analysis, and instead argues that the "substantial relationship" test – articulated in previous cases – still stands. *See* ECF No. 102, at 11 (citing cases). WELLO goes on to argue that CLEAR SPRING lacks a "substantial relationship" to the State of New York, and falsely asserts that "[t]he

Report does not examine what Clear Spring's connection to New York is." *Id*., at 12. Assuming for the moment and merely for the sake of argument that the "substantial relationship" test is still applicable, the Report and Recommendation does detail CLEAR SPRING's connections to New York, wherein it states that CLEAR SPRING is an admitted, licensed insurance carrier in New York, and CLEAR SPRING also maintains bank accounts and accepts service of process in New York. *See* ECF No. 101, at 2. These same connections were found sufficient to enforce the same choice of law clause in another case involving CLEAR SPRING, the case *Clear Spring Property and Casualty Company v. Big Toys LLC,* 683 F.Supp.3d 1297 (S.D. Fla. 2023), a fact which WELLO conveniently ignores.

But now that *Raiders* has been decided, the Report and Recommendation correctly states that the only exceptions to the "presumptive enforceability of choice of law provisions in maritime contracts" are "when the chosen law would contravene a controlling federal statute, or conflict with an established federal maritime policy, or when parties can furnish no reasonable basis for the chosen jurisdiction" ECF No. 101, at 8 (citing *Raiders,* 601 U.S. at 77). The Report and Recommendation concludes that none of those exceptions apply. Specifically, the Report and Recommendation took WELLO's argument that enforcement would be "unreasonable and unjust" and construed it as an argument that there was "no reasonable basis" to apply New York law – and rejected it. ECF No. 101, at 11-12. This was because, under the clear standard articulated by the Supreme Court, the " 'no reasonable basis' exception must be applied with substantial deference to the contracting parties, recognizing that maritime actors may sometimes choose the law of a specific jurisdiction because, for example, that jurisdiction's law is "well developed, well known, and well regarded." *Raiders*, 601 U.S. at 77 (internal citations omitted).

Despite the clear applicability of *Raiders*, and its explicit rejection of a state public policy exception, WELLO makes the same Florida law and public policy arguments in its Objections, wherein in states that "enforcing the New York choice of law in this case produces a highly inequitable result" where coverage was denied based on "a highly technical fire suppression warranty." ECF No. 102, at 12, 13. WELLO's continued reliance on Florida law and Florida's so-called "anti-technical statute" are entirely misplaced and were properly disregarded in the Report and Recommendation.

4. **The Policy Is Void *Ab Initio* Because WELLO Breached the Policy's Fire Extinguisher Warranty**

Finally, the Report and Recommendation correctly found that WELLO had breached the Policy's fire extinguisher warranty. The growing body of caselaw strictly enforcing this exact warranty demonstrates that WELLO's counterarguments are baseless. *See Lloyd's of London v. Pagán-Sánchez*, 539 F.3d 19, 22-23 (1st Cir. 2008); *Clear Spring Prop. & Cas. Co. v. Viking Power, LLC*, 608 F. Supp. 3d 1220, 1227 (S.D. Fla. 2022); *Clear Spring Prop. & Cas. Co. v. Big Toys LLC*, 683 F. Supp. 3d 1297, 1306-08 (S.D. Fla. 2023); *Great Lakes Ins. SE v. Raiders Retreat Realty Co., LLC*, No. 19-4466, 2024 WL 3416253, at *10 (E.D. Pa. July 15, 2024); *Accelerant Specialty Ins. Co. v. Klotz*, No. 22-CV-62292, 2024 WL 4003729, at *4 (S.D. Fla. July 26, 2024), *report and recommendation adopted*, 2024 WL 4523826 (S.D. Fla. Oct. 18, 2024).

The only specific objection posed by WELLO was "[t]he conclusion that the certification/tagging/recharging of the fire extinguisher had to be done 'once a year.'" ECF No. 102, at 4. CLEAR SPRING's investigation of the loss, which occurred in 2021, determined that the Vessel "was fitted with a fixed firefighting suppression system in the machinery space [and] the inspection tag on the system was dated March 2019." ECF No. 80-10. WELLO argues that it complied with the warranty because it recharged, retagged, recertified the tanks "as necessary" --

7

and that apparently it was not "necessary" to do so for two years prior to the loss. Three courts – two in this district – have explicitly rejected the strained reading of the warranty urged by WELLO. In *Clear Spring Prop. & Cas. Co. v. Viking Power LLC*, 608 F. Supp. 3d 1220, 1227 (S.D. Fla. 2022), the district court evaluated a Fire Suppression Warranty that is identical to the one in this case. Citing with approval a First Circuit opinion evaluating an identical fire suppression warranty, the *Viking* court concluded that "nothing about the fire-suppression warranty is ambiguous." *Id*. at 1227 (citing *Lloyd's of London v. Pagan-Sanchez*, 539 F.3d 19, 22-23 (1st Cir. 2008)). The final clause of the warranty requires that "certification/tagging and recharging" occur "as necessary," and the penultimate clause requires weighing of the tanks "once a year." *Id*. The Insured in the case of *Clear Spring Prop. & Cas. Co. v. Big Toys LLC*, 683 F. Supp. 3d 1297, 1307 (S.D. Fla. 2023), *appeal dismissed* (Mar. 18, 2024), argued the same strained and self-serving interpretation urged by WELLO, which would effectively render the entire warranty meaningless. The district court in Big Toys concluded that "[t]he only reasonable interpretation of the Fire Suppression Warranty is that it required the tanks be weighed 'once a year.'" *Id*.

## **CONCLUSION**

For the foregoing reasons, CLEAR SPRING respectfully urges that the Court adopt in its entirely the Report and Recommendation, and reject the Defendant's objections to same. Magistrate Judge Reinhart's conclusions considered the evidence and clearly found that WELLO's actions had voided the Policy: first, it made material misrepresentations on numerous applications when it failed to disclose the two prior losses, and second, by failing to comply with the fire extinguisher warranty, which is not ambiguous.

WHEREFORE, CLEAR SPRING PROPERTY AND CASUALTY COMPANY respectfully requests that this Court overrule the Defendant's objections to the report and

recommendation, adopt the report and recommendation, enter judgment in favor of the Plaintiff, and grant any further relief the Court deems just and appropriate.

Dated: November 12, 2024
      Fort Lauderdale, Florida

                                            THE GOLDMAN MARITIME LAW GROUP
*Attorneys for Plaintiff*
401 East Las Olas Boulevard
Suite 1400
Fort Lauderdale, FL 33301
Tel (954)356-0460
Fax (954)832-0878
Cel (617)784-1100

By: /s/ Jacqueline L. Goldman
JACQUELINE L. GOLDMAN
FLA. BAR. NO. 1005573

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 12, 2024 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send an electronic Notice of Filing to all counsel of record.

THE GOLDMAN MARITIME LAW GROUP
*Attorneys for Plaintiff*
401 East Las Olas Boulevard
Suite 1400
Fort Lauderdale, FL 33301
Tel (954)356-0460
Fax (954)832-0878
Cel (617)784-1100

By: /s/ Jacqueline L. Goldman
JACQUELINE L. GOLDMAN
FLA. BAR. NO. 1005573