UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
IN ADMIRALTY

Case No. 1:21-cv-24234-RK – ALTMAN/REINHART

CLEAR SPRING PROPERTY
AND CASUALTY COMPANY,

      Plaintiff,

vs.

WELLO AND MOM, LLC,

      Defendant.

_____

## DEFENDANT, WELLO AND MOM, LLC'S UNOPPOSED MOTION TO AMEND FINAL JUDGMENT [ECF No. 107]

COMES NOW, the Defendant, WELLO AND MOM, LLC ("**Wello**"), by and through its undersigned attorney and pursuant to Federal Rule of Civil Procedure 59, hereby respectfully requests that this Honorable Court amend the Final Judgment entered on February 27th, 2025 [D.E. #107], to add a requirement that Plaintiff CLEAR SPRING PROPERTY AND CASUALTY COMPANY ("**Clear Spring**") return Wello's insurance premium, and states as follows:

### INTRODUCTION

1. This case involves the sinking of a vessel owned by Wello and insured by Clear Spring under that certain insurance policy, with policy no. CSRYP/204845, for policy period of July 31st 2021, through July 31st, 2022 ("**Policy**"). The vessel suffered a partial sinking, and Clear spring denied coverage under the Policy.

2. In this action, Clear Spring sought declaratory relief declaring that the Policy was void *ab initio* for alleged violations of the doctrine of *uberrimae fidei* and alleged breaches of a fire extinguisher warranty contained in the Policy. Wello counter-claimed against Clear Spring,

arguing that in reality it was Clear Spring who breached the Policy by failing to cover the partial sinking.

3.  Ultimately, this Honorable Court entered a *Final Judgment* [D.E. #107] in Clear Spring's favor and against Wello, declaring the Policy void *ab initio*.

4.  However, missing from the Final Judgment is the requirement for Clear Spring to return Wello's insurance premium, given that the Policy is void *ab initio*.

5.  Thus, Wello respectfully requests that this Honorable Court amend the Final Judgment to require Clear Spring to return the Policy premium.

## ARGUMENT

6.  Pursuant to Federal Rule of Civil Procedure 50(e), "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.

7.  "[T]he decision to alter or amend judgment is committed to the sound discretion of the district judge." *Lawson v. Singletary*, 85 F.3d 502, 507 (11th Cir. 1996)

8.  "Motions for reconsideration are permitted when there is (1) an intervening change in controlling law; (2) newly discovered evidence; or (3) the need to correct clear error or manifest injustice." *Stallworth v. Omninet Vill., L.P.*, No. 616CV546ORL31DAB, 2016 WL 10100424, at *2 (M.D. Fla. Aug. 23, 2016).

9.  A Rule 59(e) motion to amend or alter a final judgment may be entered "to correct clear error or manifest injustice." *Lawrence v. Sec'y, Fla. Dep't of Corr.*, No. 3:15-CV-1131-J-34PDB, 2018 WL 11169577, at *1 (M.D. Fla. July 25, 2018)

10. In the instant case, this Honorable Court declared in the Final Judgment that the Policy is void *ab initio*. Yet, the Final Judgment did not require Clear Spring to return the Policy premium.

11. When an insurance policy is void *ab initio*, it is as though the Policy never existed. Thus, the insurance carrier must return the premium. *Diaz v. Fla. Ins. Guar. Ass'n, Inc.*, 650 So. 2d 675, 676 (Fla. Dist. Ct. App. 1995) ("It is apparent that the homeowners' policy under consideration was issued based on the appellants' misrepresentations as to the nature of the insured structure, and that the policy was, therefore, void ab initio. The insurance company appellee, however, did not return any of the insurance premiums collected from the appellants on this policy, and, upon remand, the trial court shall direct such a return."); *State Nat. Ins. Co. v. Anzhela Explorer, L.L.C.*, 812 F. Supp. 2d 1326, 1379 (S.D. Fla. 2011) (Ordering return of funds advanced by insurance carrier under marine insurance policy declared void *ab initio less* the amount of the policy premiums); *Great Lakes Reinsurance PLC v. Barrios*, No. 08-20281-CIV-UNGARO, 2008 WL 6032919, at *6 (S.D. Fla. Dec. 10, 2008) (declaring marine insurance policy void and ordering refund of premiums to insured).

12. In order to put the parties into their pre-Policy positions, it is necessary to direct Clear Spring to return the insurance premium to Wello. Returning the premium is an essential part of voiding the Policy, and Wello respectfully requests that the Court correct this omission. Moreover, failing to direct such repayment will work a manifest injustice upon Wello, who has paid for a now-voided insurance policy, and has not received any benefit from the Policy.

13. Clear Spring does not oppose this request.

**WHEREFORE**, Wello respectfully requests that this Court amend and alter the Final Judgment to include a requirement that Clear Spring return the Policy premium.

Clear Spring v. Wello<br>
Case No. 1:21-cv-24234-RKA-ALTMAN<br>
<u>Wello's Motion to Alter or Amend Final Judmgent</u>

## CERTIFICATE OF GOOD FAITH CONFERENCE; CONFERRED AND ABLE TO RESOLVE ISSUES PRESENTED IN THE MOTION

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred in writing with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues. Clear Spring has indicated that it does not oppose the relief sought in this Motion.

<u>*s/ Raul Morales*</u>

Raul Morales, Esq.

Dated: March 26th, 2025          Respectfully submitted,

MARTINEZ MORALES
2600 S. Douglas Road, Suite 305
Coral Gables, FL 33134
T: 305-501-5011
F: 786-272-7997
rmorales@mmlawfl.com
abousalis@mmlawfl.com

By: <u>*/s/ Raul Morales*</u>
**RAUL MORALES**
**FBN: 065307**
**ANGELA BOUSALIS**
**FBN: 111379**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on all counsel of record on March 26th, 2025, via the CM/ECF system.

By: <u>*/s/ Raul Morales*</u>
**RAUL MORALES**
**ANGELA BOUSALIS**