UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-cv-24234-ALTMAN/Lett

**CLEAR SPRING PROPERTY AND
CASUALTY COMPANY**,

    *Plaintiff*,

v.

**WELLO AND MOM, LLC**,

    *Defendant*.
_____/

## ORDER GRANTING MOTION FOR BILL OF COSTS

On February 26, 2025, we granted summary judgment in favor of the Plaintiff, Clear Spring Property and Casualty Company. *See* Order Adopting Report and Recommendation [ECF No. 106] at 32; *see also* Amended Final Judgment [ECF No. 115] at 1 ("Summary Judgment is ENTERED in favor of the Plaintiff, Clear Spring Property and Casualty Co., and against the Defendant, Wello and Mom, LLC, on Counts V and VI of the Plaintiff's Second Amended Complaint."). Having prevailed on the merits, Clear Spring "now seeks reimbursement from Defendant for $1,860.40, including the filing fee and deposition costs, which are considered taxable as costs under 28 U.S.C. § 1920." Motion for Bill of Costs [ECF No. 109] at 2.[1] After careful review, we **GRANT** Clear Spring's Motion.

"Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees–should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). While this rule

---

[1] Although the Defendant indicated that it opposed the Motion, *see id.* at 7 ("Pursuant to Local Rule 7.1(a)(2), the undersigned counsel certifies that they conferred with Angela Bousalis, Esq., counsel for the Defendant via e-mail on March 5, 2025, and Defendant opposes the relief requested."), it never filed a response in opposition, *see generally* Docket. Under our Local Rules, the Defendant's failure to respond to the Motion constitutes a waiver of any objections it might have had to the relief sought in the Motion. *See* S.D. FLA. L.R. 7.1(c)(1) ("[E]ach party opposing a motion shall file and serve an opposing memorandum of law no later than fourteen (14) days after service of the motion. Failure to do so may be deemed sufficient cause for granting the motion by default.").

creates a "presumption that costs are to be awarded to the prevailing party," the district court retains discretion to reduce or deny costs if it has "a sound basis for doing so." *Chapman v. AI Transp.*, 229 F.3d 1012, 1038–39 (11th Cir. 2000). A court "may tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; 4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; [and] (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title." 28 U.S.C. § 1920; *see also Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987) ("[A]bsent explicit statutory or contractual authorization for the taxation of the expenses of a litigant's witness as costs, federal courts are bound by the limitations set out in 28 U.S.C. [§ 1920].").

Clear Spring wants us to award it a total of $1,860.40 in costs—which combines the $402.00 filing fee and $1,458.40 to transcribe the depositions of Beric Anthony Usher, Roy Cisneros, and Amelina Cisneros. *See* Motion at 6–7. We find that Clear Spring is entitled to its full bill of costs. For starters, "[f]iling fees are taxable costs under 28 U.S.C. § 1920" because they are "[f]ees of the clerk[.]" *Trump v. Clinton*, 653 F. Supp. 3d 1198, 1228 (S.D. Fla. 2023); *see also* Filing Fee Invoice [ECF No. 109-2] at 1 (showing that the $402.00 filing fee was paid on December 2, 2021).

Meanwhile, "[t]axation of deposition costs is authorized by § 1920(2)," so long as "the deposition was wholly or partially necessarily obtained for use in the case." *U.S. Equal Employment Opportunity Comm'n v. W&O, Inc.*, 213 F.3d 600, 620–21 (11th Cir. 2000). All three depositions were essential in adjudicating the cross-motions for summary judgment, *see* Order Adopting Report and Recommendation at 16, 30 (relying on Mr. Usher's deposition); *id.* at 28–29 (citing Roy and Amelina Cisneros' depositions), so they are taxable under § 1920, *see Joseph v. Nichell's Caribbean Cuisine, Inc.*, 950

2

F. Supp. 2d 1254, 1258 (S.D. Fla. 2013) (Rosenbaum, J.) ("[T]he deposition of Plaintiff was necessarily obtained for use in this case [since it] was necessary to ascertain the facts of the case. Moreover, her deposition was used to support Defendant's successful summary judgment motion."); *Ledbetter v. S.T.A.R. Sec. Corp.*, 2021 WL 6135183, at *2 (S.D. Fla. June 24, 2021) (Maynard, Mag. J.) ("A transcript is necessarily obtained if it was necessary to counsel's effective performance and proper handling of the case." (cleaned up)). We'll therefore award Clear Spring the $1,458.40 it spent to depose Mr. Usher and the Cisneroses. *See* Usher Depo. Invoice [ECF No. 109-3] at 1; Cisneroses Depo. Invoice [ECF No. 109-4] at 1–2.

Accordingly, we hereby **ORDER AND ADJUDGE** as follows:

1. The Plaintiff's Motion for Bill of Costs [ECF No. 109] is **GRANTED**.

2. The Plaintiff shall be awarded taxable costs in the amount of **$1,860.40**.

3. The Defendant shall pay the full amount of costs to the Plaintiff within **30 days** of this Order. The Defendant may move for an extension of time to pay the Plaintiff upon a showing of good cause.

**DONE AND ORDERED** in the Southern District of Florida on March 28, 2025.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record