**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

CASE NO. 1:21-cv-24234-RKA-ALTMAN

CLEAR SPRING PROPERTY AND
CASUALTY COMPANY,

       Plaintiff,

v.

WELLO AND MOM, LLC,

       Defendant.

_____/

## DEFENDANT WELLO AND MOM LLC'S RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS [D.E. #108]

Defendant, WELLO AND MOM, LLC, (**"Wello"**), files its Response in opposition to Plaintiff, CLEAR SPRING PROPERTY AND CASUALTY COMPANY's (**"Clear Spring"**), *Motion for Sanctions* filed on March 12th, 2025, [D.E. #108], (**"Motion"**), and states as follows:

### BACKGROUND & PROCEDURAL HISTORY

1.      On or about July 31st, 2021, Wello and Clear Spring entered into a vessel insurance contract, bearing policy number CSRYP/204845 (the **"Policy"**), affording Hull & Machinery coverage to a vessel owned by Wello. A copy of the Policy is filed with the Court as D.E. # 8-3.

2.      On or about September 27th, 2021, the vessel partially sank.  A claim was made by Wello to Clear Spring under the Policy for the loss, which was denied.

3.      Thereafter, Clear Spring initiated this action with the filing of its *Complaint for Declaratory Judgment* (D.E. #1) on December 21st, 2021, which Clear Spring later amended by filing its *Amended Complaint for Declaratory Judgment* (D.E. #8), on February 18th, 2022.

4.      Clear Spring's Amended Complaint sought a declaration that the Policy was void

1

Clear Spring v. Wello and Mom, LLC
Case No.: 1:21-cv-24234-RKA-ALTMAN
Response to Clear Spring Motion for Sanctions

*ab initio* due to Wello's failure to disclose a prior loss, and that there was no coverage due to, among other reasons, breach of a fire extinguisher warranty.

5.      At the time, Wello believed that Clear Spring had breached the Policy when it denied coverage for the loss. As such, on March 4th, 2022, Wello filed a lawsuit in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, assigned Case No. 2022-004145-CA-01 (**"State Action"**), against Clear Spring for breach of the Policy. A copy of the Complaint in the State Action is attached as **Exhibit "A,"** and the Amended Complaint is filed at D.E. #45-1.

6.      On March 22nd, 2022, in the instant action, Wello filed its *Motion to Dismiss Amended Complaint* [D.E. #14], (**"Motion to Dismiss"**), requesting that the Court dismiss or stay the instant action in favor of the pending State Action.

7.      On April 8th, 2022, in the State Action, Clear Spring filed a motion to dismiss the State Action (filed of record at D.E. #44-2). Clear Spring claimed that a forum selection clause in the Policy mandated that the claims raised by Clear Spring in the State Action be brought in a federal forum and not a state forum.

8.      On April 14th, 2022, in this action, Clear Spring filed its *Opposition to Motion to Dismiss* [D.E. #20], urging the Court to deny Wello's Motion to Dismiss on the basis of the forum selection clause present in the Policy.

9.      On June 28th, 2022, in the State Action, Wello filed its *Response and Opposition* to Clear Spring's motion to dismiss the State Action (filed with this Court at D.E. #108-2), explaining that the forum selection clause should not be enforced because it stripped Wello, without notice, knowledge, or consent, of its fundamental right to a jury trial, by forcing it into a federal forum. In federal admiralty court, there is no right to a jury trial.  *Parsons v. Bedford, Breedlove & Robeson,* 28 U.S. 433 (1830); *Beiswenger Enterprises Corp. v. Carletta,* 86 F.3d 1032, 1037 (11th

2

Clear Spring v. Wello and Mom, LLC
Case No.: 1:21-cv-24234-RKA-ALTMAN
Response to Clear Spring Motion for Sanctions

Cir. 1996). However, in state court, Wello would have that right. Art. I, § 22, Fla. Const.

10.     Ultimately, the underlying State Action was dismissed by the state court on June 30th, 2022.  D.E. #32-1. As there was no longer a pending underlying action, this Court denied Wello's Motion to Dismiss as **moot** on July 5th, 2022. D.E. #35.

11.     Despite the fact that Wello's Motion to Dismiss this case was denied as ***moot*** and ***not*** on the merits, on July 12th, 2022, Clear Spring filed its first *Motion for Attorney's Fees* [D.E. #36] claiming that Wello was forum shopping in filing the State Action.  That motion was denied without prejudice because the litigation had not concluded at that point. D.E. #48.

12.     Later, on July 29th, 2022, Wello appealed the dismissal of the State Action to the State of Florida Third District Court of Appeals, Case No. 3D2022-1333 (**"State Appeal"**). A copy of the Notice of Appeal is attached hereto as **Exhibit "B."**  On March 7th, 2024, Wello filed its *Initial Brief* in the Appeal (**Exhibit "C"**), and on September 5th, 2023, it filed its *Reply Brief* (**Exhibit "D"**).  Throughout these papers, Wello explained why it believed the state court in the State Action should not have enforced the forum selection clause and dismissed the State Action.

13.     Ultimately, the appeals court in the State Appeal affirmed the dismissal of the State Action (**Exhibit "E"**).  Wello then filed a *Notice to Invoke Discretionary Jurisdiction of the Supreme Court of Florida* (**Exhibit "F"**), and then a *Brief on Jurisdiction* (**Exhibit "G"**), explaining why it believed that the Florida Supreme Court should review the appellate decision. Ultimately, the Florida Supreme Court declined to exercise its discretionary jurisdiction to review the decision of the appellate court. D.E. #108-5.  The Florida Supreme Court did not make a decision on the merits of the appeal.

