**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**IN ADMIRALTY**

**CLEAR SPRING PROPERTY AND**
**CASUALTY COMPANY**,

    Plaintiff,

vs.                                                                                           Case No. 1:21-cv-24234-RKA

**WELLO AND MOM, LLC**,

    Defendant.
_____/

## REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR SANCTIONS

COMES NOW the Plaintiff, CLEAR SPRING PROPERTY AND CASUALTY COMPANY (hereinafter "CLEAR SPRING"), by and through its undersigned counsel, and files this its Reply in Support of Plaintiff's Motion for Sanctions, and further thereto would respectfully state as follows:

## ARGUMENT

The Defendant's Response to Plaintiff's Motion for Sanctions [ECF No. 117] (hereinafter "the Response") admits that it (or its counsel) deliberately set upon a plan to have this action dismissed so that the same coverage issues could be litigated in state court before a jury, recognizing that WELLO has no right to a jury trial in this action;[1] thus WELLO and its counsel boldly admit to bad faith and forum shopping in this litigation and their motivation in doing so.

Most significantly, WELLO's Response continues in its bad faith, reckless assertion that

---

[1] *See* Response, ECF No. 117 at 2 (claiming it [WELLO] had been "stripped… of its fundamental right to a jury trial" because "[i]n federal admiralty court, there is no right to a jury trial.")

1

the state court action was an "underlying action" and that this Court should have declined jurisdiction on that basis. *See* ECF No. 117, at 12. Incredibly, WELLO maintains that they might have succeeded because, they claim, the Florida Supreme Court did not address the merits of their appeal. *Id*., at 3. Had the Florida Supreme Court not declined jurisdiction, it is certain WELLO would be continuing its attempts at forum shopping; indeed, their harassment of CLEAR SPRING's agent, Concept Special Risks Ltd., is ongoing.

As for their sanctionable comments about CLEAR SPRING's business practices, they are unchastened – though interestingly all such comments are now couched in terms of mere "opinion." *See id*., at 5 ("Wello expressed the opinion that Clear Spring acted deceptively and in bad faith in its business with Wello.") However, such half measures are too little, too late.

1. **WELLO Admits to Forum Shopping and Continues to Maintain that the Forum Selection Clause is "Irrelevant"**

It is clear that WELLO, or its counsel, have absolutely no remorse regarding their attempted forum shopping. Incredibly, WELLO claims that it "never sought to send Clear Spring's claims to state court, or otherwise force it to bring its claims there." ECF No. 117, at 14. This is patently false because, as WELLO admits, their state court action "involve[ed] the same parties and the same loss of the same vessel." *Id*., at 12. In addition, WELLO's Response asserts that the Policy's forum selection clause was "immaterial" to its motion to dismiss, when in fact nothing could be more relevant. *See* ECF No. 117, at 12. WELLO argues that the Policy's forum selection clause is unenforceable, using the same arguments which obviously failed to persuade the state court. WELLO argues that the enforceability of a forum selection clause is a procedural matter, and therefore subject to the laws of the forum (i.e., Florida law) rather than the law governing the contract. *See id.*, at 15. WELLO's legal argument in this regard is at the very least demonstrative

2

of a reckless disregard for the applicable law on the subject, if not an outright example of bad faith in misrepresenting the state of the law to this Court. WELLO's argument ignores the overwhelming case law which holds that forum selection clauses in maritime contracts are subject to federal admiralty law; this would be so even if the Policy's forum selection clause did not explicitly call for the application of federal admiralty law (or New York law in the absence of an applicable rule of federal admiralty law).

First, WELLO acknowledges that the forum selection clause does not actually contain a jury trial waiver, but argues that it essentially functions as one because, they claim, they were denied their right to a jury trial without notice after CLEAR SPRING filed the declaratory judgment action in admiralty. ECF No. 117, at 15. WELLO goes on to continue to argue that Florida law and arguments regarding state public policy should have ruled the day. *Id.* ("Florida has its own ***three-part test*** for evaluating whether or not to enforce forum selection clauses."