14.     In the meantime, this case continued to progress unhindered by the Appeal or subsequent appellate proceedings in the State Action. After Wello's Motion to Dismiss this Action

Clear Spring v. Wello and Mom, LLC
Case No.: 1:21-cv-24234-RKA-ALTMAN
Response to Clear Spring Motion for Sanctions

was denied due to the dismissal of the State Action, Wello brought its claims against Clear Spring

for breach of the Policy here, in a Counterclaim. D.E. #43.

15.     As discovery developed in this case, Wello discovered what it believes was

inappropriate conduct by the insurance agents and brokers involved in procuring the Policy.  Wello

discovered that it had been presented with a "renewal" application for insurance which led to the

issuance of the Policy with <u>Clear Spring</u> at a time when it was insured by <u>Great Lakes</u>,  that the

insurance agents/brokers appear to have failed to fill out the application correctly and to transmit

information that they knew about Wello's prior losses to Clear Spring and its underwriting agent,

Concept Special Risks Ltd. (**"Concept"**), and that Concept appears to have failed to transmit

information that it knew about Wello's application and prior losses to Clear Spring.

16.     As such, on February 17th, 2023, Wello instituted a second state court action in the

Eleventh Judicial Circuit of Florida, in and for Miami-Dade County, Florida, styled *Wello and*

*Mom, LLC v. Casey Insurance Group, Inc. et al.*, Case No. 2023-002761-CA-01 (**"Casey**

**Action"**).  In the Casey Action, the Complaint for which is filed of record at D.E. #108-6, Wello

sued the insurance agents and brokers, including Concept, who were involved in completing the

renewal application and the transmittal of the application and Wello's information to Concept and

then to Clear Spring, for their negligence during this process, among other causes of action.

17.     To the best of Wello's knowledge and belief, there is no contract between it and the

defendants in the Casey Action containing a federal forum selection clause. And, Clear Spring is

not a party to the Casey Action. None of the defendants in the Casey Action are parties to this

action.  The Casey Action is still pending and there has been no determination on the merits (see

the docket attached hereto as **Exhibit "H."**)

18.     On February 27th, 2025, after the parties in this action filed competing motions for

4

Clear Spring v. Wello and Mom, LLC
Case No.: 1:21-cv-24234-RKA-ALTMAN
Response to Clear Spring Motion for Sanctions

summary judgment, the Court in this action entered Final Judgment in Clear Spring's favor. D.E. #107, later vacated and replaced with D.E. #115.

19.     Now, Clear Spring has filed yet another *Motion for Sanctions* (**"Motion"**) [D.E. #108] seeking attorney's fees and costs, again trying to claim attorney's fees and costs on account of Wello's filing the **totally separate State Action**, in addition to the separate Casey Action. Moreover, Clear Spring argues that a sanction should be awarded because Wello expressed the opinion that Clear Spring acted deceptively and in bad faith in its business with Wello. Wello now responds in opposition to the Motion.

## LEGAL ARGUMENT AND INCORPORATED MEMORANDUM OF LAW

### I.     SUMMARY OF THE ARGUMENT

Clear Spring's Motion must be denied because (i) it violates Local Rule 7.3; (ii) Clear Spring cannot seek in *this* action, an award attorney's fees and costs incurred in the *State Action*; (iii) Motion to Dismiss and State Action were brought in good faith and not as part of a "forum shopping scheme"; (iv) Wello should not be sanctioned for its opinions of Clear Spring's conduct, and (v), Wello's conduct does not rise to the high standards for sanctions.

### II.     STANDARD ON A MOTION FOR ATTORNEY'S FEES

Clear Spring relies on two sources of authority to impose attorney's fees against Wello: 1) the Court's inherent authority to sanction attorneys and parties; and 2) 28 U.S.C. § 1927. Note that, absent a contractual obligation or statute, there are no prevailing party attorney's fees in maritime/admiralty disputes. *Misener Marine Const., Inc. v. Norfolk Dredging Co.*, 594 F.3d 832, 838 (11th Cir. 2010).

#### 1.     *Inherent Authority*

"Because of their very potency, inherent powers must be exercised with restraint and discretion." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). There are three "narrowly defined

Clear Spring v. Wello and Mom, LLC
Case No.: 1:21-cv-24234-RKA-ALTMAN
Response to Clear Spring Motion for Sanctions

circumstances" where "federal courts have inherent power to assess attorney's fees against

counsel." *Id.* at 45; *Peterson v. BMI Refractories*, 124 F.3d 1386, 1395 fn. 5 (11th Cir. 1997).

> "The first, known as the "common fund exception," . . . allows a court to award attorney's fees to a party whose litigation efforts directly benefit others. Second, a court may assess attorney's fees as a sanction for the 'willful disobedience of a court order.' Thus, a court's discretion to determine [t]he degree of punishment for contempt" permits the court to impose as part of the fine attorney's fees representing the entire cost of the litigation.
>
> Third . . . a court may assess attorney's fees when a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons."

*Chambers v. NASCO, Inc*., 501 U.S. 32, 45–46, (1991) (citations and quotations omitted).

The Court should look to the above guidance and *Chambers* when determining whether to

sanction a party under its inherent authority. *Purchasing Power, LLC v. Bluestem Brands, Inc.*,

851 F.3d 1218, 1225 (11th Cir. 2017). "[T]he inherent-powers standard is a subjective bad-faith

standard. *Id*. at 1223. "Bad faith exists where an attorney knowingly or recklessly pursues a

frivolous claim or needlessly obstructs the litigation of a non-frivolous claim." *JTR Enterprises,*

*LLC v. Columbian Emeralds*, 697 F. App'x 976, 986 (11th Cir. 2017). "In assessing whether a

party should be sanctioned, a court examines the wrongdoing in the context of the case, including

the culpability of other parties." *Purchasing Power, LLC,*. 851 F.3d at 1225.