Contrary to Defendant's argument, WELLO – or its counsel – must have known that they were permitted to file suit in federal court in diversity per 28 U.S.C. § 1332 and seek a jury trial per the "savings to suitors" clause 28 U.S.C. § 1333(1). *See Steele v. Tynda Holdings, LLC*, No. 618CV01315CEMLRH, 2019 WL 13247299, at *2 (M.D. Fla. Aug. 12, 2019) (discussing options available to plaintiffs with admiralty claims). Even if WELLO had filed as a plaintiff in admiralty, the United States Supreme Court has expressly stated that "neither [the Seventh] Amendment nor any other provision of the Constitution forbids [jury trials]," *Fitzgerald v. U.S. Lines Co.*, 374 U.S. 16, 20 (1963) ("Nor does any statute of Congress or [r]ule of [p]rocedure, [c]ivil or [a]dmiralty, forbid jury trials in maritime cases."). *See Steele*, 2019 WL 13247299, at *3 (denying defendant's motion to strike plaintiff's jury demand where plaintiff filed in admiralty). The Third District Court

of Appeals of Florida (the exact same state court of appeals which heard, and rejected, WELLO's appeal of the state court dismissal) had already reached a similar decision in *M.Z. v. Carnival Corp.*, 239 So. 3d 756, 758 (Fla. 3d DCA 2018), where it affirmed the lower court's dismissal of the complaint as having been filed in contravention of a federal forum selection clause in a cruise ship ticket, where there was no evidence "the plaintiffs w[ould] be mistreated or short-changed by the judges of the United States District Court… or that the judges w[ould] routinely deny… jury trials if requested."

WELLO fails to note that the Third DCA already considered a case with a similar forum selection clause which limited the filing of suit to the federal court and rejected the plaintiffs' argument that they had not been told that they may not have had a right to a jury trial as a result, i.e., the same argument WELLO makes now, stating that

> under federal maritime law, the passengers in these cases received the notice to which they were legally entitled.... There is no requirement under general maritime law that ticket recipients be advised of any unstated ramification of those limitations.

*Leslie v. Carnival Corp.*, 22 So.3d 567, 574 (Fla. 3d DCA 2009) (Shepherd, J., concurring) (emphasis added). As in *Leslie*, there is no evidence in the record of bad faith motive, fraud, or overreaching on the part of CLEAR SPRING, or that WELLO has been "mistreated or short-changed" by this Court. *Id*. To the contrary, WELLO had a chance to file its own motion for summary judgment in this matter.

Contrary to WELLO's entire argument, which is based on a supposed tension between admiralty procedure in federal court and the Florida Constitution, it is federal maritime law and not state substantive law that governs the enforceability of forum selection clauses. *See Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 590(1991) ("[T]his is a case in admiralty, and federal

4

law governs the enforceability of the forum-selection clause we scrutinize."); *Milanovich v. Costa Crociere, S.p.A.*, 954 F.2d 763, 766 (D.C. Cir. 1992) (stating a cruise ticket is a maritime contract and the law to be applied is general federal maritime law).

The continued viability and applicability of the federal rule concerning enforcement of forum selection clauses was recently affirmed in a unanimous decision from the Supreme Court of the United States, which held:

> The Court has pronounced that forum-selection clauses in maritime contracts are "prima facie valid" under federal maritime law and "should be enforced unless" doing so would be " 'unreasonable' under the circumstances." The Bremen v. Zapata Off-Shore Co., 407 U. S. 1, 10, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972); see also Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 593–594, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991). Like choice-of-law provisions, forum-selection clauses respect "ancient concepts of freedom of contract." The Bremen, 407 U. S., at 11, 92 S.Ct. 1907. And like choice-of-law provisions, forum-selection clauses have "the salutary effect of dispelling any confusion" on the manner for resolving future disputes, thereby slashing the "time and expense of pretrial motions." Carnival Cruise, 499 U.S., at 593–594, 111 S.Ct. 1522.

*Great Lakes Ins. SE v. Raiders Retreat Realty Co., LLC*, 601 U.S. 65, 71–72 (2024).

### 2. **WELLO's Comments Are Sanctionable**

WELLO and or its counsel seek to walk back their sanctionable comments by referring to them as mere "opinion." ECF No. 117, at 16 (claiming that "[e]xpressing concern and/or opinions that an insurance carrier is taking advantage of its insureds or has otherwise disagreeable business practices" is not sanctionable). By such action, WELLO admits that their prior comments were not expressed as opinion but were in fact repeatedly presented as facts, and each time without citation to any record evidence, for indeed none existed. However, contrary to WELLO's argument, "[a]n attorney should not be an unreflecting conduit through which the opinions or desires of a client or witness are permitted to flow unchecked." *Thomas v. Tenneco Packaging Co*., 293 F.3d 1306,

5

1327 (11th Cir. 2002) (affirming district court's order awarding sanctions). Even if such comments were originally couched as opinions (whey were not), they would still be sanctionable.