Importantly, there must be "clear and convincing evidence of bad faith" in order for a Court

to use its inherent power to sanction. *JTR Enterprises, LLC,* 697 F. App'x at 986. "[I]n the absence

of direct evidence of subjective bad faith, this standard can be met if an attorney's conduct is so

egregious that it could only be committed in bad faith." *Purchasing Power, LLC*, 851 F.3d at

1224–25. "This is not the same as simple recklessness, which can be a starting point but requires

something more to constitute bad faith." *Id.*at 1225. All in all, the Court's "inherent power must

be exercised with restraint and discretion. This power is not a remedy for protracted litigation; it

Clear Spring v. Wello and Mom, LLC
Case No.: 1:21-cv-24234-RKA-ALTMAN
Response to Clear Spring Motion for Sanctions

is for rectifying disobedience." *Id*.

2. *28 U.S.C. § 1927 Sanctions*

Per 28 U.S.C. § 1927, "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  "The plain language of section 1927 sets forth three requirements to justify an imposition of sanctions:

> (1) an attorney must engage in "unreasonable and vexatious" conduct;
> (2) such "unreasonable and vexatious" conduct must "multipl[y] the proceedings;" and
> (3) the amount of the sanction cannot exceed the costs occasioned by the objectionable conduct.

*McMahan v. Toto*, 256 F.3d 1120, 1128 (11th Cir. 2001), *amended on reh'g*, 311 F.3d 1077 (11th Cir. 2002).  However, "more than a lack of merit is required for § 1927 sanctions or they would be due in every case." *Id*. at 1129. "§ 1927 is not a 'catch-all' provision for sanctioning objectionable conduct by counsel." *Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir. 1997). Rather, "Congress intended to impose a sanction on conduct more culpable than mere unintentional discourtesy to a court when it conjoined the word 'vexatiously' with 'unreasonably.' Webster's . . . defines 'vexatious' as 'lacking justification and intended to harass.'" *United States v. Ross*, 535 F.2d 346, 349 (6th Cir. 1976).  Black's Law Dictionary defines "vexatious" as "without reasonable or probable cause or excuse; harassing; annoying." VEXATIOUS, Black's Law Dictionary (11th ed. 2019); *Smartt v. First Union Nat'l Bank*, 245 F. Supp. 2d 1229, 1234 (M.D. Fla. 2003).  "Personal responsibility should, in this instance, flow only from an intentional departure from proper conduct, or, at a minimum, from a reckless disregard of the duty owed by counsel to the court." *United States v. Ross*, 535 F.2d 346, 349 (6th Cir. 1976).

Thus, the power granted to courts by 28 U.S.C. § 1927 "is a power which the courts should

Clear Spring v. Wello and Mom, LLC
Case No.: 1:21-cv-24234-RKA-ALTMAN
Response to Clear Spring Motion for Sanctions

exercise only in instances of a ***serious and studied disregard*** for the orderly processes of justice." *Kiefel v. Las Vegas Hacienda, Inc.,* 404 F.2d 1163, 1167 (7th Cir. 1968); *Smartt,* 245 F. Supp. 2d at 1235.  Moreover, "[t]he imposition of such sanctions . . . is highly unusual and requires a clear showing of bad faith." *State of W. Va. v. Chas. Pfizer & Co.*, 440 F.2d 1079, 1092 (2d Cir. 1971); *Avirgan v. Hull*, 932 F.2d 1572, 1582 (11th Cir. 1991). Finally, in the event the Court determines a sanction under 28 U.S.C. § 1927 is merited, "the dollar amount of the sanction must bear a financial nexus to the excess proceedings, *i.e.,* the sanction may not exceed the "costs, expenses, and attorneys' fees reasonably incurred because of such conduct." *Peterson*, 124 F.3d at 1396.

### III.   FAILURE TO COMPLY WITH LOCAL RULE 7.3

As an initial matter, Clear Spring's Motion should be denied for failure to comply with Local Rule 7.3.  Local Rule 7.3 governs motions for attorney's fees, and "provides a mechanism to assist parties in resolving attorneys fee and costs disputes by agreement."  Failure to comply with the requirements of this Local Rule "alone" is "sufficient reason to deny the Motion." *Norych v. Admiral Ins. Co.*, No. 08-60330-CIV-ALTONAG, 2010 WL 2557502, at *2 (S.D. Fla. June 23, 2010); *Provide Com., Inc. v. Preferred Com., Inc.*, No. 07-80185-CIV, 2008 WL 360591, at *2 (S.D. Fla. Feb. 8, 2008); *J.B. Hunt Transp., Inc. v. S & D Transp., Inc.*, 589 F. App'x 930, 933 (11th Cir. 2014).

Clear Spring's Motion, first of all, fails identify any "statute, rule, or other grounds entitling" entitling it to an award of attorney's fees it incurred in ***the State Action*** in ***this separate federal action.*** Clear Spring cites to no authority supporting its claim that *this* Honorable Court can award it the attorney's fees and costs it incurred in the ***State Action*** in connection with tasks such as "drafting a motion to dismiss the Defendant's state court action," etc. D.E. #108 P. 16; D.E. 108-7 ¶ 4. Next, Clear Spring's Motion fails to "disclose the terms of any applicable fee

Clear Spring v. Wello and Mom, LLC
Case No.: 1:21-cv-24234-RKA-ALTMAN
<u>Response to Clear Spring Motion for Sanctions</u>

agreement," as required by 7.3(a)(4).