3. **CLEAR SPRING Seeks Attorney's Fees Only Per 28 U.S.C. § 1927 and the Inherent Authority of this Court, Not FRCP 11**

CLEAR SPRING'S Motion for Sanctions was not made pursuant to Rule 11 of the Federal Rules of Civil Procedure, and as such, any failure to comply with the "safe harbor" provision or proof of time sheets is irrelevant. However, should the Court wish to review CLEAR SPRING's counsel's time sheets, the undersigned will be more than glad to provide those.

Rather, CLEAR SPRING is seeking attorney's fees only per 28 U.S.C. § 1927 and the inherent authority of this Court. The actions of WELLO and/or its counsel very obviously mislead this Court, and resulted in the setting of the June 10th status conference [*see* ECF No. 28], in which the Honorable Judge Altman seemed to indicate that he found WELLO's arguments persuasive. The Court had obviously been mislead by statements made by counsel for WELLO during that status conference, in which opposing counsel again referred to its state court action as an "underlying action" and failed to note the dispositive fact of the Policy's forum selection clause. By definition, in the context of a declaratory judgment action or other action to determine insurance coverage, an "underlying action" refers to a third-party liability action for which the insured is seeking defense and indemnity. *See*, *e.g.*, *Mt. Hawley Ins. Co. v. Brickell on the River S. Tower Condo. Ass'n, Inc.*, 474 F. Supp. 3d 1284, 1290 (S.D. Fla. 2020) (finding a request for a declaration as to indemnity obligation premature and staying that request until the resolution of the underlying suit); *Smithers Const., Inc. v. Bituminous Cas. Corp.*, 563 F. Supp. 2d 1345, 1348 (S.D. Fla. 2008) (same). WELLO continues to maintain that its state court action could be deemed an "underlying action" because, it claims, the state court action could have resolved "underlying liability or

6

underlying common facts," including "who was liable for the loss." ECF No. 117, at 13. This is patently false, or at the very least an attempt at clever word-play by opposing counsel; WELLO sought to find CLEAR SPRING liable for coverage under the Policy; they were not seeking to find a third-party liable for the loss.

## **CONCLUSION**

Clearly, WELLO and its counsel have shown absolutely no remorse for their unethical behavior. CLEAR SPRING is not necessarily seeking reimbursement of its specific costs; rather, CLEAR SPRING respectfully urges this Court to award some amount of attorney's fees for the actions of WELLO as described above. If nothing else, some financial penalty is critical in dissuading this type of action from occurring in the future.

WHEREFORE, Plaintiff CLEAR SPRING PROPERTY AND CASUALTY COMPANY requests that this Court compensate it for Defendant's and/or it's counsel's bad faith litigation tactics in this litigation and sanctionable comments, and to award any and all such further relief as may be appropriate in the premises.

[SIGNATURE BLOCK ON NEXT PAGE]

Dated:       April 30, 2025
             Fort Lauderdale, Florida

                                   Respectfully submitted,

                                   THE GOLDMAN MARITIME LAW GROUP
                                   *Attorneys for Plaintiff*
                                   401 East Las Olas Boulevard
                                   Suite 1400
                                   Fort Lauderdale, FL 33301
                                   Tel (954) 356-0460
                                   Fax (954) 832-0878
                                   Cel (617) 817-1887
                                   jacquie@goldmanmaritime.com

                                   By: /s/ Jacqueline Jurist-Schoen
                                   JACQUELINE JURIST-SCHOEN
                                   FLA. BAR. NO. 1005573

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 30, 2025 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send an electronic Notice of Filing to all counsel of record.

Raul Morales, Esq.
Cristina Salem, Esq.
MARTINEZ MORALES
2600 S. Douglas Road, Suite 305
Coral Gables, FL 33134
T: 305-501-5011
F: 786-272-7997
rmorales@mmlawfl.com
csalem@mmlawfl.com

        THE GOLDMAN MARITIME LAW GROUP
        *Attorneys for Plaintiff*
        401 East Las Olas Boulevard
        Suite 1400
        Fort Lauderdale, FL 33301
        Tel (954) 356-0460
        Fax (954) 832-0878
        Cel (617) 817-1887
        jacquie@goldmanmaritime.com

        By: /s/ Jacqueline Jurist-Schoen
        JACQUELINE JURIST-SCHOEN
        FLA. BAR. NO. 1005573