Further, 7.3(a)(5) requires the following details:

 A. "the identity, experience, and qualifications for each timekeeper for whom fees are sought;
 B. the number of hours reasonably expended by each such timekeeper;
 C. a description of the tasks done during those hours;
 D. the hourly rate(s) claimed for each timekeeper;"

The application for fees must further "describe and document ***<u>with invoices</u>*** all incurred and claimed fees." Local Rule 7.3(a)(6) (emphasis added). Attachment 7 [D.E. # 108-7] to the Motion is an *Affidavit of Jacqueline Goldman Jurist-Schoen, Esq.* (**"Affidavit"**), one of the attorneys from The Goldman Maritime Law Group (**"Goldman"**) assisting in this matter, which states her hourly rate and summarizes her qualifications. However, there have been at least ***<u>two</u>*** attorneys representing Clear Spring – Ms. Goldman Jurist-Schoen and Steven E. Goldman (who attended the status conferences that Clear Spring seeks attorney's fees for).  Mr. Goldman's hourly rate and qualifications are not described.  Nor is it clear if other staff billed time Clear Spring seeks.

 The Motion and attached Affidavit only briefly and **<u>non-exhaustively</u>** describe a few of the tasks that Clear Spring seeks compensation for, and do not explain how much time was spent on each task, by who.  Clear Spring failed to attach invoices to its Motion as required by the Local Rule, which compounds the difficulty of analyzing its fee application. Wello cannot advise as to whether it objects to the amount of time or money charged for each task, because it does not know how much time was spent on each task, and it does not have a list of the tasks, a sufficient description of the tasks, or the identity of the timekeeper who undertook the task.  At this juncture, the entire 65 hours claimed are impermissibly block billed in the Affidavit and thus not recoverable.  *Kearney v. Auto-Owners Ins. Co.*, 713 F. Supp. 2d 1369, 1377-78 (M.D. Fla. 2010). Moreover, without further detail, neither Wello nor the Court will be able to determine the maximum fees authorized as a sanction under 28 U.S.C. 1927.

Clear Spring v. Wello and Mom, LLC
Case No.: 1:21-cv-24234-RKA-ALTMAN
Response to Clear Spring Motion for Sanctions

Further, although the Motion states in its Conclusion that Clear Spring is seeking "costs," there is no description of what those costs are, or whether they are taxable under 28 U.S. § 1920, and no invoices or backup was produced.  Clear Spring has already been awarded its costs in this action (in D.E. #116) and cannot now double-dip.

In addition, the Motion is **not** verified as required by Rule 7.3(a)(7) On top of this, Clear Spring did not comply with Local Rule 7.3(b)'s requirement that "a draft motion...must be ***served but not filed*** at least thirty (30) days prior to the deadline . . . Within twenty-one (21) days of service of the draft motion, the parties shall confer and attempt in good faith to agree on entitlement to and the amount of fees and expenses." Local Rule 7.3(b).  Clear Spring failed to serve the Motion on Wello prior to filing it and failed to give Wello its twenty-one day opportunity to confer.[1] As such, the Motion should be denied for failure to comply with Local Rule 7.3.

## IV.   CLEAR SPRING CANNOT SEEK FEES FOR TIME SPENT IN CONNECTION WITH OTHER LAWSUITS

Clear Spring's Motion must also be denied because it seeks an award of attorney's fees and costs incurred in or because of actions taken in the separate State Action or the Concept Action. In one breath, Clear Spring claims Wello must be sanctioned for so-called "forum shopping," and in the next seeks entitlement to fees incurred in the ***State Action*** before ***a federal forum***. The Motion and attached affidavit are clear that the attorney's fees Clear Spring seeks to be awarded here include state court tasks, including but not limited to "drafting a motion to dismiss the Defendant's state court action, communicating with opposing counsel to set a Zoom hearing on CLEAR SPRING's motion to dismiss the Defendant's sate court action . . . drafting a reply . . . preparing for the Zoom hearing, attending the Zoom hearing," etc. D.E. #108 P. 16; D.E. 108-7 ¶ 4.

---

[1] Instead, Clear Spring's counsel emailed the undersigned a brief narrative description of its request for fees, a copy of which is attached hereto as **Exhibit "I."**

MM | MARTINEZ MORALES
*Attorneys at Law*

*2600 S. Douglas Road, Suite 305, Coral Gables, FL 33134, T: 305-501-5011, F: 786-272-7997*

Clear Spring v. Wello and Mom, LLC
Case No.: 1:21-cv-24234-RKA-ALTMAN
Response to Clear Spring Motion for Sanctions

Rather than file a motion for attorney's fees in the State Court, Clear Spring filed its Motion here, because it is **_not_** entitled to attorney's fees in the state court for the State Action (or the Concept Action, to which it is not even a party) under "the American Rule." *Bell v. U.S.B. Acquisition Co.*, 734 So. 2d 403, 406 (Fla. 1999); *RV-7 Prop., Inc. v. Stefani De La O, Inc.*, 187 So. 3d 915, 917 (Fla. Dist. Ct. App. 2016) (citing *Price v. Tyler*, 890 So.2d 246 (Fla.2004)). The Policy at issue here does **_not_** have a prevailing party provision. Clear Spring did **_not_** take advantage of any statutory fee-shifting mechanism available under Florida law in the State Action. Clear Spring did not even file a motion seeking entitlement to attorney's fees and costs in the State Action (a copy of the docket for the State Action is attached hereto as **Exhibit "J"**).

Here, Clear Spring does not cite to a single case, statute, or other authority entitling it to an award in **_this action_** of the fees it incurred in the **_State Action,_** or authorizing **_this_** Court to award fees for tasks performed in connection with a lawsuit **_not_** before it, or giving **_this_** Court jurisdiction to award attorney's fees in a **_separate_** state court action.   Nor is there any authority for awarding fees in the State Action..  Accordingly, the Motion must be denied.

## V.   WELLO DID NOT PURSUE A "SCHEME OF FORUM SHOPPING"

Clear Spring claims in the Motion that Wello and counsel should be sanctioned for requesting that this Honorable Court decline jurisdiction over or stay this case pending the outcome of the State Action in its Motion to Dismiss [D.E. #14].  Clear Spring argues that Wello did not point out the existence of the Policy's forum selection clause in its Motion to Dismiss,[2] mischaracterized the State Action as an "underlying action," and should have known that the State Action was not viable due to the federal forum selection clause.  These arguments are red herrings because 1) the forum selection clause was immaterial to the merits of the Motion to Dismiss and

---

[2] Wello did not, and could not have possibly, concealed the existence of the forum selection clause. It is found in the Policy, a copy of which **_is attached to Clear Spring's Amended Complaint as attachment No. 3_** [D.E. # 8-3].

Clear Spring v. Wello and Mom, LLC
Case No.: 1:21-cv-24234-RKA-ALTMAN
Response to Clear Spring Motion for Sanctions

2) Wello had a good faith basis to challenge the enforceability of the forum selection clause in the state action.  Moreover, Wello never tried to transfer the claims in *this* case to state court.

First, the forum selection clause was immaterial to the Motion to Dismiss and to this Court's decision on whether to abstain from accepting jurisdiction over this declaratory action.  At the time the Motion to Dismiss was filed, there was a then-pending State Action involving the same parties and the same loss of the same vessel. The Motion to Dismiss argued that this Honorable Court lacked subject matter jurisdiction over this action because a request for a declaration of Clear Spring's duty to afford coverage in connection with the loss of the vessel was premature prior to conclusion of the State Action.  That argument did not change simply because there is a forum selection provision in the Policy – the State Action was still ongoing, and would be ongoing until the state court determined otherwise.  This Court could not reach into the State Action and mandate that it be dismissed due to the forum selection clause.  Rather, once it was established that there was indeed a parallel state court action, it was appropriate for the Court to determine if the pendency of that action either rendered this case premature or if the Court should otherwise **exercise discretion to decline** jurisdiction under the Declaratory Judgment Act.

Clear Spring dedicates substantial time in its Motion to claiming that Wello "misleadingly" referred to the State Action as an "underlying action" for purposes of federal abstention, which justifies the imposition of sanctions. Clear Spring's Motion claims that an "underlying action, by definition, does not refer to a mirror-image breach of contract claim between an insured and the insurer, but rather, it can only refer to tort litigation between the insured and a third-party claimant."  Mot. P. 15.  However, it is Clear Spring who is guilty of misrepresentation in its continued clams throughout the Motion and its filings in this case that the State Action was a "mirror-image state court action."  The State Court action ***contained Wello's affirmative claims***

Clear Spring v. Wello and Mom, LLC
Case No.: 1:21-cv-24234-RKA-ALTMAN
Response to Clear Spring Motion for Sanctions

**_against Clear Spring for damages for loss of the vessel_**.  This action **_had no affirmative claims by Wello at the time the Motion to Dismiss was briefed._**  Wello had **_not_** filed its Counterclaim or raised any affirmative claims in this action at the time that it instituted the State Action and at the time it filed its Motion to Dismiss *this* action.  Wello only brought its claims in this action **_after_** it was forced to by the dismissal of the State Action.   Thus, it cannot be said that the State Action was a "mirror image" of this action.  The only way that could be an accurate statement is if Clear Spring had brought its claims for declaratory relief in the State Action.  It did not.

Further, even though there was no issue of third-party tort liability in the State Action, that does not mean there was no underlying liability or underlying common facts that should have been determined in the state court before this Court could declare the rights of the parties.  Had the state court not dismissed the State Action, it would have needed to determine the facts –the cause of the Boat's sinking, who was liable for the loss, the circumstances surrounding the loss, and the value of the loss.  This Honorable Court could have then taken the facts as established in the State Action, and determined if one of the exclusions cited by Clear Spring applied.  Accordingly, regardless of whether this case and the State Action involved first-party claims or third-party tort claims, Wello had a good faith argument that the same considerations of ripeness and of federalism should apply.

Further, even *if* Clear Spring is correct that a first-party breach of contract claim between an insured and insurer could **_never_** be an "underlying action" whose pendency renders a declaratory action premature (Clear Spring cites to no authority establishing such a rule[3]), this Court could *still* have granted Wello's Motion to Dismiss and declined to exercise jurisdiction

---

[3] The sole case cited by Clear Spring in support of its definition of an "underlying action" is *Marr Investments Inc. v. Greco,* 621 So. 2d 447 (Fla. Dist. Ct. App. 1993), *as amended on reh'g* (May 19, 1993), which is a state court case that did not involve an underlying action, a determination of prematurity, or federal abstention principles. The term "underlying action" is not found in this case.  And, *Marr* was partially receded from in *State Farm Fire and Casualty Co. v. Higgins,* 788 So. 2d 992 (Fla. Dist. Ct. App. 2001).

Clear Spring v. Wello and Mom, LLC
Case No.: 1:21-cv-24234-RKA-ALTMAN
Response to Clear Spring Motion for Sanctions

over this case.  As Wello explained in the Motion to Dismiss, a federal court may decline jurisdiction over any declaratory action under 28 USC § 2201. *See* 28 U.S.C. § 2201(a) ("any court of the United States . . . ***may*** declare the rights and other legal relations of any interested party."); *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995).  Moreover, a federal court may dismiss or stay a declaratory action in the face of pending "parallel litigation" (not necessarily "underlying" litigation) "in the state courts." *Storick v. CFG, LLC*, 505 F. App'x 883, 884 (11th Cir. 2013) (citing *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1331 (11th Cir. 2005). The Motion to Dismiss thus presented a comprehensive analysis and argument as to why the *Ameritas* factors justified dismissing or staying this case, due to the pendency of the State Action, regardless of whether the State Action was an "underlying action" as Clear Spring defines that term. Accordingly, Wello raised a viable basis for dismissal or a stay in its Motion to Dismiss, which did not depend on how one qualitatively defines an "underlying action."

Finally, it is important to note that Wello did ***not*** argue in the Motion to Dismiss that Federal Court was the ***improper forum*** for Clear Spring's claims.  Wello never sought to send Clear Spring's claims to state court, or otherwise force it to bring its claims there.  Rather, Wello was simply asking that Clear Spring's declaratory claims be resolved ***after*** conclusion of the State Action, to save the parties the time, money, and risk of inconsistent rulings that comes with litigating two parallel lawsuits.  Regardless, once the state court dismissed the State Action, the entire issue was mooted.  Notably, because the issue was mooted, ***Clear Spring never prevailed on its arguments in response to the Motion to Dimiss.***

Equally importantly, Wello had what it believed at the time to be very good grounds to challenge the enforceability of the Policy's forum selection clause in the State Action.  As explained in D.E. #36-2, Wello argued in the State Action that the validity and enforceability of a

Clear Spring v. Wello and Mom, LLC
Case No.: 1:21-cv-24234-RKA-ALTMAN
Response to Clear Spring Motion for Sanctions

forum selection clause is a "procedural" matter and is thus determined in accordance with the law of the *forum*, rather than the law governing the contract. *Fendi S.r.l. v. Condotti Shops, Inc.*, 754 So. 2d 755, 757 (Fla. Dist. Ct. App. 2000). Thus, in Florida, even if the contract contains a choice of law provision the law of the forum state – Florida – is still used to determine whether the forum selection clause is valid and enforceable. *Golden Palm Hosp., Inc. v. Stearns Bank Nat. Ass'n,* 874 So. 2d 1231, 1234 (Fla. Dist. Ct. App. 2004). Relying on this authority, in the State Action, Wello argued that the validity and enforceability of the forum selection clause in the Policy was required to be determined in accordance with Florida law, without regard to the federal admiralty/New York choice of law provision contained in the Policy.

In Florida, a Florida court may generally decline to enforce a forum selection clause if it is shown to be unreasonable or unjust. *Land O'Sun Mgmt. Corp. v. Commerce and Indus. Ins. Co.*, 961 So.2d 1078, 1080 (Fla. Dist. Ct. App. 2007) (citing *Manrique v. Fabbri*, 493 So.2d 437, 440 (Fla.1986)). In fact, Florida has its own ***three-part test*** for evaluating whether or not to enforce forum selection clauses. *Haws & Garrett Gen. Contractors, Inc. of Ft. Worth v. Panhandle Custom Decorators & Supply, Inc,* 500 So.2d 204, 205 (Fla. Dist. Ct. App. 1986). The factors are:

> (1) that the chosen forum not be the result of unequal bargaining power by one of the parties; (2) that enforcement of the agreement does not contravene strong public policy enunciated by statute or judicial fiat in the forum where the litigation is required to be pursued or in the excluded forum; and (3) that the clause does not transfer an essentially local dispute into a foreign forum.

*Land O'Sun*, 961 So.2d at 1080. A clause violating one of these factors should not be enforced. *Id*.

In the State Action, Wello argued that the forum selection clause violated all three of the above factors, in particular factors (1) and (2). This is because (Factor 1) Wello had ***no bargaining power*** when negotiating the Policy – and (Factor 2) the forum selection clause resulted in Wello involuntarily and unknowingly waiving its right to a jury trial. *Pasteur Health Plan, Inc. v.*

Clear Spring v. Wello and Mom, LLC
Case No.: 1:21-cv-24234-RKA-ALTMAN
Response to Clear Spring Motion for Sanctions

*Salazar*, 658 So. 2d 543, 545 (Fla. Dist. Ct. App. 1995). And, separately from the above test, there was authority in Florida and Federal appellate case law that form contracts (including admiralty/maritime contracts) with non-negotiated forum selection (or other) clauses must reasonably communicate to the consumer the importance of the clause and its impact on legal rights. *Early Auction Co. v. Koelzer*, 114 So. 3d 1038, 1040 (Fla. Dist. Ct. App. 2013); *Hirsch v. Klosters Rederi A/S*, 521 So.2d 316, 317 (Fla. Dist. Ct. App. 1988); *Silvestri v. Italia Societa Per Azioni Di Navigazione*, 388 F.2d 11, 17 (2d Cir. 1968); *AquaChile, Inc. v. Williams*, 332 So. 3d 532, 536 (Fla. 388 F.2d 112021). Wello also argued in the State Action that the forum selection clause also violated these reasonable communication requirements, and was thus unenforceable.

As such, at the time that the State Action was being litigated, Wello believed in good faith that it had good grounds to bring an action for breach of the Policy against Clear Spring in the state court. Wello cannot be sanctioned for bringing the State Action against Clear Spring.

## VI.   WELLO'S STATEMENTS ARE NOT SANCTIONABLE

In addition to Clear Spring's argument that Wello "forum shopped" in bad faith, Clear Spring also asserts that Wello and the undersigned made "false and defamatory accusations concerning CLEAR SPRING's and Concept's[4] business practices." D.E. #108 P. 17. However, while Wello was litigating this case, Wello genuinely believed it was a victim of Clear Spring and felt deceived and taken advantage of. As argued by Wello in the summary judgment papers filed in this action, directly prior to the Policy at issue, Wello was insured by Great Lakes. Wello was provided with a "Renewal Application" for insurance by Concept directly prior to the issuance of the Policy at issue. Yet, Wello's insurance was not "renewed" with Great Lakes, but that Wello was then insured by a new carrier, Clear Spring, and the Policy was issued. One of the losses

---

[4] As a note, Concept is not a party to this action, and thus Clear Spring does not have standing to seek sanctions or attorney's fees on its behalf.

Clear Spring v. Wello and Mom, LLC
Case No.: 1:21-cv-24234-RKA-ALTMAN
Response to Clear Spring Motion for Sanctions

Wello did not report on the Renewal Application was a claim denied by none other than Great Lakes.  This was how Wello understood the facts.  Thus it was a mystery and a great concern to Wello that it was presented with a renewal application, but then its insurance was not actually renewed with Great Lakes.  From Wello's perspective at the time, this pattern of events was deceptive and misleading, and contributed to its omission of the prior losses on the Renewal Application.  It was also of great concern to Wello that it was – as a layperson – issued a Policy that had a New York choice of law provision.  Unbeknownst to Wello, New York law – which was used against it in this action - differs from Florida law when it comes to "technical breaches" of insurance policies.

Expressing concern and/or opinions that an insurance carrier is taking advantage of its insureds or has otherwise disagreeable business practices is certainly not, as Clear Spring suggests in the Motion, the equivalent of comparing a plaintiff's conduct to a "Nazi Concentration Camp" or calling a party "a killer" who could potentially carry out "target shootings" or who "prostitutes" other parties.  Mot. P. 18. This type of hyperbole is not only disrespectful to actual victims of those heinous crimes, but is itself frivolous. Wello's statements do not come anywhere near the type of statements made and conduct sanctioned in the cases cited by Clear Spring.[5]

## VII.   WELLO'S CONDUCT DOES NOT RISE TO THE LEVEL OF MISCONDUCT JUSTIFYING SANCTIONS

It is clear from the above that Wello's conduct in this action does not constitute misconduct, and certainly does not rise to the level of misconduct which meets the high standards required to

---

[5] *In re Roy Day Litig.*, 976 F. Supp. 1455, 1457 (M.D. Fla. 1995) ("Most of Day's filings express crude, racist, deranged, and delusional sentiments." And, Day was not sanctioned simply for his crude statements – he filed 62 actions, all of which were dismissed, and threatened judges); *Martins v. Royal Caribbean Cruises, Ltd.*, 431 F. Supp. 3d 1355, 1366 (S.D. Fla. 2019) (Martins "failed to proceed with trial," "failed to comply with *any* of the pretrial requirements or court orders leading up to the...trial," she "was put on express notice multiple times" about potential sanctions, etc. The comments she made "compared an alleged quarantine of Plaintiff's family to "Nazi Concentration Camps," referred to RCCL as a "killer" . . . and alleged that she has been "prostituted").

Clear Spring v. Wello and Mom, LLC
Case No.: 1:21-cv-24234-RKA-ALTMAN
Response to Clear Spring Motion for Sanctions

sanction an attorney under 28 U.S.C. 1927 or the Court's inherent authority. Critically, this Honorable Court never ruled on Wello's Motion to Dismiss this case on the merits – it was mooted. Accordingly, this Court cannot determine that Wello's arguments in the Motion to Dismiss would not have been meritorious if the State Action had not been dismissed. And, every argument that Wello made in this case *and* in the State Action was underpinned by substantial citation to authority and the record. Although this was a zealously litigated case, it was not litigated in bad faith. Wello actually suffered the total loss of its vessel. It cannot be faulted for defending itself and disputing the coverage denial.

As mentioned above, sanctions under 28 U.S.C. § 1927 and the Court's inherent authority "both require, in addition to objective frivolity, a finding that counsel engaged in conduct that was at least 'tantamount to bad faith.'" *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1180 (11th Cir. 2005). Both powers must only be wielded in instances of serious misconduct and with restraint and great discretion. There can be no question that the conduct complained of by Clear Spring here fails to meet these exacting standards. The cases cited by Clear Spring as examples of sanctions either have far more egregious conduct or are distinguishable.[5,6]

Finally, there was no unreasonable or vexatious multiplication of proceedings caused by Wello's filing of the Motion to Dismiss this action or its pursuit of the State Action. Wello filed

---

[6] *See Vaughan v. Lewisville Indep. Sch. Dist.*, 62 F.4th 199, 208 (5th Cir. 2023) (during deposition, "[t]he attorneys questioned school board members on a range of topics that bear little relevance to a voting rights lawsuit, including a separate Title IX suit against the school district, claims of sexual harassment at a school, state standardized testing, mental health accommodations for students during standardized testing, and board members' individual views on policy topics such as allowing teachers to carry guns on campus."); *Reliable Salvage and Towing, Inc. v. Bivona*, 476 Fed. Appx. 852 (11th Cir. 2012) (party defended against salvage claim despite **conceding** in testimony that claimant was "entitled to payment," that it was his "obligation" to pay if insurance did not, conceded that the claimant was owed a salvage fee, and never contested the amount billed as unreasonable); *JSM Marine LLC v. Gaughf*, 407 F.Supp.3d 1358 (S.D. Ga. 2019) (raised irrelevant criminal charges in a non-existent defense to a salvage claim, failed to admit basic facts, failed to dispute the success of the salvage, submitted a sham declaration in summary judgment filings that contained statements contradicting prior testimony and admissions, etc.)

Clear Spring v. Wello and Mom, LLC
Case No.: 1:21-cv-24234-RKA-ALTMAN
Response to Clear Spring Motion for Sanctions

but a single motion to dismiss in this action – motions to dismiss are filed routinely in almost every court action – for which Clear Spring had to file but one response.  Oral argument was not even necessary on the Motion to Dismiss due to the ultimate mooting of the motion.  There was minimal delay in this action due to the Motion to Dismiss – in fact, less than three (3) months passed between the March 22nd, 2022 filing of the Motion to Dismiss (D.E. #14) and the Court's July 5th, 2022 ruling on same (D.E. #14). After that, there was minimal litigation. The parties conducted discovery, attended mediation, and filed competing motions for summary judgment – that is it. Nothing out of the ordinary.  By March 17th, 2023 – less than a year after the Motion to Dismiss was filed, the motions for summary judgment were fully briefed, and the Court stayed the case pending its ruling on same. D.E. #95. Then, this case was disposed on summary judgment.

There was simply no bad faith, misconduct, or vexatious litigation on the part of Wello or its counsel. Wello had good reason and a solid basis for each motion, response, and reply it filed throughout this action and the State Action, as explained in the filings and in this Response.  There was no knowing or reckless pursuit of frivolous claims by Wello, and no obstruction of any other claim in this action.  Wello's filings and arguments in this case are, on their face, not sanctionable.

### E.  CONCLUSION

Clear Spring's Motion must be denied because (i) it violates Local Rule 7.3; (ii) Clear Spring cannot seek in *this* action, an award attorney's fees and costs incurred in the *State Action*; (iii) the Motion to Dismiss and State Action were brought in good faith and not as part of a "forum shopping scheme"; (iv) Wello should not be sanctioned for opinion statements of Clear Spring's conduct, and (v), Wello's conduct does not rise to the high standards for sanctions

### REQUEST FOR ORAL ARGUMENT AND EVIDENTIARY HEARING

In the event that this Honorable Court does not outright deny the Motion for Sanctions for

Clear Spring v. Wello and Mom, LLC
Case No.: 1:21-cv-24234-RKA-ALTMAN
Response to Clear Spring Motion for Sanctions

failing to comply with Local Rules, for seeking attorney's fees and costs caused by filings and arguments in separate cases before the state court, and for on its face failing to cite to any sanctionable conduct, Wello and the undersigned counsel respectfully request oral argument and an evidentiary hearing on the Motion, of at least 4 hours.  Oral argument and an evidentiary hearing is desired and would be helpful to the Court because there must be "clear and convincing evidence of bad faith" in order for a Court to use its inherent power to sanction. *JTR Enterprises, LLC*, 697 F. App'x at 986.  "Like other sanctions, attorney's fees certainly should not be assessed lightly or without fair notice and an opportunity for a hearing on the record." *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 767 (1980). Moreover, "[n]otice and a hearing should precede imposition of a sanction under § 1927." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 638 (9th Cir. 1987); *United States v. Blodgett*, 709 F.2d 608, 610 (9th Cir. 1983) ("counsel should be provided an opportunity to explain his conduct.").  "The district court must also make detailed factual findings that "(1) identify sanctionable conduct and distinguish it from the reasons for deciding the case on the merits, (2) link the sanctionable conduct to the size of the sanctions, and (3) differentiate between sanctions awarded under different statutes" to facilitate review on appeal." *Vaughan v. Lewisville Indep. Sch. Dist.*, 62 F.4th 199, 207 (5th Cir. 2023). A hearing would assist with making these factual findings. All in all, Clear Spring should be required to prove its claims of bad faith as well as substantiate with specificity the attorney's fees and costs it seeks to recover, and Wello and counsel deserve an opportunity to rebut those claims and explain their conduct.

**WHEREFORE**, Wello respectfully requests that this Court enter an Order DENYING Clear Spring's Motion for Sanctions.

MM | MARTINEZ MORALES
*Attorneys at Law*

*2600 S. Douglas Road, Suite 305, Coral Gables, FL 33134, T: 305-501-5011, F: 786-272-7997*

Clear Spring v. Wello and Mom, LLC
Case No.: 1:21-cv-24234-RKA-ALTMAN
Response to Clear Spring Motion for Sanctions

DATED: April 9th, 2025

Respectfully submitted,
MARTINEZ MORALES
2600 S. Douglas Road, Suite 305
Coral Gables, FL 33134
T: 305-501-5011
F: 786-272-7997
rmorales@mmlawfl.com
abousalis@mmlawfl.com

By: */s/ Raul Morales*

**RAUL MORALES**
**FBN: 065307**
**ANGELA BOUSALIS**
**FBN: 111379**

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on all counsel of record on April 9th, 2025, via the CM/ECF system.

By: */s/ Raul Morales*

**RAUL MORALES**
**ANGELA BOUSALIS**

21